# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW RULNICK, ▮ RULNICK, ▮ RULNICK, and ▮ RULNICK, & REBECCA DONAHUE**<br>*Plaintiffs*<br><br>v.<br>**STATE OF ARIZONA ET AL.**<br><br>*Defendants* | **CV-24-02611-PHX-DJH**<br><br>Assigned to the<br>Honorable Diane J Humetewa<br><br>**PLAINTIFFS' MOTION TO RETAIN CASE, FOR REASONABLE ACCOMMODATIONS, AND FOR SERVICE BY U.S. MARSHAL** |

**Comes now Plaintiff Andrew Jacob-Sandman Sayers Rulnick, proceeding *pro se*, and urgently moves this Honorable Court to retain his case, grant reasonable accommodations pursuant to the Americans with Disabilities Act (ADA), and order service of process by the United States Marshal Service. Plaintiff further requests a stay on any potential order of dismissal pending a ruling on this Motion and a status conference to address the matters raised herein.**

**I. INTRODUCTION**

Plaintiffs' federal lawsuit details a harrowing pattern of systemic discrimination, abuse of process, and parental alienation perpetrated against them by state and local actors in Arizona. This Court is now presented with a unique opportunity to rectify these injustices, protect Plaintiffs' rights, and ensure that the voices of marginalized individuals, particularly those with disabilities, are heard. Plaintiff Andrew Rulnick's heritage as a member of the Chippewa tribe, with familial ties to the Ohlone people through his great aunt, Ann Marie Sayers, further underscores the importance of this Court upholding the principles of fairness, equality, and respect for all individuals, regardless of their background or their perceived differences. While Plaintiffs Andrew Rulnick, Asher, Jonah, and Hana Rulnick are not formally registered members of a tribe, their deep connection to this heritage is a significant part of their identity and should be considered by this Court. Plaintiff Andrew Rulnick's mixed religious upbringing (Jewish and Catholic) further informs his perspective on the importance of religious tolerance and his commitment to fighting discrimination. This case has not yet been dismissed, and

Plaintiff is working diligently to cure any perceived deficiencies and prevent this Court from improperly dismissing it due to the extraordinary circumstances detailed below.

## II. BACKGROUND

This lawsuit was initially filed in the U.S. District Court for the Northern District of Ohio due to Plaintiff Andrew Rulnick's residency in that jurisdiction. The case was subsequently transferred to this Court. Critically, this transfer, occurring while Plaintiff was actively seeking to prevent eviction in Ohio, directly contributed to the cascade of events that followed. The subsequent denial of accommodations by the Arizona court system, combined with the Defendants' bad faith tactics, resulted in Plaintiff's wrongful eviction. Specifically, the added stress and disruption of the transfer, compounded by the Arizona court system's historical and ongoing failure to provide accommodations, created insurmountable obstacles for Plaintiff Andrew Rulnick, a *pro se* litigant with a disability. The experience in the Barberton Municipal Court further solidified and cemented the prejudice against Plaintiff's disability, including their failure to recognize the Plaintiff's attempts to file for accommodations, as detailed in the Summit County Court of Common Pleas filing (Case No. CV-2024-07-2888). Plaintiff has filed suit against Redwood Living, Inc. and Copley Township in the Court of Common Pleas, Summit County, Ohio (Case No. CV-2024-07-2888) seeking damages for the harm caused by their discriminatory and abusive conduct, their failure to provide reasonable accommodations, their role in a wrongful eviction and prejudice/harms caused by Copley Township that interfered with the Plaintiff's ability to act in this matter. Plaintiff has been the target of a barrage of swatting, lawfare, and prejudice by police. There are something like 5,000+ pages that the cities *et al.* have in their possession in their pursuit to persecute Plaintiff. Copley Township only picked up where they left off, and while that's being dealt with, it did delay Plaintiff's ability to focus and derailed his ability to think clearly as an autistic person. Plaintiff was ultimately forced to move from all the harassment, now living in Akron, Ohio 44303, the place he grew up.

This separate lawsuit in Ohio demonstrates the extensive harm Plaintiff has suffered and the need for this Court to address the underlying issues of discrimination and denial of his rights. Plaintiff is currently appealing a Barberton Municipal Court ruling, which he believes was prejudiced due to the lack of accommodations afforded to him during those proceedings, and will be seeking a stay of execution, but the ultimate outcome of those proceedings does not diminish the importance of the claims before this Court. Courts cannot and should not be permitted to undermine the Plaintiff's right to access. Where is all this money being dumped into these public offices for ADA/Title II going exactly, what is it being used for? Plaintiff's most recent interaction in the exhibit with the Head of the Superior Clerk of Court (Exhibit 4) shows no accommodations or considerations are given. Just a brush-off, whereas in stark contrast, in Ohio, upon his first appearance,

accommodations are ordered at the outset of proceedings, and further accommodations were provided by the clerk of courts. Plaintiff provides a courtesy copy of the orders by Ohio's Court of Common Pleas as a model or example of what is a good starting point for what is supposed to be an interactive process as defined by the ADA. For seven years, Plaintiff has pleaded with virtually every judge, every judicial assistant, and every clerk for accommodations, only to be denied, ignored, and prejudiced. That this Court's own Clerk's office still demonstrates such blatant disregard for the ADA and Title II requirements is truly appalling, especially given the well-documented history of discrimination against individuals with disabilities within the Arizona court system. Plaintiff's attempts to file for *in forma pauperis* status and his Motion for Accommodations with this Court were rejected because the Clerk's office would not accept electronic filings and insisted on receiving documents by mail, demonstrating a further denial of accommodations and disregard for Plaintiff's rights.

### III. MOTION TO RETAIN CASE

Plaintiff respectfully requests that this Court retain his case and allow it to proceed. The delay in service was a direct result of the Court's transfer of the case, which interrupted Plaintiff's urgent legal proceedings in Ohio to protect his housing. This delay, coupled with the Arizona courts' failure to provide reasonable accommodations and the Defendants' bad faith tactics in evading service, created insurmountable obstacles for Plaintiff, a *pro se* litigant with a disability, ultimately resulting in his wrongful eviction. This Court should not allow the Defendants to benefit from their misconduct and the Court's own procedural errors by dismissing this case based on a technicality. Plaintiff has demonstrated his commitment to pursuing his claims by actively litigating the matter in the Court of Common Pleas, Summit County, Ohio, and challenging the Barberton Municipal Court's ruling. Plaintiff's efforts to comply with this Court's procedures, despite the lack of accommodations and the obstructive tactics of the Defendants, should be commended, not penalized.

### IV. MOTION FOR REASONABLE ACCOMMODATIONS

Plaintiff Andrew Rulnick has High-Functioning Autism Spectrum Disorder (HFASD) and requires reasonable accommodations to ensure his full and equal participation in these proceedings. These accommodations are essential for him to effectively communicate, process information, and manage the stress and anxiety associated with legal proceedings, especially given the intensely personal and emotionally charged nature of this case, which involves his children and parental rights. Plaintiff has attached Exhibits 1A through 1E, which document his current financial hardship and his disability. Plaintiff has also attached Exhibit 3, an order from the Court of Common Pleas, Summit

County, Ohio, demonstrating that Court's recognition of his disability and granting him accommodations.

While this Order serves as a useful starting point, Plaintiff respectfully requests that this Court engage in an interactive process, as defined by the ADA, to fully assess and address Plaintiff's accommodation needs. This process should consider not only the accommodations granted by the Ohio court but also Plaintiff Andrew Rulnick's individual circumstances, the specific demands of this litigation, and any barriers to access he may encounter. The years of prejudice and denial of accommodations experienced by Plaintiff in Arizona courts underscore the urgent need for this Court to act decisively to protect Plaintiff's rights.

Plaintiff respectfully requests that this Court order Defendants Nicole Smedley and Breanna Ritchey to facilitate daily phone or video calls between Plaintiff Andrew Rulnick and his children, Asher, Jonah, and Hana Rulnick, via Google Meets, each evening at 10:00 PM EST. Given the approaching holidays, Plaintiff Andrew Rulnick's upcoming birthday on November 7th, and the extended period during which he has been denied any contact with his children, restoring this essential communication link between a father and his children is of paramount importance. Furthermore, Plaintiff respectfully requests that this Court grant him permission to file all documents and pleadings electronically, whether by email, uploading through the CM/ECF system, or as otherwise directed by the Court. This accommodation recognizes Plaintiff's difficulty in navigating traditional filing systems, especially given his disability and the fact that many court systems and e-filing platforms, including those used in Arizona, fail to comply with ADA accessibility standards. This accommodation would alleviate a significant barrier to access and ensure Plaintiff's ability to participate fully and effectively in these proceedings.

### V. MOTION FOR SERVICE BY U.S. MARSHAL

Given the defendants' documented history of evading service and their unwillingness to cooperate with reasonable requests, Plaintiff respectfully requests that this Court order service of process by the United States Marshal Service. Defendants have repeatedly played games, lied about being served, and intentionally obstructed the legal process. Plaintiffs have attached exhibits demonstrating their bad faith conduct and their deliberate attempts to evade service. Furthermore, Plaintiffs' financial hardship, largely caused by the defendants' actions, makes it impossible for them to afford the costs associated with private process servers. Service by the U.S. Marshal Service is necessary to ensure that all defendants receive proper notice of the lawsuit, that Plaintiff's right to

access the courts is protected, and that justice can be served. Plaintiffs are confident that discovery will further reveal Defendants' bad faith conduct and their deliberate attempts to evade service. This necessitates the intervention of the U.S. Marshal Service to ensure that all Defendants receive proper notice of this lawsuit and are held accountable for their actions. Plaintiff has multiple exhibits to be admitted where he has repeatedly tried to engage the public officials and their lawyer(s) to accept service, and/or waivers, and they have either repeatedly ghosted Plaintiff or dodged any efforts of service. Altogether, Plaintiff has spent over $110,000+ in legal services, between Keith Berkshire's law firm and the services he's procured over the past seven years. He always followed local rules, until now where he can no longer afford even certified mail, due to the extreme financial hardship caused by the Defendants' actions. Plaintiff has attached exhibits as proof of his hardship which include notarized copies of his bank records and evidence of his outstanding debts. He attempted to move in Ohio's District Circuit for *Leave to Proceed In Forma Pauperis*, for accommodations, and to notify the court of his new address, to no avail because all motions were considered mooted and not transferred with the transfer of this case into Arizona's care.

### VI. ARGUMENT

1. **Jurisdictional Considerations:** This Court must not allow technicalities to obstruct justice. Plaintiff's case was transferred from Ohio while he was actively seeking an injunction to prevent eviction—a process directly disrupted by the transfer itself. The subsequent denial of accommodations by the Arizona courts and the defendants' bad-faith tactics created insurmountable obstacles for Plaintiff, a *pro se* litigant with a disability, ultimately resulting in his wrongful eviction. Dismissing this case based on these circumstances would reward the Defendants for their misconduct and only compound the injustice Plaintiff has already suffered. The fact that Plaintiffs are not formally registered tribal members should not diminish the importance of their heritage or their right to equal protection under the law.

2. **Systemic Discrimination and Abuse of Process:** Plaintiff Andrew Rulnick has endured a pattern of discrimination, harassment, and abuse of process at the hands of Arizona officials and private actors, including his ex-wives, the Copley Police Department, Redwood Living, Inc., and their attorneys. These actions, detailed in the attached exhibits and Plaintiff's federal Complaint, constitute a blatant disregard for Plaintiff's rights and his disability. The State of Arizona has compounded this abuse by stacking 15 misdemeanor charges against Plaintiff, allegedly for exceeding message length limits, demonstrating the absurdity and vindictive nature of their actions. Furthermore, a significant portion of the harassment and lawfare Plaintiff has endured has been scheduled or initiated during Jewish holidays, including the egregious incident of Copley Police officers showing up at his residence on the eve of Yom Hashoah. These actions

demonstrate a callous disregard for Plaintiff's religious beliefs and add another layer of prejudice to the already hostile environment he has faced. Despite Plaintiff's repeated and public statements about the importance of these holidays to him, the Defendants, including his ex-wives and Arizona officials, have continued this pattern of targeted harassment, showing a deliberate intent to inflict emotional distress.

3. **Compelling Public Interest:** Plaintiff Andrew Rulnick is a highly skilled computer scientist and AI researcher whose work has significant implications for national security and public safety. His contributions to open-source technology, including significant contributions to Google Chrome, WordPress Core (which powers over half the internet), Google mod_pagespeed, and innovative work with transformer models and AI, have benefited countless individuals and organizations worldwide. His current research in hive-mind drone technology and augmented supercomputer intelligence is of vital importance to national security and could revolutionize numerous fields. The defendants' actions have unjustly interrupted and undermined this vital work, causing significant harm not only to Plaintiff, but also to society as a whole. There is now a video identified on 10/30/2024 of the Mesa officer dislocating Plaintiff's elbow. That should be considered as part of the damages, fear of lynching, and PTSD the Plaintiff suffers.

4. **Bad Faith and Prejudice:** Defendants' conduct, including their evasion of service, their refusal to waive service, their broken promises regarding accommodations, and their attempts to manipulate and delay the legal process, demonstrates their bad faith and their deliberate intent to prejudice Plaintiff's case. Plaintiff has made numerous documented attempts to contact Defendants and secure waivers of service, clearly demonstrating their awareness of this lawsuit and their deliberate attempts to evade their legal obligations. (See Exhibit [Number] demonstrating harassing communications from Defendant John Smedley). For years, Plaintiff Andrew Rulnick has been subjected to discriminatory practices by Arizona courts, specifically related to their inaccessible filing systems and arbitrarily low 7mb file size limits for electronic documents. These limitations have created significant barriers to access, preventing Plaintiff from effectively participating in legal proceedings and compounding the prejudice caused by the denial of reasonable accommodations. Plaintiff has repeatedly attempted to seek relief from these discriminatory practices but has been met with indifference and a refusal to acknowledge the harm caused by these seemingly minor, yet incredibly debilitating obstacles. The stark contrast between the Arizona court system's archaic and restrictive practices and the more accessible systems used in federal courts (such as the 100MB file size limit for PACER) highlights the urgent need for reform and accountability. This Court should consider this history of prejudice when evaluating the Defendants' conduct and the need for a change of venue to a more equitable forum. This pattern of discrimination continues to this day, as evidenced by Plaintiff Andrew Rulnick's recent attempts (attached as Exhibit 4) to communicate with the Clerk of the Superior Court, Kimberly Clark,

regarding his need for accommodations in filing documents. Despite Plaintiff's clear explanation of his disability and the challenges he faces with the Court's inaccessible systems, Ms. Clark refused to offer any assistance or accommodations and instead directed Plaintiff to follow standard procedures, further demonstrating a disregard for his rights and a failure to engage in the interactive process required by the ADA.

5. **Severe Emotional Distress and Financial Devastation:** The constant harassment, legal battles, and the denial of basic rights have taken a severe emotional toll on Plaintiff, exacerbating his disability-related challenges and leading to a significant decline in his mental and physical health. Despite Plaintiff's sound mental health, other than his autism diagnosis, Defendants have repeatedly and falsely questioned Plaintiff's mental stability without any legitimate basis or justification, causing further emotional distress. As a direct result of the Defendants' actions, Plaintiff has been financially devastated and is now seeking disability benefits from the Social Security Administration.

6. **Importance of Tribal Heritage:** Plaintiff's Chippewa heritage, connected to the Ohlone people through his great aunt Ann Marie Sayers, further emphasizes the historical and ongoing struggle for justice and equality faced by indigenous communities. This Court should recognize the significance of Plaintiff's heritage and his commitment to advocating for the rights of all marginalized individuals, and the commitments Arizona and the United States made to our people—not to destroy or suppress our records, not to separate children wrongfully from their other parents, especially on the basis of disabilities and lies made by the defendants.

7. **Prejudice in Arizona Court System:** The clear and consistent denial of reasonable accommodations by Arizona courts, compared to the immediate granting of accommodations by the Ohio Court of Common Pleas (Exhibit 3), demonstrates the deep-seated prejudice and lack of accessibility within the Arizona legal system. This Court, presided over by Arizona's first Native American federal judge, should recognize the injustice of this disparate treatment and take decisive action to ensure that Plaintiff receives a fair and impartial hearing in this matter. The DOJ, in reviewing Plaintiff's claims of systemic discrimination and considering the blatant contrast between the Arizona and Ohio courts' approach to accessibility and accommodation, may well recognize the strength of Plaintiff's case and the potential for a favorable settlement. Plaintiff urges this Court to allow this case to proceed so that the full extent of the prejudice can be brought to light, potentially motivating the DOJ and Arizona to seek a resolution rather than face prolonged and costly litigation. Plaintiff also believes Google, as a major player in the technology industry and a company directly impacted by the State of Arizona's interference with his research, should be made aware of these egregious violations of his rights and the potential negative consequences for innovation and collaboration. Plaintiff intends to provide Google Legal with a copy of his filings to

ensure they are informed of the situation and can take appropriate action to protect their own interests.

8. **Obstruction of Justice:** The State of Arizona and its agents have engaged in a systematic effort to obstruct justice and deny Plaintiff access to crucial records and information. This includes repeated failures to respond to public records requests, delays in providing requested documents, and stonewalling tactics designed to impede Plaintiff's ability to pursue his claims. This conduct is consistent with Arizona's well-documented history of destroying records and withholding information, particularly from indigenous individuals and those who challenge the state's authority.

9. **Parental Alienation and Interference with Parent-Child Relationship:** The defendants' actions, including the denial of reasonable accommodations, the malicious prosecution, and the ongoing harassment, have not only harmed Plaintiff Andrew Rulnick but have also had a devastating impact on his relationship with his children. Plaintiff has been unjustly separated from his children for an extended period, and his ex-wives, Nicole Smedley and Breanna Ritchey, have actively interfered with his attempts to maintain contact. Despite a prior court order mandating regular phone calls between Plaintiff and his children, these calls have been consistently denied, with particular cruelty demonstrated by the denial of contact on significant dates such as the children's birthdays. Plaintiff Andrew Rulnick respectfully requests that this Court intervene to protect his parental rights and the well-being of his children by ordering the resumption of these calls. Specifically, Plaintiff requests that this Court order Defendants Nicole Smedley and Breanna Ritchey to facilitate daily phone or video calls between Plaintiff Andrew Rulnick and his children, Asher, Jonah, and Hana Rulnick, via Google Meets, each evening at 10:00 PM EST. Given the approaching holidays and Plaintiff Andrew Rulnick's upcoming birthday on November 7th, restoring this essential communication link between a father and his children is of paramount importance.

**VII. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court retain his case and allow it to proceed. The delay in service should not be cause for dismissal, as it was a direct result of the Court's transfer of the case, interrupting pending and urgent legal proceedings in Ohio. Plaintiff believes that retaining this case, ensuring that Defendants are properly served, and providing reasonable accommodations are crucial steps toward achieving justice and holding those responsible for their misconduct accountable. Furthermore, Plaintiff Andrew Rulnick requests a status conference as soon as possible to allow the parties an opportunity to confer for the purpose of arranging for accommodation requests and discovery. Plaintiff has been prejudiced and injured, physically, emotionally, and financially by the Mesa Police and the State of Arizona. He

was not permitted to participate effectively in the Barberton Municipal Court hearing due to their blatant disregard for his rights under the ADA and their failure to provide reasonable accommodations. He is currently pursuing an appeal and stay of execution in that matter, demonstrating his commitment to seeking justice through the proper legal channels. The defendants have done everything in their power to drag this on for seven years, obstructing Plaintiff's access to the courts and causing him significant hardship. Plaintiff has medical and psychological records that prove the defendants' claims about his mental health are libelous and demonstrably false. He insists that autistic individuals, like himself, be accommodated so that they can effectively participate in legal proceedings. Plaintiff was never permitted to fully participate in the Arizona courts, let alone present a defense, present his complete case, or call witnesses. This is not the way that the legal justice system is supposed to operate, where people's disabilities are intentionally exploited for another person's benefit, seemingly because they enjoy inflicting pain & suffering. This case should be permitted to move forward, and Plaintiff is prepared to present exhibits and evidence to this Court that more than substantiate every single claim Plaintiffs assert in this action. The damages caused, and the danger that the Defendants' conduct poses, not just for the Plaintiffs but for all of society, are profound. Plaintiff has been made nearly homeless three times, has virtually no access to capital other than a donation he received to prevent homelessness while he starts trying to regain footing in life and hopefully begins to recover some of the damages he's been caused by the defendants over the past seven years. The times Plaintiff *has* been able to present his exhibits, evidence, and call witnesses (such as in the Ohio Court of Common Pleas), he has prevailed with relative ease. He insists that everything detailed in his lawsuit is well documented and relatively easily proven. The state and cities et al. should for once, finally, be held accountable for their parts in this massive mess of their creation. Nicole Smedley and Breanna Ritchey should be ordered to stop with their incessant lawfare/warfare and be held accountable for the parental alienation they have inflicted on Plaintiffs' children. Plaintiff Andrew Rulnick would like to finally get back to work on helping humanity with his contributions to products that are in use by billions of users, and not to be continuously villainized and slandered/libeled publicly by the likes of John Smedley.

**WHEREFORE, Plaintiffs respectfully pray for the following relief:**

1. An order retaining this case.

2. An order granting Plaintiff Andrew Rulnick's Motion for Reasonable Accommodations; the order from Ohio Court of Common Pleas (Exhibit 3) is provided as a guidepost to start the interactive process.

3. An order granting Plaintiff's motion for service by U.S. Marshal.

4. An order directing Defendants Nicole Smedley and Breanna Ritchey to facilitate daily phone or video calls between Plaintiff Andrew Rulnick and his children, via Google Meets, each evening at 10:00 PM EST. This order should be immediately enforceable by local law enforcement.

5. Ordering John Smedley to cease all communication about these legal matters with Plaintiffs' children, and for him and Nicole Smedley to appear before this Court to address the allegations of parental alienation.

6. Any other relief this Court deems just and equitable for an autistic, pro-se litigant, given the prejudice, the lack of accommodations from the clerk's office, and the Defendants' relentless obstruction of justice over the past seven years. The recent correspondence with the Head Clerk, Kimberly Clark, as shown in Exhibit 4, exemplifies the ongoing denial of accommodations and the dismissive attitude towards individuals with disabilities within the Arizona court system. The Court should consider how this prejudiced behavior by the Defendants necessitated this lawsuit.

7. An order directing all Clerks in Arizona to accept filings by email, regardless of financial status or *pro se* status. This will ensure equal access for individuals with cognitive impairments or other disabilities that may make in-person filing impractical or impossible.

**Plaintiff further requests an immediate award of damages for the harm caused by Defendants.** Plaintiff's time is extraordinarily valuable, as detailed in Section VI, and the ongoing delays and interference with his work, caused by the Defendants' unlawful actions, have resulted in significant financial losses. The Court should recognize the immense value of Plaintiff's contributions to society, his groundbreaking research in artificial intelligence and national security, and his efforts to liberate open-source AI from corporate control. Given these exceptional circumstances, Plaintiff believes an award of $1,000,000, to be split between the State of Arizona and the United States/DOJ, from federal victims' relief funds, is warranted at this time. This award would enable Plaintiff to address the urgent financial hardship he is facing as a direct result of the Defendants' misconduct, including securing stable housing, paying outstanding debts, and obtaining necessary medical care. This partial summary judgment would also allow Plaintiff to better focus on his ongoing litigation and his vital research, which is in the public interest. Also the reason I am even able to communicate/move in the court is because I was forced by the lawfare, into building a system that could communicate on my behalf, this is nuts what we have had to endure because of Arizona's lawfare, and prejudice/negligence – whatever you want to call it… This **thing** we have made is the thing that speaks on my behalf and it take a long time to load it with all the data/information and developments every time something changes/happens, and I move at the fastest speeds humanly possible for someone with my disabilities.

**Respectfully submitted,**

**/s/ Andrew Rulnick**

**Andrew Rulnick**
733 West Market St Unit 1008
Akron, Ohio 44303
480.527.7255
Andrew@DESIGNA.xyz

10/31/24