IN THE COURT OF COMMON PLEAS
COUNTY OF SUMMIT

| | | |
|---|---|---|
| **ANDREW JACOB RULNICK** | ) | **CASE NO.: CV-2024-07-2888** |
| | ) | |
| **Plaintiff** | ) | **JUDGE ALISON BREAUX** |
| -vs- | ) | |
| | ) | |
| **REDWOOD APARTMENT** | ) | **ORDER** |
| **NEIGHBORHOODS** | ) | |
| | ) | |
| **Defendant** | | |

- - -

This matter comes before the Court on Plaintiff's Motion for Reasonable Accommodations filed July 9, 2024. No opposition has been filed.

## LIMITED PROCEDURAL HISTORY

This action arises from a landlord-tenant relationship between Plaintiff Andrew Rulnick (hereinafter referred to as "Plaintiff") and Defendants Redwood Apartment Neighborhood (hereinafter referred to as "Defendant Redwood") and "neighboring unit tenants TBD" (hereinafter referred to as "Defendant Neighbor")[1]. On July 8, 2024 Plaintiff filed the Complaint seeking temporary injunctive relief, alleging: 1) Breach of Lease Agreement; 2) Wrongful Eviction; 3) Unfair and Deceptive Business Practice; and 4) Discrimination based on Disability. (Complaint.) Plaintiff also filed a Motion for Reasonable Accommodations on July 9, 2024. Defendant Redwood filed a Motion to Dismiss on July 17, 2024 to which Plaintiff filed his brief in opposition on July 30, 2024[2]. Further, Defendant Redwood filed its Answer on August 5, 2024. Lastly, Plaintiff has filed a Motion to Enjoin and Sanctions[3] on August 6, 2024. Of note, this Court set a Preliminary Injunction hearing to be held in person on August 14, 2024 at 1:00 P.M.

---

[1] No service has been achieved for Defendant Neighbor.
[2] Defendant's Motion to Dismiss will be ruled upon in a separate Order from this Court.
[3] Plaintiff's Motion to Enjoin and Sanctions will be ruled upon in a separate Order from this Court.

1

Plaintiff Rulnick requests reasonable accommodations for his diagnosis of High-Functioning Autism Spectrum Disorder (HFASD). Specifically, he seeks the following accommodations:

1. **Written Communication:** All court documents, notices, and communications should be provided in written plain text format, in addition to any oral presentations or discussions.

2. **Transcripts:** Complete and accurate transcripts should be provided for all hearings, depositions, and other oral proceedings.

3. **Visual Aids:** Counsel and the Court should utilize visual aids, such as diagrams, charts, or timelines, whenever possible to explain complex legal concepts or procedural matters.

4. **Breaks and Sensory Accommodations:** Plaintiff Andrew Rulnick should be granted frequent breaks during hearings and depositions to allow him to manage sensory overload and regulate his emotions. The Court should also consider making reasonable adjustments to the courtroom environment, such as reducing lighting or minimizing noise, to accommodate Plaintiff Andrew Rulnick's sensory sensitivities.

5. **Clear and Concise Communication:** All communications with Plaintiff Andrew Rulnick, whether written or oral, should be clear, concise, and free of jargon or complex legal terminology. Avoid using sarcasm, humor, or figurative language that can be difficult for individuals with HFASD to interpret.

6. **Plain Text Documents and Transcripts:** All documents and transcripts, including court orders, motions, briefs, and discovery materials, should be provided in plain text format to ensure accessibility. This will allow Plaintiff Andrew Rulnick to easily copy, paste, and search text, enhancing his ability to work with and understand the materials.

7. **Email Communication and Document Exchange:** To streamline communication and ensure timely and efficient exchange of information, all communications and document exchanges for discovery and other proceedings in this case should be conducted via email, with documents attached as files. Defendants should be directed to organize documents within clearly labeled folders for ease of access.

8. **Court-Appointed Email Moderator:** To ensure timely and efficient communication and to prevent the defendants from ignoring or delaying responses to Plaintiff Andrew Rulnick's communications or discovery requests, the Court should appoint a designated moderator to monitor all email exchanges between the parties. This moderator would be responsible for ensuring that the defendants comply with discovery requests, court orders, and deadlines, and would have the authority to address any communication-related issues that may arise.

Motion for Reasonable Accommodations, Pgs. 2-3.

## LAW AND ANALYSIS

Title II of the American with Disabilities Act (hereinafter referred to as the "ADA") governs accommodations for and discrimination against disabled individuals. While the ADA deals primarily with employer-employee relationships, it also addresses public accommodations for individuals with disabilities related to building access, access to services, housing, etc. R.C. §4112.13 applies to employment, labor organizations, housing, loans, building access, etc. A review of applicable federal and state law fails to reveal requirements for accommodations for civil court proceedings. Therefore, this Court looks to the requirements placed on employers under the federal and state laws as guidance to address Plaintiff's motion.

The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment or being regarded as having such an impairment." 28 C.F.R. 35.104. The phrase mental impairment is further clarified as "any mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities. *Id*. Major life activities are defined under the ADA as, "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Id*. Lastly, under the ADA, the phrase, "record of such impairment" has been defined as an individual who, "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." *Id*.

It is pertinent to note, the ADA also defines the phrase "regarded as having an impairment" as when a person:

3

1. Has a physical or mental impairment that does not substantially limit major life activities but that is treated by a public entity as constituting such a limitation;

2. Has physical or mental impairment that substantially limits major life activities only as a result of attitudes of other towards such impairment; or

3. Has none of the impairments defined in paragraph (1) of this definition but is treated by a public entity as having such an impairment.

*Id.*

Looking to Ohio law, R.C. 4112.01(A)(13) defines disability as:

A physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.

R.C. §4112.01(A)(13). In a review of relevant case law, this Court notes the Ninth District Court of Appeals has held when determining disability, "[the] mere knowledge that an employee has a disability does not generally raise a duty to accommodate because knowledge of the existence of a disability does not equate to knowledge of what limitations an employee has as result of the disability." *Dunn v. GOJO Indus.*, 2017-Ohio-7230, ¶ 27, 96 N.E.3d 870, 878.

Other Courts have interpreted the ADA requirements in an employment setting and found the ADA requires employers to reasonably accommodate limitations, not disabilities. "The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." *Taylor v. Principal Fin. Grp., Inc.,* 93 F.3d 155, 164 (5th Cir. 1996) citing 29 C.F.R. 1630.2(j), App. (1995); 42 U.S.C. § 12112(a)(5)(A). The Court in *Taylor* relied upon guidance from the Equal Employment Opportunity Commission ("E.E.O.C.") in its interpretive guide to the ADA, stating:

4

> Some impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or the disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors. Thus, while a given disability may limit one employee (and therefore necessitate a reasonable accommodation), it may not limit another.

*Id*. citing 29 C.F.R. 1630.2(j), App. (1995).

It is pertinent to also look at what is considered a reasonable accommodation. Federal Law requires:

> A covered entity is required, absent undue hardship, to provide a reasonable accommodation to an otherwise qualified individual who meets the definition of disability under the "actual disability" prong (paragraph (g)(1)(i) of this section), or "record of" prong (paragraph (g)(1)(ii) of this section), but is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the "regarded as" prong (paragraph (g)(1)(iii) of this section).

29 C.F.R. § 1630.2. Reasonable accommodations are defined as:

> (i) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or
> (ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position; or
> (iii) Modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities.

*Id.*

Additionally, the Court is tasked to provide due process to all parties by providing a "fair trial in an impartial tribunal." U.S. Const. Amend. 14; Ohio Const. art. 1, § 16. Plaintiff has filed this cause of action as a *pro se* party. The Ninth District Court of Appeals, when discussing a party's status as a *pro se* litigant, has stated:

> It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." "[P]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.

5

*Huntington Natl. Bank v. D'Egidio*, 9th Dist. No. 05CA008647, 2005-Ohio-5497, ¶11 (internal citations omitted). This Court finds that reasonable accommodations will be considered having weighed the Court's requirement to provide a fair and impartial tribunal.

Plaintiff submitted medical documentation that he has a diagnosis of High-Functioning Autism Spectrum Disorder (HFASD). Plt. Ex. 5. "An individual with autism, qualifies as a person with a disability under the ADA." *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.,* 469 F. Supp. 3d 1280, 1302 (M.D. Fla. 2020), aff'd sub nom. *A. L. by & through D.L. v. Walt Disney Parks & Resorts U.S., Inc.,* 50 F.4th 1097 (11th Cir. 2022). R.C. 4112.01(16)(a)(iii) also finds individuals with autism to meet the requirement of "physical or mental impairment" if the individual has, "diseases and conditions, including, but not limited to, orthopedic, visual, speech, and hearing impairments, cerebral palsy, autism, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, human immunodeficiency virus infection, intellectual disability, emotional illness, drug addiction, and alcoholism."

Plaintiff seeks eight specific accommodations during court proceedings, arguing he has substantial limitations due to his diagnosed high-functioning autism spectrum disorder. See, Motion for Reasonable Accommodations. In support, Plaintiff submits a letter from his treating physician, Dr. Myers which explains difficulties Plaintiff has due to his disability, but it fails to indicate what accommodations are needed. Rather, Plaintiff provides a list of accommodations he contends he requires during the court proceedings. Based upon Dr. Myers' letter and Plaintiff's request, this Court finds evidence to support Plaintiff's claims of substantial limitations warrants consideration of reasonable accommodations during the court proceedings. The Court will now look at each requested accommodation for reasonableness.

6

1. **Written Communication:**

Plaintiff requests all court documents, notices, and communications be provided in written plain text format, in addition to any oral presentations or discussions. A google search reveals the definition of written plain text format means, "unformatted text that consists of characters without any special formatting, such as bold, italics, or font colors." Google.com. This Court finds this accommodation to be controlled by the Ohio Rules of Civil Procedure and will be observed in accordance with the civil rules. Further, this Court finds Plaintiff's request to be overly burdensome in that it requires the Court to modify court filings in order to avoid bold, italics, or font colors, therefore this request for accommodation is not reasonable.

2. **Transcripts:**

Plaintiff seeks complete and accurate transcripts of all hearings, depositions, and other oral proceedings. R.C. §2301.20 provides, "all civil and criminal actions in the court of common pleas shall be recorded." Accordingly, this Court finds Plaintiff's request for transcripts a reasonable accommodation for any proceeding that is transcribed. Plaintiff can request copies of transcripts through the Summit County Common Pleas Clerk of Courts and pay any associated costs.

3. **Visual Aids:**

Plaintiff seeks to have this Court order opposing counsel as well as the Court to utilize visual aids, such as diagrams, charts, or timelines, whenever possible to *explain complex legal concepts or procedural matters*. This Court finds this request to be unduly burdensome and therefore not a reasonable accommodation as it places a requirement on Defendants and the Court to prepare extraneous documents to educate Plaintiff in legal matters, constituting legal advice, which is prohibited and this request is denied.

4. **Breaks and Sensory Accommodations:**

Plaintiff seeks frequent breaks during hearings and depositions to allow him to manage sensory overload and regulate his emotions. Further, Plaintiff asks this Court to make reasonable adjustments to the courtroom environment, such as reducing lighting or minimizing noise, to accommodate Plaintiff's sensory sensitivities. This Court finds the accommodation to be reasonable and that Plaintiff can be provided reasonable breaks during hearings and depositions upon the request of Plaintiff when such a break is needed so long they are not disruptive to the proceedings. Further this Court finds it a reasonable accommodation to provide Plaintiff with reasonable adjustments in the courtroom setting upon the request of Plaintiff and to the extent that the Court can control outside factors such as courthouse noise and lighting.

5. **Clear and Concise Communication:**

Plaintiff requests written or oral communication be clear, concise, and free of jargon or complex legal terminology and to avoid using sarcasm, humor, or figurative language that can be difficult for individuals with HFASD to interpret. This Court finds this request to be subjective in nature and requires the Court to interpret what Plaintiff considers sarcasm, humor or jargon and therefore an unreasonable accommodation. Further, this Court notes this is a legal proceeding and it is unreasonable to ask the Court to avoid complex legal terminology. This Court reminds Plaintiff that, as a *pro se* litigant, he is held to the same rules and procedures as a litigant who retained counsel. Should Plaintiff not understand a legal term or concept, or need advice as to the legal proceedings, Plaintiff is strongly encouraged to seek legal counsel as this Court is strictly prohibited by law from giving legal advice to any party.

8

### 6. Plain Text Documents and Transcripts:

Plaintiff seeks all documents and transcripts, including court orders, motions, briefs, and discovery materials, be provided in plain text format to ensure accessibility. This Court finds this accommodation is governed by Civ.R. 33(A), 34(B) and 36(A) for the discovery process and is reasonable in those circumstances. This Court, however, does not find it reasonable to require Defendant to convert any documents already in .pdf format to word format for Plaintiff because the request for plain text format does not include a request for word documents only. Further, a request for word documents only is a convenience to Plaintiff, not an accommodation due to his disability and is unreasonable and unduly burdensome to Defendants. Lastly, this Court specifically limits the format which Plaintiff and Defendant can access court orders, docket records and filings and transcripts to .pdf format to ensure the integrity of court filings.

### 7. Email Communication and Document Exchange:

Plaintiff requests all communications and document exchanges for discovery and other proceedings in this case should be conducted via email, with documents attached as files and seeks an order from this Court that Defendants organize documents with clearly labeled folders for ease of access. Plaintiff argues that this will "streamline communication and ensure timely and efficient exchange of information." This Court finds that the Civil Rules of Procedure directs the exchange of discovery between the parties and all discovery shall be conducted in accordance with the Civil Rules as well as the Court's local Rules.

### 8. Court-Appointed Email Moderator:

Plaintiff seeks to have this Court appoint a designated moderator to monitor all email exchanges between the parties. Plaintiff argues a moderator would be responsible for ensuring that the defendants comply with discovery requests, court orders, and deadlines, and would

9

have the authority to address any communication-related issues that may arise. In general, the Court is tasked with controlling all proceedings in a civil matter and all parties are bound to follow Ohio law, the Civil Rules and the Court's Local rules as they pertain to response times and deadlines, as well as discovery. The Court in turn addresses any concerns or disputes related to failures to respond by either party on a case by case basis, when it determines it is appropriate. Accordingly, this Court finds this accommodation is not reasonable and declines to appoint a designated moderator to monitor email exchanges between the parties, and further finds this request is overly burdensome on the Court and puts the Court in a position to advocate for one party over the other, thereby removing its role as a fair and impartial judiciary.

## CONCLUSION

**WHEREFORE**, this Court **ORDERS** the following:

1. Plaintiff has provided sufficient evidence to support he is a disabled individual pursuant to the ADA as well as R.C, §4112.01(16)(a)(iii).

2. Accommodation Requests Nos. 2 and 4 are reasonable and therefore **GRANTED** so long as they do not interfere with the court proceedings.

3. Accommodation Requests Nos. 6 and 7 are reasonable in part, but are limited to conform to the Ohio Rules of Civil Procedure. Accordingly, Accommodation Requests Nos. 6, 7 are **GRANTED in part** and **DENIED in part**.

4. Accommodation Requests Nos. 1, 3, 5 and 8 are unreasonable and therefore **DENIED**.

**FAILURE TO ATTEND A COURT APPEARANCE OR FAILURE TO COMPLY WITH THIS COURT ORDER OR ANY OTHER COURT ORDER SHALL RESULT IN SANCTIONS, INCLUDING BUT NOT LIMITED TO, DISMISSAL OR ADVERSE JUDGMENT. SEE LOC.R. 8.01(F), CIV.R. 37, AND CIV.R. 41(B)(1).**

IT IS SO ORDERED.

10

*[Signature]*

JUDGE ALISON BREAUX

CC: ATTORNEY ROBERT G. FRIEDMAN
     ATTORNEY KYLE L RIPMA

**The Clerk of the Summit County Clerk of Court shall serve a copy of this Order upon the following Pro Se parties, by U.S. mail, Certificate of Service, noting return of same:**

- **Andrew Rulnick**

AMH

11