# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW JACOB-SANDMAN SAYERS RULNICK,**<br><br>███ **RULNICK,**<br>███ **RULNICK,**<br>& ███ **RULNICK**<br><br>**Plaintiffs,**<br><br>v.<br><br>**U.S. GOVERNMENT, ARIZONA & DOJ et al. BREANNA RITCHY, NICOLE & JOHN SMEDLEY, SHERI SHEPARD & COMPANY**<br><br>**Defendants.** | **CASE NO. 2:2024cv02611**<br><br>**Assigned to Honorable Humetewa**<br><br>**PLAINTIFF'S OBJECTION TO PORTIONS OF THE COURT'S ORDER (DOC. 20)** |

## I. INTRODUCTION

Plaintiff Andrew Rulnick, standing before this Honorable Court as a pro se litigant, a father, and an individual fighting for justice against seemingly insurmountable odds, submits this Objection to certain aspects of the Court's Order Reopening Case (Doc. 20), filed February 11, 2025. Let the record reflect, from the very outset, Plaintiff's profound and sincere gratitude to this Honorable Court, and to Judge Humetewa personally, for the discerning wisdom and fundamental fairness demonstrated in the decision to reopen this absolutely vital matter. For in reopening this case, this Court has reignited a beacon of hope in what has often felt like a relentless and unjust legal storm.

Plaintiff understands, and indeed, *respects*, the Court's expressed concerns regarding the initial Complaint's adherence to the technical demands of Rule 8 and Rule 12(b)(6) of the

Federal Rules of Civil Procedure. And let there be no doubt, Plaintiff wholeheartedly embraces the opportunity, so graciously afforded by this Court, to file a First Amended Complaint – a complaint that will, with unwavering dedication, address each and every concern with a clarity and precision born of both necessity and a profound respect for the rule of law.

This Objection, therefore, is not offered in defiance, but in deep deference to this Court's Order and its inherent, undeniable commitment to justice. Plaintiff, with the utmost respect, yet with unwavering conviction, objects to only *two* specific aspects of the Order, detailed below. At the same time, let it be unequivocally stated: Plaintiff remains steadfastly, unyieldingly dedicated to perfecting this lawsuit, to laying bare the profound injustices that he and, most importantly, his beloved children, have endured – injustices that cry out for redress in the hallowed halls of American justice.

## II. GRATITUDE AND CONFIDENCE IN THE COURT'S PROMISE OF JUSTICE

Plaintiff rises before this Court today to voice his heartfelt appreciation for the profound significance of the decision to reopen this case. In this single act, this Court has breathed fresh air into a legal battle that has, for far too long, felt suffocating and unjust. This is not merely a reopening of a case; it is a reopening of the very *possibility* of justice. It is a powerful signal that the scales of justice, though often tilted by power and prejudice, may yet be balanced in the State of Arizona.

For too many years, Plaintiff and his children have felt like voices crying in the wilderness, their pleas for fairness and equal protection met with silence, dismissal, and often, outright hostility. But with this Order, a new chapter begins. Plaintiff is profoundly grateful, and dares to be confident, that this Honorable Court, and Judge Humetewa presiding, share the same unwavering commitment to safeguarding parental rights and fiercely upholding the bedrock principles enshrined within the Americans with Disabilities Act (ADA) – principles that, shamefully, have been too often ignored and trampled upon in the very jurisdiction where justice should have prevailed.

Indeed, Plaintiff finds solace and strength in the memory of a prior, hard-won victory in the Superior Court of Arizona, Maricopa County – a victory secured under the judicious hand of then-Judge, now Chief Justice Alison Bachus. **(See Exhibit [Bachus Order Document Number - Insert Here]).** In that case, Judge Bachus issued clear and unequivocal orders designed to protect Plaintiff's fundamental parental rights and ensure the well-being of his children – orders that, tragically, were systematically disregarded, undermined, and ultimately, effectively nullified by the very actors Plaintiff now seeks to hold accountable in this federal action. This prior Order stands as a stark reminder of the promise of justice betrayed, and the urgent need for this Court to intervene and finally make that promise a reality.

Plaintiff fully acknowledges, with deep regret, that years of relentless, unchecked prejudice and systemic failures within the Arizona legal system have culminated in the present, deeply regrettable circumstances. It is these very forces of prejudice, these repeated and unlawful denials of reasonable accommodations – accommodations explicitly mandated by the ADA and Title II – that have profoundly undermined Plaintiff's ability to effectively navigate the labyrinthine legal landscape and to articulate the full weight and scope of his claims with optimal clarity from the very start. To expect perfection from a litigant deliberately and systematically disadvantaged is to compound injustice upon injustice.

Yet, even amidst these formidable challenges, Plaintiff is genuinely, profoundly thankful for this Court's gracious granting of leave to amend his Complaint. He does not view this as a mere procedural courtesy, but as a lifeline, a tangible opportunity to finally, fully, and forcefully present the truth to a court that is, plainly, willing to listen. Plaintiff accepts this opportunity with humility and unwavering resolve. He is fully, unequivocally committed to utilizing this granted time with the utmost diligence, to meticulously perfecting his lawsuit, to ensuring that the First Amended Complaint will not only meet, but exceed, the Court's directives, and will present the undeniably compelling facts of this case with a clarity, precision, and unwavering force that will leave no doubt as to the profound injustices that have been perpetrated, and the urgent need for comprehensive and decisive judicial intervention. Plaintiff stands before this Court with unwavering faith that, under its just and discerning guidance, and with its steadfast commitment to fundamental fairness, justice will, at long last, prevail in this profoundly important matter.

### III. OBJECTION 1: THE INDISPENSABLE INCLUSION OF PLAINTIFF'S CHILDREN AS CO-PLAINTIFFS – A MATTER OF FUNDAMENTAL JUSTICE AND NECESSITY

Plaintiff respectfully, yet unequivocally, objects to any implicit suggestion within the Court's Order that would necessitate or encourage the removal of **the children, ▉,  ▉, ▉ Rulnick,** as co-plaintiffs in this critically important action. To excise **the Children** from this lawsuit would be to commit a profound and irreparable error – an error that would not only undermine the very pursuit of justice in this case, but would fundamentally misapprehend the nature and scope of the systemic injustices at issue. **(Hereafter referred to as "the Children" or simply just "Plaintiffs" when referring to ▉, ▉, & ▉ Rulnick collectively as Plaintiffs).**

Let it be unequivocally stated: the Children are not merely tangential figures in this legal drama; they are *direct and primary victims* of the very same systemic discrimination, alienation, and abuse of process that forms the bedrock of Plaintiff's claims. Their rights have been independently, demonstrably violated by the very same Defendants, for many of the very same reprehensible reasons, retaliation and cognitive weaponization against

the lead Plaintiff in this case. To relegate their suffering to the shadows, to silence their voices in this pursuit of justice, would be to perpetuate the very injustices this lawsuit seeks to rectify.

Moreover, Plaintiff asserts, with unwavering conviction, inherent parental right, indeed, moral and legal *duty*, to bring these claims on behalf of the plaintiffs. In this profoundly challenging and deeply troubling context, Plaintiff acts not as a traditional *pro se* attorney representing his children in violation of established legal principles, but rather, as their devoted father and "*next friend*".

**(If it pleases the court I can do deep research to be supplemented with legal citation and exhibit demonstrating "next friend" standing)** and how lead Plaintiff identified and diagnosed two of the children's disabilities and it took years of Plaintiff advocating for the defendants to recognize autism in two of our three children in common between the parties. Ohio might also have a few things to say about this case too. Pro Se hopes all the defendants quickly come to realize that their actions caused massive harms. The revised lawsuit will help the court move this matter forward.

Given the age of the Pro Se, and their documented cognitive impairments – vulnerabilities shamefully exploited by the Defendants for far too long – their capacity to independently navigate the complexities of federal litigation is, self-evidently, compromised. It is the Pro Se, who is uniquely positioned, uniquely compelled, to champion their rights and seek redress for the palpable harms they have suffered.

Furthermore, a significant portion of the preliminary injunctive relief sought in this action is *specifically and directly intended to benefit* the plaintiffs**, not solely the Pro Se or his company but his Trust and business which are** *for the Plaintiffs*.

Pro Se likes small houses, and the countryside, and CyberTrucks, that's about it, yee haw. Other than being made broke the Pro Se leads a stupid simple, non-luxurious lifestyle. Once Pro Se could afford a fancy car, but tort and prejudice changed that. This court will be compelled to fix the wrongs of the courts past. Pro Se's mission is to help humanity, and improve access to Justice, *because Arizona et al are a mess!*

Orders compelling genuine and meaningful contact with their father, orders mandating the cessation of insidious parental alienation tactics, orders ensuring ADA compliance within Arizona's very Family Courts – these are not abstract legal remedies; they are concrete, essential protections designed to safeguard the well-being and fundamental rights of the Plaintiff and as well as the Pro Se in this matter.

To sever their claims from this action would be to eviscerate the very heart of the equitable relief sought, and to further endanger the vulnerable plaintiff and Pro Se that this lawsuit is, in significant measure, designed to protect.

Plaintiff, acutely aware of the Court's potential concerns regarding privacy, and acting with the utmost good faith, unequivocally commits to diligently collaborating with the Clerk of Court to implement any and all necessary redactions to protect the privacy of the Plaintiffs whose names should be redacted, while still ensuring their indispensable inclusion as named Plaintiffs.

In conclusion, to exclude the redacted Plaintiffs from this lawsuit would be to perpetrate a grave injustice, to deny them their rightful place at the very center of this legal battle for their own liberation, and to fundamentally undermine the comprehensive and equitable relief this action seeks to achieve. Plaintiff implores this Honorable Court to recognize the profound necessity of their continued inclusion as Plaintiffs, and to reject any interpretation of its Order that would suggest otherwise. The voices of the marginalized, and victimized, alienated silenced for far too long, must be heard in this Court of Justice.

**IV. OBJECTION 2: THE ERRONEOUS DENIAL OF PLAINTIFF'S "MOTION FOR REASONABLE ACCOMMODATIONS" – A VIOLATION OF THE ADA'S MANDATORY INTERACTIVE PROCESS**

Plaintiff respectfully, yet with firm conviction, objects to the Court's summary denial of his "Motion for Reasonable Accommodations" insofar as it pertains to his urgent request for court-ordered phone or video calls with his children. The Court's characterization of this request as "not a proper request for accommodation" is, with deepest respect, clearly in error and fundamentally misunderstands both the nature of Plaintiff's disability and the explicit mandates of the Americans with Disabilities Act (ADA). Look, Pro Se gets he can come of as being difficult but if the court ever even bothered to have an informal, even conference oriented hearing, Pro Se is not. He gets a bad wrap over bull\*\*\*\*. Apologies, I do not swear in court or in person hardly much ever, but Pro Se is tired after a lot of time and work. Pro Se can have this lawsuit perfected pretty fast with his latest AI models.

To be unequivocally clear: Plaintiff's & Pro Ses request for regular phone or video calls with each other is not a frivolous or extraneous demand; it is a *core and essential accommodation* directly necessitated by High-Functioning Autism Spectrum Disorder (HFASD) and inextricably intertwined with fundamental parental rights. The ability to maintain consistent, meaningful communication with the Plaintiffs, particularly amidst the extraordinary stress and isolation imposed by this protracted legal battle, is not a mere convenience; it is a *critical lifeline* for Plaintiff's emotional and psychological well-being, and absolutely vital for preserving and nurturing his irreplaceable bond with his children in common with two of the defendants. It is crucial to note, and Plaintiff wishes to explicitly assure the Court, that these calls are focused entirely on the well-being and positive development of his children. ***At no time are the details or stresses of this complex legal case discussed with the Children.*** Instead, Plaintiff utilizes this precious

and court-ordered time to engage in age-appropriate conversations about their school, their interests, their lives, and to provide the consistent paternal support and positive engagement that any loving father would provide. To be deprived of this essential connection, particularly given the documented history of parental alienation tactics employed against Plaintiff, inflicts profound emotional distress, exacerbates his disability-related challenges, triggers stress-induced physical symptoms (such as extremely painful documented scalp cysts), and plainly undermines his ability to effectively manage his legal affairs and maintain his professional responsibilities.

Ohio's courts in contract which, after careful and deliberate, but nearly immediate consideration, *granted* precisely such accommodations, recognizing their demonstrable necessity for Plaintiff to meaningfully participate in legal proceedings and maintain essential family connections. This prior judicial determination, rendered by a court committed to upholding ADA principles, stands as a powerfully persuasive precedent, and should not be lightly disregarded by this Honorable Court.

Does the court have the copy of Pro Se's formal diagnosis?

One can be provided as exhibit to support my requests if the Court is still is missing this document. I am so glad to see Mesa city is finally kind of sort of getting with an ADA/Title II program, they just fail on interactivity are probably understaffed like Barberton Court in Ohio is and still need some improvement to systems. PACER is a disaster by the way.

Moreover, and most critically, the Court's summary denial of this accommodation request constitutes a direct and troubling violation of the ADA's explicit mandate for an *interactive process*.

Title II of the ADA, 42 U.S.C. § 12132, does not permit courts to unilaterally dismiss accommodation requests out of hand. Rather, it *compels* courts to engage in a good-faith, **interactive dialogue** with the disabled individual to determine reasonable and effective accommodations. Plaintiff's "Motion for Reasonable Accommodations" was, in its very essence, an attempt to initiate this *mandatory interactive process*. Instead of engaging in this required dialogue, the Court's Order abruptly terminated it with a summary denial, effectively foreclosing any meaningful consideration of Plaintiff's legitimate needs. Lead Plaintiff does NOT mean this with any disrespect, just an honest candor that I think if I could have had with courts since the beginning could have avoided many of these problems. I give Arizona in general like a 1/10 in its definitions of interactivity.

Because of the importance of the connection for the mental health state, Plaintiff, implores this Honorable Court to reconsider its denial of his request for court-ordered

phone or video calls with his children, and to instead, embrace the interactive process explicitly mandated by the ADA. Meaningful accommodation is not a discretionary courtesy; it is a *fundamental legal right*. And in this case, ensuring Plaintiff's ability to connect with his children is not only a reasonable accommodation, it is an act of profound human decency and essential justice. Lead plaintiff has not ever been, and would never by a harm to his children or any person for that matter. Judge Bachus's prior orders were also attached, and that strongly supports the calls. They should be immediately increased from one hour, to up to two…

## V. REQUEST FOR RECONSIDERATION OF DENIAL OF U.S. MARSHAL SERVICE – ADDRESSING PRACTICAL BARRIERS TO JUSTICE

Plaintiff, while respecting the Court's concerns regarding the initial Complaint's pleading deficiencies, respectfully requests reconsideration of the Court's denial of his request for service by the United States Marshal Service, *subsequent to the filing of his First Amended Complaint*.

Plaintiff fully understands the Court's rationale for initially denying this request based on the noted inadequacies of the Complaint under Rule 8 and Rule 12(b)(6). However, Plaintiff respectfully submits that denying US Marshal service *at this juncture*, pr alternatively requests service of future filings by the clerk, particularly for an *indigent pro se litigant* with documented disabilities, presents a significant and potentially insurmountable *practical barrier* to accessing justice.

As the Court itself has acknowledged, Plaintiff is now indigent. **(See Doc. 20, Page 1, Paragraph 5).** As a pro se litigant with High-Functioning Autism Spectrum Disorder, navigating the complex procedural requirements of federal litigation, including the often-onerous task of effecting proper service upon numerous Defendants across multiple jurisdictions, imposes an exceptionally heavy and disproportionate burden. Indeed, the very *purpose* of Rule 4(c)(3) of the Federal Rules of Civil Procedure, authorizing service by the U.S. Marshal for indigent litigants, is precisely to alleviate this burden and ensure equal access to justice for those who lack the financial resources and practical capacity to effect service on their own.

To deny US Marshal service *before* Plaintiff has been afforded a fair opportunity to cure the pleading deficiencies identified by the Court creates a troubling "Catch-22", placing an undue and potentially insurmountable burden upon a disabled, indigent litigant actively striving to rectify any perceived procedural shortcomings.

Plaintiff respectfully submits that, *upon the filing of his First Amended Complaint*, which will diligently address the Court's concerns regarding Rule 8 and Rule 12(b)(6), the Court should reconsider its denial of US Marshal service. Granting this request at that stage

would not only be consistent with Rule 4(c)(3) and the principles of equal access to justice, but would also facilitate the efficient and just resolution of this critically important matter. It is a matter of fundamental fairness that a litigant, deemed indigent by the Court itself, and laboring under the challenges of disability, should be afforded the practical assistance necessary to bring his claims before this Honorable Court for adjudication on their merits.

**VI. PLAINTIFF'S REQUEST FOR REASONABLE ACCOMMODATIONS – REITERATED AND EXPANDED FOR CLARITY AND INTERACTIVE PROCESS**

For the sake of clarity, and to further facilitate the Court's mandated interactive process regarding reasonable accommodations, Plaintiff reiterates and expands upon his previously articulated requests for accommodations under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, to ensure his full and equal participation in these proceedings:

- Multi-modality is essential for complex legal matters and instructions (written, visual, auditory, etc. as needed for optimal comprehension).

- Clear, concise, and unambiguous language in all court orders and communications.

- Sufficient time to process information and respond to deadlines, with flexibility where reasonably possible. Reminders are essential, Plaintiff Pro Se manages his own schedule but previously has not ever been included in the scheduling process which is also really prejudiced.

- Breaks during hearings and court proceedings as needed to manage sensory overload and maintain focus.

- Plain language explanations of legal terms and procedures, upon request.

- Flexibility in filing formats and methods to accommodate potential technical challenges related to disability.

- Allowance for a support person or advocate to be present during hearings and meetings (non-legal representation).

- Daily phone/video calls with children, focused on their well-being and positive development; lead Plaintiff explicitly *excluding* discussion of this or any other legal case.

- **Order for John Smedley to cease communication about legal matters with children. OR ANYTHING RELATED TO "ABANDONMENT" he has absolutely no right, and is not equipped to discuss these issues with the children lead Plaintiff has in common with Nicole Smedley. His bull**** is seriously negatively impacting my mental state, he should also be immediately ordered to stop libeling me online, and**

**not to delete anything he has posted at or about me on X as it will be used against him in this civil matter, and in Pro Se's criminal defense if it isn't dismissed.**

- Order for Arizona courts to comply with Ohio accommodations order;

Plaintiff emphasizes that these requests are not exhaustive and are offered as a starting point for the Court's mandated interactive process. Plaintiff remains readily available and eager to engage in a constructive and good-faith dialogue with the Court, and its designated personnel, to further refine and tailor these accommodations to ensure his meaningful and effective participation in all aspects of these proceedings. The fact that everyone has been so serious and threatening to lock the Pro Se up over civil matters is highly concerning weaponization of government. Lead Plaintiff has never committed any crimes and maintains his absolute and complete innocence with motions before Mesa City Court for mistrials, they weren't even informed Pro Se was autistic, or on record?

How is that not a problem? Motion to dismiss or to consolidate to Her Honorable Chief Justice Bachus has been filed in that matter. That has gone on too long and caused too much damage, done by the Defendants named in this lawsuit.

**VII. CONTEXT AND SYSTEMIC ISSUES UNDERLYING PLAINTIFF'S CLAIMS – BRIEF REITERATION**

To provide essential context for the Court's consideration of this Objection, and to underscore the profound gravity of the injustices at issue, Plaintiff briefly reiterates the following key elements that form the backdrop of his claims:

- **Motion for Mistrial and Dismissal with Prejudice in Mesa City Court Criminal Cases:** Plaintiff has filed a Motion seeking Mistrial and Dismissal with Prejudice in his pending Mesa City Court criminal cases, citing egregious prosecutorial misconduct, systemic prejudice, and the denial of reasonable accommodations in those proceedings. **(Reference Mesa Motion Exhibit Number if available)**

- **Claims Grounded in Constitutional and Statutory Violations:** Plaintiff's claims are firmly rooted in established legal principles, including but not limited to: violations of the Eighth Amendment's prohibition against cruel and unusual punishment; violations of the First Amendment's right to access to the courts and right to free exercise of religion; and, most centrally, violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. **(Cite relevant case law from previous discussions, e.g., *Farmer v. Brennan*, *Bounds v. Smith*, *Pennsylvania Dept. of Corrections v. Yeskey*)**

- **Relevance of Indigenous Treaty Rights:** Plaintiff, of Chippewa and Ohlone heritage, is currently undertaking diligent research to determine the specific relevance of Indigenous Treaty Rights to the claims presented in this lawsuit, particularly as they pertain to

parental rights, family integrity, and the right to be free from discriminatory treatment. Plaintiff intends to present any findings from this research to the Court in subsequent filings as he diligently perfects his lawsuit.

- **Pattern of "Legal System Trouble Following Prejudice":** Plaintiff has experienced a consistent and deeply troubling pattern of "legal system trouble following prejudice" across multiple jurisdictions in Arizona, directly undermining his ability to effectively defend himself in criminal proceedings, pursue his federal lawsuit, and protect his fundamental parental rights. This is not mere coincidence; it is a pattern indicative of systemic bias and a deliberate campaign to marginalize and silence Plaintiff.

- **Significant Economic Harm and DESIGNA Valuation:** The Defendants' actions have inflicted profound and potentially catastrophic economic harm upon Plaintiff, directly and deliberately interfering with his groundbreaking work in Artificial Intelligence through DESIGNA, LLC, a company now under Ohio jurisdiction and held in trust for Plaintiff's children. Comparable companies in the AI space are valued in the billions, even trillions of dollars. The scale of damages inflicted by Arizona's unlawful conduct is potentially astronomical and must not be ignored by this Court. In honesty it would probably bankrupt Arizona multiple times over… Not good.

- **Positive Contrast with Ohio Judicial System:** In stark and telling contrast to the systemic failures encountered in Arizona, the Ohio judicial system has provided Plaintiff with reasonable accommodations, issued orders protecting his rights, and demonstrated a genuine commitment to fairness and equal justice. This positive experience in Ohio further underscores the urgent need for federal intervention to rectify the deeply troubling pattern of injustice Plaintiff has endured in Arizona. Indeed, Plaintiff believes the Ohio Courts are now better positioned to fairly adjudicate all aspects of his family law matters, government matters, a reality that should not be disregarded by this Court. Pro Se does not mean that with any disrespect to the current Court, it is just a fact of the past decade that should not be ignored anymore… Our courts in Ohio are now very well briefed on these matters and have a vested interest in ensuring fairness, and security of this Pro Se's rights, the rights of my company, and my family trust.

**VIII. PLAINTIFF'S UNWAVERING COMMITMENT TO PERFECTING HIS LAWSUIT AND RULE 8 COMPLIANCE**

Plaintiff reiterates his unwavering commitment to diligently and expeditiously filing a First Amended Complaint that fully and comprehensively addresses the Court's expressed concerns regarding Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff will diligently strive to ensure that the Amended Complaint presents his claims with the utmost clarity, precision, and factual specificity, leaving no doubt as to the plausibility and merit of his cause of action. Plaintiff welcomes the opportunity to collaborate with the Court, and its designated personnel, to ensure that the Amended

Complaint is fully compliant with all applicable rules and procedures, and stands ready to provide any further clarification or information the Court may require in this regard. It should be re-emphasize sincere gratitude, even though this has been a long road the Pro Se is prepared to proceed, and believes that once the lawsuit is perfected, and service perfected on the defendants with proof; that this matter should persist through a proper and through discovery, and into trial if the defendants necessitate such. It could be the new DOJ may even agree with me in part, to be determined.

### IX. CONCLUSION

In closing, Plaintiff once again expresses his sincere and profound gratitude to this Honorable Court for its judicious decision to reopen this critically important case. Despite the objections respectfully raised herein, Plaintiff views this Order as a positive and encouraging step – a sign that the Arizona judicial system, at long last, is beginning to truly hear his pleas for justice and to take seriously the egregious actions of the Defendants named in this action.

Plaintiff remains steadfast in his belief that justice will ultimately prevail in this matter. He is confident that this Court, guided by principles of fairness, equity, and the unwavering mandates of the Americans with Disabilities Act, will ultimately recognize the profound merit of his claims and grant the comprehensive relief he and his children so desperately deserve. Plaintiff, therefore, respectfully requests that this Honorable Court carefully consider the arguments presented in this Objection, and grant the requests, thereby paving the path towards a just and equitable resolution for all parties concerned. Plaintiff is heartened to see that Arizona's Justice System is, at long last, beginning to hear him, and he is beginning to feel heard for the first time, ever.

/s/ **Andrew Rulnick**
February 14th 2025

Andrew Rulnick
733 West Market Street
Akron, Ohio 44303
Andrew@DESIGNA.xyz
480.527.7255

**CERTIFICATE OF SERVICE**

I hereby certify that I've served the opposing parties / Defendants a true and correct copy of the foregoing by email. Feb 14th, 2025

*A Rilnick*

Defendant, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255