Clerk of the Superior Court
\*\*\* Filed \*\*\*
12/21/2020 8:00am

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                         12/17/2020

HONORABLE ALISON BACHUS                        CLERK OF THE COURT
                                                L. Berger
                                                Deputy

IN RE THE MATTER OF
NICOLE RULNICK                                  ELIZABETH S LANGFORD

AND

ANDREW RULNICK                                  KEITH A BERKSHIRE


                                                FAMILY SUPPORT SERVICES-CCC
                                                JUDGE BACHUS

### UNDER ADVISEMENT RULING

On December 15, 2020, the Court held an evidentiary hearing (trial) on the *Petition to Modify Legal Decision Making, Parenting Time and Child Support* (the "Modification Petition") that Nicole Rulnick ("Mother") filed on June 5, 2020 and the *Cross-Petition to Modify Parenting Time and Child Support* that Andrew Rulnick ("Father") filed on August 20, 2020 regarding the parties' common children, Asher Rulnick (born January 1, 2012) and Jonah Rulnick (born October 18, 2014) (collectively, the "Children").

During the trial, the Court heard from the parties and received evidence before taking the competing petitions under advisement. The Court has since considered the evidence, including the demeanor of the witnesses, reviewed the exhibits[1] as well as the case history, and considered the parties' arguments. After careful deliberation, the Court makes the following findings and enters the following orders:

---

[1] Although the Court does not cite to every admitted exhibit in this Order, the Court has reviewed and considered every exhibit admitted by the parties at trial.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                  12/17/2020

### GENERAL FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father (collectively, the "parties" or the "parents") are the natural parents of the Children. The parties' marriage was dissolved by default decree in February 2018. Rule 85 litigation and enforcement actions followed. Modification petitions were filed and dismissed by the Court based on lack of material change in circumstances. The most recent modification petitions are the two that are pending before the Court.

The legal decision-making and parenting time provisions of the default decree remain in effect. *Inter alia*, the decree awarded both parties joint legal decision-making and ordered that Father would have weekend parenting time and weekday parenting time (every Tuesday from 5:00 p.m. to 7:15 p.m. and every other Thursday from 5:00 p.m. to the following Friday at 7:15 a.m.). Joint Parenting Plan filed February 12, 2018 at 1. No holiday parenting time schedule was included in the 2018 parenting plan. Child support was ordered and then modified after a contested hearing in 2019.

### JURISDICTIONAL FINDINGS

**THE COURT FINDS** that the most recent legal decision-making and parenting time determinations with respect to the Children were made by an Arizona court.

**THE COURT FURTHER FINDS** that both Parties and the Children still reside in Arizona and have resided in Arizona continuously since the last legal decision-making and parenting time determinations with respect to the Children were made. Accordingly,

**THE COURT FURTHER FINDS** that this Court has exclusive, continuing jurisdiction over such legal decision-making and parenting time determinations. *See* Ariz. Rev. Stat. § 25-1032(A).

**THE COURT FURTHER FINDS** that the federal Parental Kidnapping Prevention Act does not apply to this case, nor does any international law concerning the wrongful abduction or removal of Children.

### MODIFICATION OF LEGAL DECISION-MAKING AND PARENTING TIME

#### Material Change in Circumstance Requirement

To modify a previous legal decision making or parenting time order, the Court must determine whether there has been a material change in circumstances affecting the welfare of the children. *See Canty v. Canty*, 178 Ariz. 443, 448, 874 P.2d 1000, 1005 (App. 1994). Only after the Court finds that such a change has occurred does the Court reach the question of whether a

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                 12/17/2020

change in custody would be in the children's best interest. *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982). Thus, the Court will consider the factors enumerated in A.R.S. § 25-403 only if the Court first finds a change in circumstance exists.

**THE COURT FINDS** that the parties demonstrated that a material change in circumstances affecting the Children's welfare has occurred since the Court's entry of the last parenting time and decision-making orders. The parties have continued to move further apart from each other. The parties' conflict has grown even more contentious than it was when the Court last assessed this matter at trial in 2019. Accordingly,

**IT IS ORDERED** granting consideration of Mother's request for a modification of legal decision-making and both parties' requests for modification of parenting time.

### Best Interest Findings:  A.R.S. § 25-403

Section 25-403(A) enumerates specific factors for the Court to consider, among all factors that are relevant to the Children's physical and emotional well-being. The best interest of a child is the primary consideration in awarding legal decision-making authority and parenting time. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698, ¶ 18 (2003).

In making the legal decision-making and parenting time determination, the Court is mindful that as a matter of public policy, absent evidence to the contrary, "it is in a child's best interest:  (1) To have substantial, frequent, meaningful and continuing parenting time with both parents[; and] (2) To have both parents participate in decision-making about the child." *See* A.R.S. § 25-103(B).

A.     **A.R.S. § 25-403.01 Analysis**

As precursor to the analysis of the Children's best interest and because of the parents' inability to reach an agreement regarding legal decision-making, the Court considers the following issues regarding the parents and makes the following findings. *See* A.R.S. § 25-403.01.

*1. Whether a parent's lack of an agreement is unreasonable or is influenced by an issue not related to the child's best interests.*

The Court finds both parents' lack of agreement is largely due to personal animus, which is unrelated to the Children's best interests.

*2. The past, present and future abilities of the parents to cooperate in decision-making about the child to the extent required by the order of joint legal decision-making.*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                                    12/17/2020

The Court received no evidence that the parties have cooperated in legal decision-making. The Court specifically finds that Mother has unilaterally removed the Children from various schools and enrolled them in other schools, despite the joint legal decision-making order that was entered in February 2018. The Court notes that Mother appeared at a default hearing and presented documents to the commissioner requesting sole legal decision-making (or at least final decision-making authority). Joint Parenting Plan filed February 12, 2018 at 1 (showing strikethroughs by judicial officer). Mother was denied her request for final authority or sole authority. Despite that clear order, Mother has acted as though she has sole authority. She has not only unilaterally controlled the Children's education, but she has also failed to include Father in decisions regarding the Children's medical care. After Father contacted the Children's pediatrician's office, the Children were dropped from that pediatrician. Rather than cooperate with Father to identify a new provider, Mother unilaterally began care with a different provider. She has not informed Father of any appointments she has set. Father did not agree with medicating the parties' oldest son, and Mother had the Child medicated regardless of Father's wishes. The Court finds that Mother has failed to cooperate with Father. During the parties' marriage, Father was likely not as involved as he could have been in parenting. However, the parties are no longer married and they have decision-making orders that they must follow. For his part, Father has confronted Mother during exchanges. He has withdrawn from communication with Mother at times. The Court will order co-parenting education, as the Court finds the education to be in the Children's best interests. The Court finds the parties' ability to cooperate in the future to be poor, absent genuine change on the part of both parents.

*3. Whether the joint legal decision-making arrangement is logistically possible.*

Joint legal decision-making is logistically possible.

**B.     A.R.S. § 25-403(A) Analysis**

**THE COURT FURTHER FINDS** as follows regarding the Children's best interests pursuant to A.R.S. § 25-403(A); these findings apply to both parenting time and legal decision-making:

*1. The past, present and potential future relationship between the parent and the children.*

Both parties have a bonded relationship with the Children. With consistent parenting time, the Court finds that will likely continue into the future.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                    12/17/2020

2. *The interaction and interrelationship of the children with the children's parent or parents, the children's siblings and any other person who may significantly affect the children's best interest.*

Both parties are re-married. The Children have step/half-siblings in the parents' homes. The Court received little to no evidence regarding the Children's relationships with those individuals, however.

3. *The children's adjustment to home, school and community.*

The Court did not receive specific evidence regarding the Children's adjustment to the parents' respective homes. Both parents have moved since entry of the last permanent orders. Indeed, the parents have moved farther and farther apart from each other since the decree was entered in 2018.

Both of the Children are adjusted to their current school (Copper Canyon), per Mother's testimony. As noted above, there have been multiple changes of school (including preschools). IEPs are in place. Both children receive therapies and services through school. Mother testified that Asher has had an IEP since he was age three and in preschool. Asher is in third grade and in a mainstream classroom, but he receives extra supports in math and reading, as well as services per his IEP. Mother further testified that Jonah has had therapies since he was an infant and he is "severely developmentally delayed" and has "low tone." He was in developmental preschool for three years before entering kindergarten in the 2020-21 academic year. Mother testified that both Children are "happy" and "enjoying their classes." The parties have disagreed about nearly every aspect of the Children's education, including whether to attend in-person or do remote learning during COVID-19. *See e.g.,* Ex. 5 (e-mails). Mother testified that Father has failed to ensure the Children complete homework and attend remote school. Father denied the claim. The Court finds no credible evidence to corroborate either parent's position was presented. The Court received no other credible evidence regarding this factor.

4. *If the children are of suitable age and maturity, the wishes of the children as to legal decision-making and parenting time.*

The Children are not of suitable age or maturity.

5. *The mental and physical health of all individuals involved.*

Mother testified that the child Asher has been diagnosed with ADHD and prescribed medication. She testified that she tried many alternatives to medication before putting the child on medication. She testified that medication has been effective. Father did not agree to medicating

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                           12/17/2020

Asher. *See e.g.,* Ex. 2 at Bates 11 (e-mails), Ex. 3 at Bates 13 (e-mails). Father expressed skepticism at the diagnosis for Asher. Father testified that he, too, was diagnosed with ADHD as a youth but he is actually "on the spectrum." Mother testified Asher has been evaluated for same, but his diagnosis is ADHD. No medical records for either child were offered. Father has expressed his intent to obtain a second opinion regarding Asher. Mother testified she welcomed Father doing so, but he has failed to take further action other than saying he would get the second opinion. The Court notes the parenting time schedule greatly limits Father's parenting time during normal office hours for healthcare providers. Mother testified she would have allowed Father additional parenting time to get a second opinion. Based on the e-mails admitted into evidence, the Court finds that testimony dubious. The parents frequently accuse each other of "custodial interference," as this Court has previously noted. *See* 8/2/19 Minute Entry at 4; *see also* Ex. 3.

Father testified he is "on the spectrum" and it is an "ongoing diagnosis" for which he receives treatment. He testified he was diagnosed with ADHD and received medication for "a few weeks" before discontinuing it. He further testified that he "got really sick" in early 2020, before the onset of COVID-19. He testified it has not been determined why he was ill, but his symptoms were COVID-like. He declined to exercise weekday parenting time from approximately March through May of 2020 because of his health. Father also testified that he has hypertension, and Mother is part of the reason why. No specific evidence regarding Mother's mental or physical health was admitted. The Court finds neither party has a condition that prohibits him or her from parenting the Children.

> 6. *Which parent is more likely to allow the children frequent, meaningful and continuing contact with the other parent.* [This paragraph does not apply if the Court determines that a parent is acting in good faith to protect the children from witnessing an act of domestic violence or being the victim of domestic violence or child abuse.]

The Court does not find that either parent is more likely to allow the Children frequent, meaningful and continuing contact with the other parent.

> 7. *Whether one parent intentionally misled the Court to cause an unnecessary delay, to increase the cost of litigation or to persuade the Court to give legal decision-making or parenting time preference to that parent.*

The Court does not find that either parent intentionally misled the Court to unnecessarily delay this matter, increase litigation costs. The Court finds both parents exaggerated certain aspects of their testimony to persuade the Court to give legal decision-making or parenting time preference to that parent.

> 8. *Whether there has been domestic violence or child abuse pursuant to A.R.S. § 25-403.03.*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                    12/17/2020

Mother testified that she obtained an order of protection against Father as a result of an online post he made about Mother and her husband, but no further evidence was presented. The Court received no credible evidence of any domestic violence or child abuse.

9. *The nature and extent of coercion or duress used by a parent in obtaining an agreement regarding legal decision-making or parenting time.*

No agreements were reached; this factor is inapplicable.

10. *Whether a parent has complied with Chapter 3, Article 5 of Title 25, Arizona Revised Statutes.*

The domestic relations education provisions of A.R.S. § 25-352 have been satisfied.

11. *Whether either parent was convicted of an act of false reporting of child abuse or neglect under A.R.S. § 13-2907.02.*

No credible evidence was presented that either parent has been convicted of an act of false reporting of child abuse or neglect.

### C.   A.R.S. § 25-403.03, -403.04, -403.05 Analysis

In addition to the foregoing, the Court must also consider any history of domestic violence or child abuse (A.R.S. § 25-403.03), any substance abuse issues (A.R.S. § 25-403.04), and any sexual offender/murderer issues (A.R.S. § 25-403.05).

1. *Domestic Violence or Child Abuse*

There are no alleged acts of domestic violence or child abuse.

2. *Substance Abuse*

There are no allegations as to substance abuse against either party.

3. *Sex Offender/Murderer*

There are no allegations relating to sex offenders or persons convicted of murder in the first degree.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                    12/17/2020

## **LEGAL DECISION-MAKING AUTHORITY**

Legal decision-making authority, as defined by A.R.S. § 25-401(3), means the legal right and responsibility to make all non-emergency legal decisions for a child including those regarding education, health care, religious training and personal care decisions. For the purpose of interpreting or applying any international treaty, federal law, a uniform code or the statutes of other jurisdictions of the United States, legal decision-making means legal custody.

**THE COURT FINDS** that based on the above, it is in Children's best interest that Mother and Father be awarded joint legal decision-making authority regarding Asher Rulnick (born January 1, 2012) and Jonah Rulnick (born October 18, 2014). The Court is greatly dismayed at the ongoing, high level of conflict between the parents. The parties either do not recognize, or choose to disregard, the negative impact their persistent conflict will likely have on the long-term well-being of their boys. The Court is extremely concerned about both parents' behaviors and orders co-parenting education below. The Court further finds that if either parent were awarded final (or sole) decision-making authority, that parent would likely completely exclude the other parent from decision-making. Such a result is not in the Children's best interests.

**IT IS THEREFORE ORDERED** awarding Mother and Father **joint** legal decision-making authority regarding Asher Rulnick (born January 1, 2012) and Jonah Rulnick (born October 18, 2014). For the purpose of this Order, "joint legal decision-making" means both parents share decision-making and neither parent's rights nor responsibilities are superior except with respect to specified decisions set forth herein. Parental decisions shall be required for major issues in raising the Children and in meeting on-going needs. When they arise, each parent shall give good faith consideration to the views of the other and put forth best efforts to reach a consensus decision. If the decision involves medical or schooling issues, the parties may further elect to seek input from treating physicians or educators. **Both parents shall be provided with such input. Neither party may make unilateral decisions on major issues for the Children.** If a parent makes an appointment for the Children that is non-emergent in nature, that parent must inform the other parent in writing using Our Family Wizard (or similar communication application; see order below) no less than 24 hours after the appointment is made.

**IT IS FURTHER ORDERED** that each parent shall complete the New Beginnings co-parenting educational program, which is offered through Southwest Human Development (602-633-8819), or the Co-Parenting with Boundaries program through Forensic Counseling and Evaluations (480-840-0400). Each parent shall complete the program no later than April 30, 2021. The parties may agree to participate in individualized, co-parenting counseling (or a similar co-parenting educational program at a private therapist's office that has a similar hourly requirement/curriculum) in lieu of the New Beginnings or Co-Parenting with Boundaries program.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                 12/17/2020

**IT IS FURTHER ORDERED** that Father may not file a petition to modify legal decision-making or parenting time until he has completed the above-ordered co-parenting education, barring an emergency.

**IT IS FURTHER ORDERED** that Mother may not file a petition to modify legal decision-making or parenting time until she has completed the above-ordered co-parenting education, barring an emergency.

## Parenting Time

Mother and Father share joint legal decision-making. "Shared legal decision-making does not necessarily mean equal parenting time." A.R.S. § 25-403.02(E). The following parenting plan is practical and also maximizes each parent's parenting time to the extent it is in the Children's best interests. *See* A.R.S. § 25-403.02(B).

**THE COURT FINDS** that both parties testified fewer exchanges would be in the Children's best interests. The Court agrees. The Court further finds that an equal parenting time schedule would be in the Children's best interests. Both parties indicated they engage in enrichment activities with the Children, or that they would desire to do more of those types of activities. The Court finds the current parenting time schedule is cumbersome and impractical, particularly given the great distance between the parties' residences (Mother lives in the northwest part of the Valley, Father in the southeast). Mother argued that Father should have less parenting time because he does not get the Children to school on time (when it was in-person), but Mother unilaterally chose the schools, knowing their distance from Father's home. Based on the evidence presented, the Court finds an equal parenting time schedule to be in the Children's best interests. In addition, a holiday parenting time schedule is set forth, as the original parenting plan failed to include one.

**IT IS THEREFORE ORDERED** that parenting time shall be exercised as follows:

A. **Regular Parenting Time (Equal Parenting Time – Week On/Week Off):**

   1. **Mother and Father:** Mother and Father shall have equal parenting time on a week on/week off basis. Mother's first week shall begin at 6:00 p.m. on Sunday, December 27, 2020.

   2. The regular exchange time will be at 6:00 p.m. on Sunday.

B. **Father's Holidays in Even-Numbered Years; Mother's Holidays in Odd-Numbered Years:**

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                              12/17/2020

1. **4th of July:** From 6:00 p.m. on July 3 until 9:00 a.m. on July 5.

2. **Thanksgiving:** Thanksgiving starts at the end of school before Thanksgiving Day or 6:00 p.m. on the Wednesday before Thanksgiving (whichever is earlier) and ends at 6:00 p.m. on the Sunday following Thanksgiving Day.

C. **Father's Holidays in Odd-Numbered Years; Mother's Holidays in Even-Numbered Years:**

1. **Spring Break:** From the end of school before the break until school resumes after the break.

2. **Halloween:** From 6:00 p.m. to 8:30 p.m. on October 31.

3. **Fall Break:** From the end of school before the break until school resumes after the break. With this schedule, a parent will have both spring break and fall break in a calendar year. However, the schedule ensures that the parents will alternate spring break and fall break by school year, with each parent having one of the school breaks.

D. **Other Holidays:**

1. **Winter Break:** Winter Break shall be divided into two equal halves. In even-numbered years, Mother shall receive the first half of the break and Father shall receive the second half of the break. In odd-numbered years, Father shall receive the first half of the break and Mother shall receive the second half of the break. Break shall begin when school ends for the holiday break shall end at 6:00 p.m. on the day before school resumes at the end of the holiday break.

2. **Father's/Mother's Day:** The Children shall be with Father on Father's Day and with Mother on Mother's Day. Father's/Mother's Day begins at 6:00 p.m. on the Friday before the day and ends at 6:00 p.m. on Sunday evening.

3. **All Other Holidays:** For any other holidays not detailed above, special occasions or birthdays, the regular access schedule shall apply.

E. **Holiday Time Priority:** Holiday time shall take priority over regular parenting time and summer vacation time.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                      12/17/2020

**F. Summer:** During the summer, the parties shall continue to use their week on/week off schedule. The exchanges shall occur at 6:00 p.m. on each Sunday.

### Additional Legal Decision-Making and Parenting Time Orders

**A. General Parental Communication:** In furtherance of the Children's best interests, the parents shall confer and shall consider the views of each parent. The parents shall communicate to address day-to-day and more significant issues. The parents shall use Our Family Wizard (or similar application, if agreed upon) as their primary method for communication. This method allows the parents to develop their communication and ensures both accountability and verifiability. Both parties shall maintain and regularly review their Our Family Wizard accounts. They shall each respond in a timely fashion, even if such response is merely to acknowledge the receipt of information. No more than two messages shall be sent per day, and the messages shall be brief (approximately five sentences). Communication that is not cordial in tone will be considered contrary to the Children's best interests in future proceedings.

**B. Exchanges:** All exchanges of the Children shall occur at the Chevron gas station located at 4352 East McDowell Road, Phoenix, Arizona 85008, unless the parties agree in writing to change the location.

**C. Travel:** If either Mother or Father has any desire to travel with the Children outside of the State of Arizona, that parent must provide the other parent with a written itinerary of their travel by no later than thirty (30) days prior to the intended date for travel. If either parent travels within the State of Arizona but more than 100 miles from that parent's home, that parent must provide the other parent with a written itinerary of their travel by no later than seven (7) days prior to the intended date for travel.

**D. Children's Communication with Both Parents:** Each parent shall have reasonable telephone contact with the Children when the Children are in the care of the other parent. The parent who does not have the Children overnight shall be entitled to communicate directly with the Children on that day. The communication shall allow for 10 minutes of communication with each child each day and shall occur between 7:15 p.m. and 7:45 p.m. The communication method shall allow the parent and each child to talk to each other and, if available, to view each other at the same time, such as through Skype or FaceTime. The parent who does not have the Children overnight shall initiate the contact; if that parent does not initiate the contact, that parent forfeits contact on that particular day.

**E. Parental Access to Records and Information:** Both parents are entitled to have equal access to prescription medication, documents, and other information concerning the Children's education and physical, mental, moral and emotional health including medical, school, police,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                          12/17/2020

court and other records directly from the custodian of the records or from the other parent. A person who does not comply with a reasonable request shall reimburse the requesting parent for court costs and attorney fees incurred by that parent to force compliance with this subsection. A parent who attempts to restrict the release of documents or information by the custodian, without a prior court order, is subject to appropriate legal sanctions.

     **F. Educational Arrangements:** Both parents have the right to participate in school conferences, events, and activities (including extra-curricular), and the right to consult with teachers and other school personnel.

     **G. Medical and Dental Arrangements:** Both parents have the right to authorize necessary emergency medical/dental treatment and the right to consult with physicians and other medical practitioners. Both parents shall advise the other parent immediately of any emergency medical/dental care sought for each child. Both parents shall cooperate on health matters pertaining to each child and shall keep one another reasonably informed regarding the status of each child's health. Both parents shall keep each other informed as to names, addresses, and telephone numbers of all medical/dental care practitioners.

     **H. Prescription Medications:** A parent with joint legal decision-making authority shall not designate one pharmacy in a single location as the only source of the Children's prescription medication without agreement of the other parent. A parent who attempts to withhold prescription medication without a prior court order is subject to appropriate legal sanctions.

     **I. Relocation:** Neither Mother nor Father shall relocate the residence of the Children outside of the State of Arizona or to a distance greater than 100 miles from the current residential locations unless that parent first secures the written consent of the other or secures a court order authorizing the move.

     **J. Mediation or Conciliation Services:** Except in an emergency or when addressing a time-sensitive issue, the parents shall participate in mediation through a private mediator or through this Court's Conciliation Services to resolve any disputes, problems or proposed changes regarding legal decision-making or parenting time. Per Rule 91(d) of the Arizona Rules of Family Law Procedure, the parties shall submit to mediation before the Court will hold an evidentiary hearing on any further legal decision-making or parenting time modification requests.

     **K. Periodic Review:** It is recognized that the needs of the Children may change over time. At a minimum, the parents shall review the terms of this overall plan at least every 24 months to address whether any changes may be appropriate.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                 12/17/2020

**L. Sex Offenders:** In accordance with A.R.S. § 25-403.05(B), a parent must notify the other parent immediately if the parent knows that a convicted or registered sex offender or a person who has been convicted of a dangerous crime against children (as defined in A.R.S. § 13-705) may have access to the Children. The parent must provide notice by first class mail (return receipt requested), by electronic means to an electronic mail address that the recipient provided to the parent for notification purposes or by other communication accepted by the Court.

**IT IS FURTHER ORDERED** that the parties shall download and utilize Our Family Wizard, or other agreed-upon application, as their primary communication method no less than ten (10) days from the date this Order is entered. If the parties cannot agree on an application, they shall use Our Family Wizard. Each party shall bear his/her own costs for the application.

## CHILD SUPPORT

**THE COURT FINDS** that a substantial and continuing change in circumstances exists as to warrant a modification of child support, as parenting time has been modified.

Accordingly,

**IT IS ORDERED** granting the parties' requests for a modification of child support.

The Court prepares a *Child Support Worksheet*, which incorporates the Court's findings and is filed with the Clerk of the Court herein. Specific details regarding those findings are as follows:
- Mother earns $52,197.00 annually. Ex. 19.
- The Court received no credible evidence that Father is incapable of earning the income previously attributed to him by the Court ($33.65 per hour). 8/2/19 Minute Entry at 5-6. Father did not provide any testimony on the issue. The previously-attributed income continues to be attributed to Father.
- The Court previously found that Father has one other biological child in his home. 8/2/19 Minute Entry at 6. That child continues to be reflected.
- Neither party pays for insurance coverage for the Children. Mother testified that the Children are covered by her husband, who is not a party to this case.
- The Court received no credible evidence that either party has childcare costs. Previously, the Court attributed $500.00 monthly to Mother. However, no evidence in this modification proceeding was presented on the issue, and the Court lacks sufficient evidence to continue attributing that figure. Furthermore, this Court does not attribute childcare costs when an equal parenting time schedule is ordered; both parents are equally responsible for paying for any needed childcare during his/her respective parenting time.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                    12/17/2020

- Two worksheets are prepared. The first is effective July 1, 2020, which is the first of the month following the month in which the first child support modification petition was filed. Mother is reflected as the primary residential parent, as the parties' parenting time as ordered in February 2018 remained in place as of that time. As the Court found in its November 2019 minute entry regarding parenting time days, *see* 11/19/19 Minute Entry at 1, 164 parenting time days are attributed under the 2018 parenting plan. That figure is reflected in the first worksheet.[2] Equal parenting time is reflected effective January 1, 2021.
- Therefore, Father's resulting obligation for the period July 1, 2020 through December 31, 2020 is $174.00 monthly. Effective January 1, 2021, Father's monthly obligation is $48.00.

**IT IS THEREFORE ORDERED** that Father shall pay to Mother as and for child support the amount of $174.00 per month for the period July 1, 2020 through December 31, 2020.

**IT IS FURTHER ORDERED** that Father shall pay to Mother as and for child support the amount of $48.00 per month, plus the Clearinghouse Fee, plus any arrears payments that he was previously ordered to pay, payable through the Support Payment Clearinghouse, due on the first day of each month, commencing January 1, 2021 by Income Withholding Order.

**IT IS FURTHER ORDERED** that Family Support Services shall initiate an Income Withholding Order as set forth above.

**IT IS FURTHER ORDERED** that any time an Income Withholding Order is not paying the child support obligation in full, Father shall make full and timely payments directly to the Support Payment Clearinghouse in accordance with the Instructions for Making Support Payments found in the Family Court Forms section at: https://www.clerkofcourt.maricopa.gov/home/showdocument?id=186

All payments shall be made through the Support Clearinghouse via an electronic Income Withholding Order. Father (Obligor) is advised that until such time as the Income Withholding Order becomes effective, he has an affirmative obligation to pay the child support directly to the Support Clearinghouse.

---

[2] The Court is aware the parties agreed in May 2020 that Father had 140 parenting time days per year for a 2019 child support calculation to resolve a Rule 85 motion. *See* 5/21/20 Minute Entry at 2. However, this Court's order is based on this Court's findings, not a prior settlement agreement reached by the parties.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                                  12/17/2020

All obligations for child support for each child shall terminate upon a finding of this Court that the child has attained the age of 18 years, or is otherwise emancipated. If any child attains the age of 18 years while attending high school, support shall continue to be provided during the period in which that child is actually attending high school but only until the child reaches 19 years of age. Support for special needs children may continue past the age of 18 based on a finding of this Court. Provisions for health insurance and non-insured health expenses for the Children, as provided for below, shall be deemed to be additional child support and shall be enforceable as such.

Pursuant to A.R.S. § 25-503(I), the right of a parent, guardian or custodian to receive child support payments as provided in this order vests as each installment falls due. Each vested child support installment is enforceable as a final judgment by operation of law.

Any change in the paying party's employment and any change in the residential address of either party **must** be submitted to the Clerk's Office, in writing, within 10 days of the change (A.R.S. §25-322(C)). Failure to notify the Clerk's Office of any change may be considered contempt of Court.

### Insurance and Unreimbursed Medical Expenses

**IT IS ORDERED** that Father shall provide and maintain medical insurance for the benefit of the minor children or ensure that children are enrolled in and covered by AHCCCS, and shall provide an insurance card and claim filing information/forms to Mother. All healthcare expenses incurred for the health and protection of the minor children not covered by insurance shall be paid by the parties in proportion to their incomes as reflected on the most recent *Child Support Worksheet*, currently 53% by Father and 47% by Mother.

**IT IS FURTHER ORDERED** a parent incurring unreimbursed medical expenses must request reimbursement from the other parent within 180 days of incurring the cost. A copy of the billing statement and proof of payment must be provided. The parent from whom reimbursement is sought will have 45 days to remit payment. If a parent does not submit a request for reimbursement within 45 days, the parent waives the right to reimbursement.

### Tax Exemption for Dependent Children

**IT IS ORDERED** that the parents may claim the children as eligible dependents on the parents' respective state and federal income tax returns as follows: Mother shall claim the child Asher each year and Father shall claim the child Jonah each year.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                                                              12/17/2020

**IT IS FURTHER ORDERED** Father may claim the aforementioned state and federal tax exemptions only if by December 31 of the tax year for which Father otherwise is entitled to claim the exemptions, Father has paid all current child support and Court-ordered child support arrearage payments for that tax year. If Father has not paid all current child support and Court-ordered child support arrearage payments by December 31, the other parent shall be entitled to claim the child(ren) as eligible dependent(s) for that particular tax year (i.e., the year ending that same December 31).

**IT IS FURTHER ORDERED** that if Father is not current in the total Court-ordered child support obligation for the current calendar year and/or any Court-ordered arrearage payment due during the calendar year for which the exemption is to be claimed but nevertheless claims the child for tax purposes, Father shall pay directly to the Support Payment Clearinghouse 100 percent of any and all tax refunds that Father receives, which shall be applied first towards Father's current child support obligation, and then towards any arrearage.

**IT IS FURTHER ORDERED** that the Parents shall cooperate and execute any and all necessary documents, including an Internal Revenue Service Form 8332, necessary to effectuate the aforementioned orders relating to the dependency tax exemptions for the children.

**IT IS FURTHER ORDERED** if a party claims an exemption to which he or she is not entitled, he or she may be held in contempt of court.

Even though the Court's judgment contains orders regarding medical insurance and the allocation of the right to claim the child as a dependent for the purposes of federal taxes, these orders are not necessarily binding on the IRS. Under the Affordable Care Act, the parent who claims a child as a dependent on a federal tax return has the obligation to ensure that the child is covered by medical insurance and may be penalized by the IRS for failing to do so.

### Exchange of Income Information

**IT IS ORDERED** that the parties shall exchange income information every 24 months. Said financial information shall include, but not be limited to: personal tax returns with all schedules, affidavits of financial information, earning statements and other such documentation necessary to establish or prove the income of either party. In addition, at the time of the exchange of financial information, the parties shall also exchange residential addresses and the names and addresses of their respective employers.

### ATTORNEY FEES AND COSTS

Both parties requested an award of attorney fees and costs. An award of attorney fees and costs is governed by A.R.S. § 25-324. Section 25-324 provides as follows:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                  12/17/2020

A. The court from time to time, after considering the financial resources of both parties[3] and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceedings under this chapter or chapter 4, article 1 of this title. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.

B. If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party:

1. The petition was not filed in good faith.
2. The petition was not grounded in fact or based on law.
3. The petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.

C. For the purpose of this section, costs and expenses may include attorney fees, deposition costs and other reasonableness expenses as the court finds necessary to the full and proper presentation of the action, including any appeal.

D. The court may order all amounts paid directly to the attorney, who may enforce the order in the attorney's name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

**THE COURT FINDS** that no substantial disparity of financial resources between the parties was demonstrated.

---

[3] A disparity in financial resources by itself does not mandate an award of fees to the party with fewer resources. *See Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9, 333 P.3d 818, 821 (App. 2014).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2017-054640                                                       12/17/2020

**THE COURT FURTHER FINDS** that both parents have acted unreasonably in this litigation. Neither has acted so much more unreasonably than the other such that attorney's fees shall be awarded.

**THE COURT FURTHER FINDS** that the provisions of A.R.S. § 25-324(B) do not apply.

**THE COURT FURTHER FINDS** that neither Mother nor Father knowingly presented a false claim, knowingly accused the other parent of making a false claim, or violated a court order compelling disclosure or discovery such that an award of attorney fees and costs is appropriate under A.R.S. § 25-415.

**IT IS THEREFORE ORDERED** denying both parties' requests for attorney fees and costs. Each party shall pay his or her own costs incurred in this matter.

## CONCLUSION

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.

**Mediation or Conciliation Services:** Except in an emergency or when addressing a time-sensitive issue, the parents shall participate in mediation through a private mediator or through this Court's Conciliation Services to resolve any disputes, problems or proposed changes regarding legal decision-making or parenting time. Per Rule 91(d) of the Arizona Rules of Family Law Procedure, the parties shall submit to mediation before the Court will hold an evidentiary hearing on any further legal decision-making or parenting time modification requests.

**IT IS FURTHER ORDERED** signing this minute entry as a formal, final, and appealable Order of this Court pursuant to Rule 78(c), Arizona Rules of Family Law Procedure and it shall be entered by the Clerk. No further matters remain pending.

_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/