# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW JACOB-SANDMAN SAYERS RULNICK,<br><br>███ RULNICK,<br>███ RULNICK,<br>& ███ RULNICK<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GOVERNMENT, ARIZONA, & DOJ, et al.<br><br>BREANNA RITCHY, NICOLE & JOHN SMEDLEY<br><br>SHERI SHEPARD & COMPANY<br><br>Defendants. | CASE NO. 2:2024cv02611<br><br>Assigned to Honorable Humetewa<br><br>PLAINTIFFS FIRST AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY, & MONETARY RELIEF |

## I. INTRODUCTION

1. This civil rights action is brought in the spirit of a plea for *Habeas Corpus* by Plaintiff Andrew Rulnick, proceeding Pro Se, and on behalf of his minor children, ███, ███, and ███ Rulnick (collectively "the Children" or "the Plaintiffs," with the Children represented by their father and Next Friend, Andrew Rulnick). Plaintiffs seek immediate and comprehensive redress for a sustained and egregious pattern of systemic discrimination, abuse of process, and violation of fundamental rights. These injustices have been perpetrated by the named Defendants: Arizona state actors, local government entities, private individuals colluding with state power, and a demonstrably negligent United States Department of Justice. This is not simply a legal dispute; it is an urgent plea for justice, demanding immediate intervention to protect fundamental liberties.

2. For years, Defendants have waged a deliberate and malicious campaign to strip Plaintiff Andrew Rulnick and the Children of their core constitutional and civil rights, acting under color of state law and in concert with private individuals. This campaign encompasses: denial of equal access under the Americans with Disabilities Act (ADA) and the Rehabilitation Act; denial of due process and equal protection under the Fourteenth Amendment; cruel and unusual punishment under the Eighth Amendment; suppression of the right to petition for redress of grievances under the First Amendment; and the obliteration of the fundamental right to parent and maintain familial integrity – all in direct and knowing violation of the Protective Orders issued by then-Judge (now Chief Justice) Alison Bachus of the Arizona Superior Court, Maricopa County. **(See Exhibit 1 – Bachus Order).** The urgency of this situation cannot be overstated; Plaintiffs are suffering *ongoing* harm *every single day* that Defendants' unlawful conduct continues.

3. Defendants' actions constitute a profound betrayal of public trust and a shocking abdication of legal and ethical responsibility. The Arizona Superior Court's own orders, intended to protect vulnerable children and a disabled parent, were treated as mere suggestions, to be ignored and actively undermined by the very entities and individuals sworn to uphold the law. This is not simply a case of individual misconduct; it is evidence of a systemic breakdown of the rule of law within Arizona, demanding immediate federal intervention.

4. The cumulative effect of Defendants' conduct has been to construct a cage of injustice around Plaintiff and his Children, unlawfully restraining their liberty and well-being. This demands urgent intervention by this Honorable Court to restore their fundamental freedoms and provide meaningful redress. This action is brought to reclaim those freedoms, to hold the Defendants accountable for their egregious misconduct, and to compel systemic reform to prevent such injustices from ever recurring. This Court must enforce the Arizona Superior Court's disregarded orders and ensure that judicial pronouncements in Arizona are not rendered meaningless.

5. Defendants' actions have had catastrophic consequences, financially ruining Plaintiff and deliberately sabotaging his life's work. Plaintiff Andrew Rulnick, the founder of the Artificial Intelligence company DESIGNA, LLC, a company with an estimated value of between **one trillion and one and a half trillion dollars** (See **Exhibit 2**), has been driven into bankruptcy and poverty. His groundbreaking research, his company, and his ability to provide for his children have been systematically destroyed. This is not a simple business dispute; it is the intentional dismantling of a life and a potentially world-changing enterprise. Because of the immediate and ongoing harm, Plaintiffs urgently request a Writ of Restitution, providing emergency financial assistance from federal victims' relief funds. This assistance, in the amount of at least **ten million dollars**, is essential to prevent further irreparable damage and to allow Plaintiff to begin the long process of rebuilding.

6. Lead Plaintiff & Pro Se, with High-Functioning Autism Spectrum Disorder (HFASD), has been systematically denied *any* reasonable accommodations by *every* Arizona instrumentality, including its courts, law enforcement, social services, and the Arizona Superior Court Clerk's Office. This Title II and Rehabilitation Act violation *is not a matter of dispute; it is a matter of record*. Defendants weaponized and exploited Plaintiff's disability, obstructing his access to justice, undermining his defense against malicious prosecutions, and exacerbating his suffering, all while directly defying Judge Bachus's intent to ensure fairness for Plaintiff. This discriminatory denial of mandated interactive processes and accommodations has been central to Defendants' lawfare and prejudice campaign. While nascent reforms are visible within Arizona, they are insufficient and far too late. *The ongoing failure to accommodate, even after Judge Bachus's rulings, reveals the entrenched systemic discrimination and the urgent need for immediate injunctive relief compelling ADA compliance.* **The Defendant Attorneys, as gatekeepers of the legal system, are particularly culpable in this ADA violation, having demonstrably failed to ensure equal access to justice for a disabled litigant and instead actively contributing to his procedural disadvantage.**

7. Defendants [Attorney 1 Name] and [Attorney 2 Name], attorneys for State and local government Defendants, compounded the injustices through legal malpractice, unethical conduct, and active participation in covering up the systemic rights violations. These attorneys are not merely legal representatives; they are active participants in obstructing justice and denying Plaintiffs their fundamental rights.

8. Plaintiffs, therefore, seek *immediate* injunctive relief to halt the ongoing violations, declaratory relief establishing the unconstitutionality and illegality of Defendants' actions, and an award of compensatory and punitive damages, including emergency financial assistance from federal victims' relief funds, encompassing a Writ of Restitution for at least **Ten Million Dollars ($10,000,000.00)**. Recognizing Arizona Courts' manifest inability or unwillingness to provide a just forum, Plaintiffs urgently request this Honorable Court to Order the Arizona Superior Court, Maricopa County, Family Court Division, to *release jurisdiction* over the pending child custody matters involving Plaintiff and the Children to the **Court of Common Pleas of Summit County, Ohio**, a jurisdiction demonstrably committed to protecting Plaintiff's rights and ensuring fair process. Plaintiffs seek full recompense for incalculable harms and demand systemic reforms to prevent future injustices. *The Ohio Court of Common Pleas has already demonstrated its capacity and willingness to provide reasonable accommodations and uphold Plaintiff's rights, offering a stark and welcome contrast to Arizona's rights-denying environment, and providing a demonstrably more appropriate venue for ongoing family law matters, given the urgent need for immediate relief and protection.* **This Court must send a clear and unequivocal message that legal malpractice and the weaponization of the justice system to deprive individuals of their rights will not be**

**tolerated, and that attorneys who betray their ethical obligations to serve injustice will be held fully accountable.** Further recognizing that the existing family law matters be transferred, forthwith to Ohio, as the Plaintiff's and Plaintiffs' primary and permanent residence. Plaintiff will seek assistance from this Court for US Marshals to relocate the Plaintiffs, at Defendants' expense. Plaintiff will further request that the Ohio court be compelled to assist the Plaintiff with perfecting the filings and receiving orders from this Court and/or the Ninth Circuit.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Constitution and laws of the United States, including the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.). This Court also has jurisdiction under 42 U.S.C. § 1983 and § 1985.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and because certain Defendants reside and are located within this District.

## III. PARTIES

1. **Plaintiff Andrew Rulnick** is an individual with High-Functioning Autism Spectrum Disorder (HFASD) and is a resident of Akron, Ohio. He brings this action pro se and as "Next Friend" and Father of his minor children in common with two of the defendants named. Plaintiff meets all requirements for "Next Friend" standing, as established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), and *Coalition of Clergy v. Bush*, 310 F.3d 1153 (9th Cir. 2002), as he is dedicated to the best interests of his Children, has a significant relationship with them, and they are unable to litigate their own claims due to their minority and, in some cases, documented cognitive impairments. Plaintiff has previously gone on record before the Ohio Court of Common Pleas, Summit County, Ohio, detailing the abuses perpetrated against him and his children by the Defendants in Arizona, and the Ohio Court has received these accounts with concern and a clear commitment to ensuring justice and protecting Plaintiff's rights.

2. **Plaintiff ▮▮▮▮ Rulnick** (first name to be redacted in public filings for privacy) is a minor child and resident of Arizona, and a direct victim of Defendants' unlawful actions and the violation of Judge Bachus's Protective Orders. He is a Plaintiff in this action, represented by his "Next Friend", and Father, Andrew Rulnick.

3. **Plaintiff ▮▮▮▮ Rulnick** (first name to be redacted in public filings for privacy) is a minor child and resident of Arizona, and a direct victim of Defendants' unlawful actions and the violation of Judge Bachus's Protective Orders. He is a Plaintiff in this action, represented by his "Next Friend", and Father, Andrew Rulnick.

4. **Plaintiff ▮▮▮▮ Rulnick** (first name to be redacted in public filings for privacy) is a minor child and resident of Arizona, and a direct victim of Defendants' unlawful actions and the violation of Judge Bachus's Protective Orders. She is a Plaintiff in this action, represented by her "Next Friend", and Father, Andrew Rulnick.

5. **Defendant State of Arizona** is a sovereign state and a Defendant herein, responsible for the systemic failures and constitutional violations perpetrated by its instrumentalities and officials, and for the widespread and unchecked violation of Judge Bachus's Orders within its jurisdiction. The State employs and contracts with many of the individuals directly responsible for the prejudice and lawfare against Plaintiffs. The State of Arizona, its agents, and instrumentalities are subject to suit for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908). Individual state actors, sued in their individual capacities, are not shielded by sovereign immunity for their violations of clearly established federal law.

6. **Defendant Katie Hobbs**, Governor of Arizona, is sued in both her official and individual capacities. As Governor, she is responsible for the executive branch's oversight and failure to prevent or remedy the systemic rights violations, and the violations of Judge Bachus's Orders.

7. **Defendant Kris Mayes**, Attorney General of Arizona, is sued in both her official and individual capacities. As Attorney General, she is responsible for legal representation and oversight of state agencies and officials, and for the failure to investigate and prosecute the civil rights violations, and the violations of Judge Bachus's Orders.

8. **Defendant City of Mesa** is a municipal corporation and political subdivision of Arizona. It is responsible for the actions of its police department and city court, and for systemic rights violations, including false arrests, excessive force, malicious prosecution, and the denial of ADA accommodations. The City of Mesa, through its agents, also directly violated and contributed to the nullification of Judge Bachus's Orders.

9. **Defendant City of Phoenix** is a municipal corporation and political subdivision of Arizona. It is responsible for the actions of its police department and city court, and for any systemic rights violations perpetrated by these entities, including any false arrests, excessive force, malicious prosecution, and denial of ADA accommodations that may be proven through discovery, contributing to the pattern of abuse and disregard for judicial authority.

10. **Defendant Town of Gilbert** is a municipal corporation and political subdivision of Arizona. It is responsible for the actions of its police department and city court, and for any systemic rights violations perpetrated by these entities, including any false arrests, excessive force, malicious prosecution, and denial of ADA accommodations that may be

proven through discovery, contributing to the pattern of abuse and disregard for judicial authority.

11. **Defendant Paradise Valley Unified School District** is a political subdivision of Arizona. It is responsible for refusing to uphold court orders regarding Plaintiff Andrew Rulnick's parental rights, actively aiding and abetting Defendant Nicole Smedley in violating those orders, and fostering an environment where judicial directives were treated as optional, thereby directly undermining Judge Bachus's Orders.

12. **Defendant Ann Furnish**, Senior Administrator at Paradise Valley Unified School District, is sued in both her official and individual capacities. She is responsible for directly ignoring Plaintiff's court-ordered parental rights, enabling Nicole Smedley's violations of court orders, refusing to produce legally required records, and perpetuating a culture of non-compliance with judicial mandates.

13. **Defendant Stephen Jeras**, Senior Administrator at Paradise Valley Unified School District, is sued in both his official and individual capacities. He is responsible for directly ignoring Plaintiff's court-ordered parental rights, enabling Nicole Smedley's violations of court orders, refusing to produce legally required records, and perpetuating a culture of non-compliance with judicial mandates.

14. **Defendant Nicole & John Smedley** Nicole is an individual and former spouse of Plaintiff Andrew Rulnick, and Nicole's 2nd husband is John Smedley; residing in Arizona, and are named as a Defendants for their role in conspiring with State Actors to violate Plaintiffs' rights, perpetrate parental alienation, and actively orchestrate the violation and nullification of Judge Bachus's Orders, directly harming the Plaintiff and the Children.

15. **Defendant Breanna Ritchey** is an individual and a former spouse of Plaintiff Andrew Rulnick, residing in Arizona, and is named as a Defendant for her role in conspiring with State Actors to violate Plaintiffs' rights, perpetrate parental alienation, and actively orchestrate the violation and nullification of Judge Bachus's Orders, directly harming the Plaintiff and the Children.

16. **Defendant [Attorney 1 Name]**, an attorney licensed to practice law in Arizona, employed by [Law Firm Name] and compensated by Defendant [Specify Government Entity Defendant, e.g., State of Arizona or City of Mesa], is named as a Defendant for engaging in legal malpractice, unethical conduct, conspiracy to violate Plaintiffs' rights, active participation in the deliberate subversion and nullification of Judge Bachus's Protective Orders, *knowing misrepresentations to the court*, and the *deliberate frustration of justice* in this matter. This attorney is not merely a legal representative, but an active participant in a scheme to obstruct justice and deny Plaintiffs their fundamental rights.

17. **Defendant [Attorney 2 Name]**, an attorney licensed to practice law in Arizona, employed by [Law Firm Name] and compensated by Defendant [Specify Government Entity Defendant], is named as a Defendant for engaging in legal malpractice, unethical conduct, conspiracy to violate Plaintiffs' rights, active participation in the deliberate subversion and nullification of Judge Bachus's Protective Orders, *knowing misrepresentations to the court*, and the *deliberate frustration of justice* in this matter. This attorney is not merely a legal representative, but an active participant in a scheme to obstruct justice and deny Plaintiffs their fundamental rights.

18. **Defendant Mesa Police Department Officers [Badge Number 1], [Badge Number 2], [and any other officers, with badge numbers if known, otherwise "John Doe Officers 1-X"]** are police officers employed by the City of Mesa, sued in their individual and official capacities. They are named as Defendants for violating Plaintiff's Eighth and Fourteenth Amendment rights through false arrest and excessive force, and for violating the spirit and intent of Judge Bachus's Protective Orders by contributing to the overall climate of harassment and intimidation against Plaintiff.

19. **Defendant Arizona Department of Child Safety Staffers [Staffer 1 Name], [Staffer 2 Name], [and any other staffers by name if known, otherwise "Jane Doe DCS Staffers 1-X"]** are employees of the Arizona Department of Child Safety, sued in their individual and official capacities. They are named as Defendants for failing to release legally required public records, failing to accurately document events, violating Title II of the ADA by denying accommodations, and demonstrably failing to protect the Children from parental alienation and the denial of their father's rights, thereby contributing to the violation of Judge Bachus's Orders.

20. **Defendant Arizona Superior Court Clerk's Office** is an office of the Arizona Superior Court, Maricopa County, responsible for maintaining court records and facilitating court procedures. It is named as a Defendant for systemic failures to provide ADA-mandated accommodations, for obstructing and delaying Plaintiff's filings, and for contributing to the denial of Plaintiff's right to access to the courts, thereby actively undermining the authority of Judge Bachus's Orders by creating a system where Plaintiff could not effectively seek enforcement. It's Chief Officer, Kimberly Clark and others are implicated

21. **Defendant Arizona Superior Court Judicial Assistants [Judicial Assistant 1 Name], [Judicial Assistant 2 Name] [and any other judicial assistants by name, if applicable]** are judicial assistants employed by the Arizona Superior Court, Maricopa County, sued in their individual and official capacities. They are named as Defendants for their role in perpetuating the denial of ADA accommodations, contributing to procedural obstruction, and directly undermining Judge Bachus's Orders through their actions and inactions within the court system.

22. **Defendant United States Department of Justice** is an agency of the United States Federal Government. It is named as a Defendant for its egregious failure to investigate and intervene to prevent the ongoing and systemic civil rights violations perpetrated by the State of Arizona and other Defendants, despite credible evidence and repeated pleas for federal assistance. The Department of Justice's failure to enforce the principles of equal justice and ADA compliance in a state system demonstrably in need of federal oversight, particularly in light of the repeated violations of Judge Bachus's Protective Orders, constitutes a dereliction of duty and makes it complicit in the ongoing harm.

**FACTUAL BACKGROUND**

1. Plaintiff Andrew Rulnick, a father and a gifted computer scientist with High-Functioning Autism Spectrum Disorder (HFASD), sought a stable and just environment for his family in Arizona. He *found*, instead, a coordinated and malicious campaign of discrimination, abuse of process, and utter disregard for his fundamental rights, orchestrated by the Defendants and facilitated by the systemic failures of Arizona's legal and governmental institutions. This campaign was waged not only against Plaintiff, but also against his children, ███, ███, and ███, whose youth and vulnerabilities were exploited by those who were duty-bound to protect them.

2. **Pattern and Practice of Systemic Violations:** The actions of the Defendants, as detailed herein, are not isolated incidents. They represent a *pattern and practice* of systemic discrimination, abuse of process, and denial of fundamental rights, perpetrated against Plaintiff and the Children. This pattern is characterized by:

    - **Consistent and repeated denial of reasonable accommodations** to Plaintiff Andrew Rulnick under the ADA and Rehabilitation Act, across multiple state and local government entities.

    - **Systematic disregard and nullification of Judge Bachus's Protective Orders**, demonstrating a breakdown of the rule of law and a lack of respect for judicial authority within Arizona.

    - **Use of law enforcement and the courts as tools of harassment and intimidation**, including false arrests, excessive force, and malicious prosecutions.

    - **Deliberate parental alienation tactics** employed by Defendants Nicole Smedley and Breanna Ritchey, with the active or passive complicity of other Defendants.

    - **Obstruction of justice and legal malpractice** by Defendant Attorneys, who actively worked to conceal and perpetuate the rights violations.

    - **Failure of the United States Department of Justice** to intervene despite credible evidence of systemic civil rights violations.

This pattern and practice demonstrates a *culture of impunity* within Arizona's legal and governmental systems, where individuals with disabilities and those who challenge the status quo are systematically targeted, marginalized, and denied their fundamental rights.

3. **The Bachus Orders: A Promise Betrayed and Nullified:** In [Year – insert year of Bachus Order], the Arizona Superior Court, Maricopa County, under then-Judge Alison Bachus, recognized the vital importance of safeguarding Plaintiff's parental rights and ensuring a stable, supportive environment for the Children. Judge Bachus issued clear, comprehensive, and legally binding Orders **(Exhibit 1)**, explicitly designed to:

    - Guarantee Plaintiff frequent, meaningful, and consistent parenting time with the Children.
    - Mandate joint legal decision-making authority between Plaintiff and Defendant Nicole Smedley.
    - Establish clear communication protocols and mechanisms for parental cooperation, designed to prevent conflict and protect the Children's best interests.
    - Affirm the Children's best interests as the paramount consideration in all parenting-related decisions.
    - These Orders were not suggestions; they were *mandates* from the Court, intended to provide a framework for fair and equitable co-parenting.
    - Their existence was ignored in all following proceedings, in error & prejudice.

4. **Systematic and Coordinated Nullification of the Bachus Orders by All Defendants:** Despite the clarity, force, and binding legal authority of Judge Bachus's Orders, each category of Defendant named herein, acting individually and in a *proven*, coordinated conspiracy, systematically and deliberately disregarded, undermined, and effectively *nullified* these Protective Orders. This was not a case of isolated incidents or unintentional oversights; it was a *coordinated campaign* to deprive Plaintiff and the Children of their rights and to render the Arizona Superior Court's own orders *meaningless*.

    - **Paradise Valley Unified School District, Furnish, and Jeras:** These Defendants *actively colluded* with Defendant Nicole Smedley to violate the Bachus Orders. They systematically excluded Plaintiff from educational decisions, communications, and access to school records, despite the explicit mandate for joint legal decision-making. They *knowingly* placed the desires of a single, favored employee (Defendant Smedley) above the rule of law and the rights of a father and his children. This was a deliberate and calculated act of defiance against judicial authority.

- **Arizona Department of Child Safety (DCS) Staffers:** DCS repeatedly *failed* to investigate or intervene to prevent the escalating parental alienation and the violation of Plaintiff's parental rights, despite clear evidence of Defendant Smedley's non-compliance with the Bachus Orders and Plaintiff's urgent pleas for assistance. DCS's inaction *actively sanctioned* and *enabled* the continued violation of Judge Bachus's Orders, leaving the Children vulnerable and Plaintiff without recourse. This was not negligence; it was a conscious choice to disregard judicial directives and abandon their duty to protect children.

- **Arizona Superior Court Clerk's Office and Judicial Assistants:** These Defendants erected procedural barriers and systematically *denied* Plaintiff the reasonable accommodations required by the ADA, hindering his ability to *enforce* the Bachus Orders and to seek any redress for their violation *within the very court system that issued them*. This denial of access to the courts was not a mere administrative oversight; it was a *critical component* in the systemic nullification of Judge Bachus's authority, rendering her orders unenforceable for a disabled litigant.

- **City of Mesa, City of Phoenix, Town of Gilbert, and Their Law Enforcement Agencies (Mesa PD Officers):** Through a pattern of malicious prosecutions, false arrests, and excessive force, these Defendants waged a campaign of lawfare and intimidation against Plaintiff. This campaign was not unrelated to the family court matters; it *directly interfered* with Plaintiff's ability to co-parent, to enforce his rights, and to protect his Children, thereby indirectly, but effectively, undermining the Bachus Orders. The physical abuse of Plaintiff by Mesa PD Officers **(Exhibit [Mesa PD Video Exhibit Number])** exemplifies the extreme lengths to which Defendants would go to silence and discredit Plaintiff.

- **Defendant Attorneys [Attorney 1 Name] and [Attorney 2 Name]:** These attorneys, acting as counsel for various State and local government Defendants, *actively participated* in legal strategies designed to obstruct justice, shield their clients from accountability for violating the Bachus Orders, and further prejudice Plaintiff's ability to protect his rights and enforce judicial mandates. They *abused* their positions as officers of the court to further a campaign of injustice, knowingly undermining judicial authority and perpetuating the harm to Plaintiff and the Children.

- **Nicole Smedley, John Smedley, and Breanna Ritchey:** These Defendants, Plaintiff's former spouses, actively and maliciously weaponized the Arizona legal system, colluding with State Actors to perpetrate a campaign of parental alienation, directly violating the letter and spirit of Judge Bachus's Orders and inflicting profound emotional harm on Plaintiff and the Children. They used the

Children as pawns in a deliberate effort to destroy Plaintiff's relationship with his children and to undermine the authority of the court.

5. **Systemic ADA Violations: Weaponizing Disability:** Plaintiff's HFASD was not merely ignored by the Defendants; it was *weaponized* against him. He was systematically denied *any* form of reasonable accommodation throughout his interactions with Arizona's legal and governmental systems:

    - **Arizona Superior Court, Maricopa County:** Plaintiff's requests for written communication, extended deadlines, plain language explanations—basic accommodations mandated by the ADA—were consistently *denied*, making it virtually impossible for him to navigate the complex and hostile legal environment. This directly and intentionally impacted his ability to defend his parental rights and enforce Judge Bachus's orders.
    - **Mesa City Court:** The denial of accommodations continued in criminal proceedings, significantly prejudicing Plaintiff's defense against fabricated and retaliatory charges.
    - **Arizona Department of Child Safety:** DCS refused to engage in *any* interactive process or provide accommodations, making communication and cooperation – essential in child welfare matters – extraordinarily difficult, and furthering the campaign of parental alienation.
    - **Arizona Superior Court Clerk's Office:** This office, the *gateway* to the court system, erected systemic barriers: inaccessible online systems, inflexible filing requirements, and a complete lack of responsiveness to Plaintiff's requests for assistance. This effectively *denied Plaintiff access to justice itself*, making it impossible for him to seek redress for the ongoing violations of his rights and the nullification of Judge Bachus's Orders.

6. **Lawfare and Intimidation: False Arrests, Excessive Force, and Malicious Prosecutions:** The Defendant Cities of Mesa, Phoenix, and Gilbert, and their respective law enforcement agencies, engaged in a coordinated campaign of lawfare against Plaintiff, utilizing false arrests, excessive force, and malicious prosecutions to harass, intimidate, financially cripple, and silence him. This was not random; it was a *targeted campaign* designed to undermine his ability to fight for his rights and protect his Children. Examples include:

    - On or about [Date], Mesa Police Officers [Names or Badge Numbers if Known], without probable cause, falsely arrested Plaintiff for [Alleged Offense], Case No. [Mesa Case Number]. **(See Exhibit [Arrest Report Exhibit Number]).** This arrest was a direct act of retaliation for Plaintiff's attempts to enforce Judge Bachus's Orders and protect his children.

- During the unlawful arrest on [Date], Mesa Police Officers used excessive force against Plaintiff, causing a severe elbow injury, as *documented* in Exhibit [Mesa PD Video Exhibit Number]. This was not an accident; it was a deliberate act of violence intended to inflict pain and intimidate Plaintiff.

- The charges in Mesa City Court Case No. [Case Number] were based on fabricated evidence and *provably* false statements by [Defendant Name], and were maliciously pursued to harass Plaintiff and interfere with his ability to litigate the family court and federal cases.

7. **Parental Alienation: The Weaponization of the Children:** Defendants Nicole Smedley and Breanna Ritchey, aided and abetted by the inaction and active complicity of other Defendants, engaged in a deliberate and devastating campaign of parental alienation, turning the Children against Plaintiff and destroying his relationship with them. This campaign was a direct and malicious violation of Judge Bachus's Orders, and inflicted profound emotional harm on both Plaintiff and the Children. This campaign included:

    - Defendant Nicole Smedley has consistently and *intentionally* withheld the Children from court-ordered parenting time with Plaintiff, in flagrant violation of Judge Bachus's Orders. **(See Exhibit [Parental Alienation Communication Exhibit Number]).**

    - Defendant Breanna Ritchey repeatedly made *provably false* allegations of [Nature of Allegations] against Plaintiff to DCS and law enforcement, knowing these allegations were false and intended to damage Plaintiff's relationship with the Children and influence court proceedings. **(See Exhibit [False Allegations Exhibit Number]).**

    - These actions were not only a gross violation of the Children's best interests, but a calculated strategy to leverage the family court system against Plaintiff, using the Children as pawns in a campaign of personal and legal destruction.

8. **Economic Devastation: The Destruction of DESIGNA, LLC:** The relentless campaign waged by Defendants has had a catastrophic economic impact on Plaintiff. His groundbreaking work in Artificial Intelligence, through his company DESIGNA, LLC, has been directly and deliberately sabotaged.

    - Plaintiff's repeated false arrests, the ongoing stress of defending against malicious prosecutions, and the constant need to fight for his parental rights and ADA accommodations demonstrably interfered with his ability to secure funding, meet deadlines, and manage DESIGNA, LLC. **(See Exhibit [Business Records Exhibit Number]).** This was not a coincidence; it was a *foreseeable consequence* of Defendants' unlawful actions.

- DESIGNA, LLC, focused on cutting-edge AI research and development, possessed a *demonstrable* value of **$1 to $1.5 Trillion Dollars**, based on comparable companies and the innovative nature of Plaintiff's work. **(See Exhibit [DESIGNA Valuation Exhibit Number]).** Defendants' actions have effectively destroyed this value, forcing Plaintiff into bankruptcy and poverty. This economic devastation is a *direct and proximate result* of Defendants' unlawful conduct, and they must be held accountable for the full measure of this harm.

9. **Ohio's Sanctuary: A Stark Contrast and the Need for Jurisdictional Transfer:** In stark and telling contrast to the systemic injustice encountered in Arizona, the Ohio Court of Common Pleas, Summit County, has provided Plaintiff with reasonable accommodations, upheld his rights, and demonstrated a genuine commitment to fairness and justice. **(See Exhibit [Ohio Court Order Exhibit Number]).** This positive experience in Ohio underscores that jurisdiction's preparedness and commitment to protecting Plaintiff's rights and the best interests of his Children. *Given the Arizona Courts' demonstrable and entrenched failures to provide justice and safety for Plaintiffs, transferring jurisdiction of the pending child custody matters to the Ohio Court of Common Pleas is not merely a preference; it is an absolute necessity for the protection of the Children and the vindication of their rights.* The Ohio courts have *already* shown a willingness and ability to provide what Arizona has demonstrably refused: a fair forum, respect for judicial orders, and basic human decency.

10. **Exhaustion of Remedies and the Urgent Need for Federal Intervention:** Plaintiff has exhausted all reasonable avenues for redress within the State of Arizona. The Arizona Courts have demonstrably failed to protect his rights and enforce their own orders, specifically the Orders issued by Judge Bachus. State agencies and officials have actively participated in or condoned the ongoing pattern of abuse. Only federal intervention can now provide effective relief and prevent further irreparable harm. The urgency of this situation, the ongoing deprivation of fundamental liberties, compels this Court to act in the spirit of Habeas Corpus, intervening decisively to protect Plaintiff and the Children. Plaintiff is prepared to present evidence, including the exhibits referenced herein, to establish, *beyond any reasonable doubt*, the facts asserted in this Complaint.

**CLAIMS FOR RELIEF**

**COUNT I: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT – SYSTEMIC DISCRIMINATION AND FAILURE TO ACCOMMODATE PLAINTIFF ANDREW RULNICK**

1. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

2. Defendant State of Arizona, and its instrumentalities and political subdivisions, including but not limited to Defendants Arizona Superior Court, Maricopa County (including its Clerk's Office and Judicial Assistants), Mesa City Court, City of Mesa, City of Phoenix, Town of Gilbert, Paradise Valley Unified School District, and Arizona Department of Child Safety, are public entities subject to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. Plaintiff Andrew Rulnick is a qualified individual with a disability under the ADA and the Rehabilitation Act due to his High-Functioning Autism Spectrum Disorder (HFASD).

4. Defendants, as public entities, *had* a legal obligation to provide Plaintiff Andrew Rulnick with reasonable accommodations to ensure his equal access to their services, programs, and activities, including access to the courts, law enforcement, public education, and social services, and to engage in a good-faith interactive process to determine effective accommodations. *They demonstrably, and with malicious intent, failed to do so.*

5. Defendants systematically and intentionally *failed* to provide Plaintiff Andrew Rulnick with reasonable accommodations, and *refused* to engage in any meaningful interactive process, instead weaponizing and exploiting his disability to obstruct his access to justice, undermine his parental rights, and inflict further harm upon him and his Children, all in direct defiance of the spirit and intent of the Bachus Protective Orders, and provable Federal Law. This systemic failure to accommodate constitutes *proven* unlawful discrimination on the basis of disability in violation of Title II of the ADA and Section 504 of the Rehabilitation Act.

6. As a direct and proximate result of Defendants' *proven* discriminatory conduct, Plaintiff Andrew Rulnick has suffered significant damages, including but not limited to: denial of meaningful access to the courts; denial of fair and equitable treatment in legal proceedings; severe emotional distress and mental anguish; financial losses and economic harm; and deprivation of fundamental rights and liberties.

**COUNT II: VIOLATION OF THE FOURTEENTH AMENDMENT – DENIAL OF DUE PROCESS AND EQUAL PROTECTION**

1. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

2. Defendants State of Arizona, its instrumentalities and political subdivisions, and individual State Actor Defendants acting under color of state law, *violated* Plaintiff Andrew Rulnick's rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution.

3. Defendants, through their coordinated and malicious actions, *deprived* Plaintiff Andrew Rulnick of fundamental fairness in legal proceedings, subjected him to abuse of process and malicious prosecutions, denied him reasonable accommodations essential for meaningful participation in the legal system, and engaged in a pattern of discriminatory treatment and harassment, all in violation of his Fourteenth Amendment rights, and in *proven* defiance of Judge Bachus's prior rulings designed to ensure fairness and due process.

4. Defendants' actions were intentional, malicious, and undertaken in bad faith, with deliberate indifference to Plaintiff Andrew Rulnick's constitutional rights.

5. As a direct and proximate result of Defendants' *proven* violations of the Fourteenth Amendment, Plaintiff Andrew Rulnick has suffered significant damages, including but not limited to: denial of due process and fair legal proceedings; malicious prosecution and false arrest; severe emotional distress and mental anguish; financial losses

**COUNT III: VIOLATION OF THE EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT (EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE)**

1. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

2. Defendant City of Mesa and Defendant Mesa Police Department Officers [List Badge Numbers or Names if Known], acting under color of state law, *violated* Plaintiff Andrew Rulnick's rights under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

3. Defendant Mesa Police Department Officers subjected Plaintiff Andrew Rulnick to excessive force during an unlawful arrest, inflicting physical injury and pain, as *proven by* **(Exhibit [Mesa PD Video Exhibit Number])**.

4. Defendants, through the actions of Mesa Police Department Officers, also demonstrated deliberate indifference to Plaintiff Andrew Rulnick's serious medical needs by denying him necessary medical care and attention after inflicting injury, further violating his Eighth Amendment rights.

5. Defendants' actions were intentional, malicious, and undertaken in bad faith, with deliberate indifference to Plaintiff Andrew Rulnick's constitutional rights and physical well-being.

6. As a direct and proximate result of Defendants' *proven* violations of the Eighth Amendment, Plaintiff Andrew Rulnick has suffered significant damages, including but not limited to: physical pain and suffering; physical injury and long-term medical consequences; severe emotional distress and mental anguish; and further deprivation of his liberty and fundamental rights.

**COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS – 42 U.S.C. § 1983 and 42 U.S.C. § 1985**

1. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

2. Defendants, including State Actor Defendants, Local Government Defendants, Private Individual Defendants Nicole Smedley and Breanna Ritchey, and Attorneys [Attorney 1 Name] and [Attorney 2 Name], engaged in a *proven* conspiracy to violate Plaintiffs' civil rights, in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

3. Defendants *acted* in concert and agreement to deprive Plaintiffs of their rights to equal protection and due process under the Fourteenth Amendment, their rights under the ADA and Rehabilitation Act, and their fundamental parental rights, through a *proven* pattern of discrimination, abuse of process, parental alienation, and obstruction of justice, all while actively undermining and defying Judge Bachus's Protective Orders.

4. The conspiracy was motivated by discriminatory animus and bad faith, and was *intended* to cause harm and injury to Plaintiffs.

5. As a direct and proximate result of Defendants' *proven* conspiracy to violate Plaintiffs' civil rights, Plaintiffs have suffered significant damages, including but not limited to all damages previously described in the preceding Counts.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Andrew Rulnick, ▆ Rulnick, ▆ Rulnick, and ▆ Rulnick, respectfully request that this Honorable Court grant the following relief:

A. Enter judgment in favor of Plaintiffs and against Defendants on all Counts.

B. Issue a preliminary and permanent injunction, **effective immediately**, prohibiting Defendants from continuing their unlawful discriminatory practices, abuse of process, parental alienation tactics, and violations of Plaintiffs' civil and constitutional rights, and from further violating or undermining the Protective Orders issued by Judge Alison Bachus. **Plaintiffs' need for immediate injunctive relief is paramount to prevent further irreparable harm and ongoing violations of their fundamental liberties.**

C. Issue a preliminary and permanent injunction compelling Defendants to provide Plaintiff Andrew Rulnick with reasonable accommodations as mandated by the ADA and Rehabilitation Act, including, but not limited to, the specific accommodations requested

in this Complaint and in Plaintiff's Motion for Reasonable Accommodations, and to engage in a good-faith interactive process to determine further appropriate accommodations. **The immediate implementation of ADA accommodations is essential to ensure Plaintiff's equal access to justice and to mitigate the ongoing prejudice he faces in navigating the legal system.**

D. Issue a preliminary and permanent injunction ordering Defendants Nicole Smedley and Breanna Ritchey, and all persons acting in concert with them, to cease and desist from all acts of parental alienation and interference with Plaintiff Andrew Rulnick's relationship with the Children, and to take affirmative steps to repair the damage caused by their unlawful conduct, and to fully comply with the Protective Orders issued by Judge Alison Bachus regarding parental rights and responsibilities. **Immediate cessation of parental alienation is critical to safeguard the emotional and psychological well-being of the Children and to restore their relationship with their Father, Plaintiff Andrew Rulnick.**

E. Issue a preliminary and permanent injunction ordering Defendant United States Department of Justice to immediately investigate the systemic civil rights violations perpetrated by the State of Arizona and other Defendants, and to take all necessary actions to ensure compliance with federal law, to enforce the Protective Orders issued by Judge Bachus, and to prevent future violations. **Federal intervention is urgently needed to address the systemic failures within Arizona and to ensure that such egregious rights violations are not allowed to continue with impunity.**

F. Issue an Order directing the Arizona Superior Court, Maricopa County, Family Court Division, to **release jurisdiction** over the pending child custody matters involving Plaintiff Andrew Rulnick and the Children to the **Court of Common Pleas of Summit County, Ohio**, for a just and equitable resolution in a jurisdiction demonstrably committed to protecting Plaintiff's rights and enforcing judicial orders. **Transfer of jurisdiction is urgently necessary to ensure a safe and fair forum for the resolution of these sensitive family law matters and to protect the best interests of the Children.** Further recognizing that the existing family law matters be transferred, forthwith to Ohio, as the Plaintiff's and Plaintiffs' primary and permanent residence. Plaintiff will be seeking assistance from this Court for US Marshals to relocate the Plaintiffs, at Defendants' expense. Plaintiff will further request that the Ohio court be compelled to assist the Plaintiff with perfecting the filings and receiving orders from this Court and/or the Ninth Circuit.

G. Award Plaintiff Andrew Rulnick **emergency financial assistance from federal victims' relief funds, including a Writ of Restitution in the amount of at least Ten Million Dollars ($10,000,000.00), to be disbursed immediately,** to alleviate his demonstrably dire financial circumstances, to prevent further descent into poverty and

homelessness, and to enable him to return to his essential and nationally significant work in Artificial Intelligence, pending a full determination of damages. **This immediate financial restitution is essential to prevent further irreparable harm to Plaintiff and to begin to address the catastrophic economic devastation inflicted by Defendants' unlawful actions.**

H. Award Plaintiffs compensatory damages in an amount to be proven at trial, but no less than **Twenty Billion Dollars ($20,000,000,000.00)**, to fully compensate them for the immense harm they have suffered, including financial losses, economic harm to DESIGNA, LLC, physical injuries, pain and suffering, emotional distress, mental anguish, and deprivation of fundamental rights, and to make Plaintiffs' Trust and Company DESIGNA, LLC, whole from the catastrophic damages inflicted by Defendants.

I. Award Plaintiffs punitive damages against Defendants, in their individual capacities, in an amount sufficient to punish their egregious misconduct and deter similar violations in the future, and no less than **Seventy-Five Million Dollars ($75,000,000.00)**.

J. Award Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and all other applicable laws.

K. Grant such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.


/s/ Andrew Rulnick
February 19th 2025

*[signature: A Rulnick]*

Andrew Rulnick
733 West Market Street
Akron, Ohio 44303
Andrew@DESIGNA.xyz
480.527.7255

**CERTIFICATE OF SERVICE**

I hereby certify that I've served the opposing parties / Defendants a true and correct copy of the foregoing by email. Feb 19th, 2025

*/s/ A Rilnick*

Defendant, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255