KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Rulnick,<br><br>               Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>               Defendants. | No. CV-24-02611-PHX-DJH (ASB)<br><br>**ORDER** |

Plaintiff Andrew Rulnick filed a pro se Complaint in the Northern District of Ohio. (Doc. 1.) The action was then transferred to this Court based on improper venue and lack of personal jurisdiction. (Doc. 10.) In a February 11, 2025 Order, the Court dismissed Plaintiff's Complaint for failure to comply with Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20.)

Pending before the Court are Plaintiff's: (1) Motion seeking reconsideration of the Court's February 11, 2025 Order (Doc. 21), (2) Amended Complaint (Doc. 22), (3) Motions to Supplement (Docs. 23, 25-28), and (4) "Emergency" motion seeking injunctive and financial relief (Doc. 24).

**I.   The Court's February 11, 2025 Order**

In its February 11, 2025 Order, the Court stated:

> Plaintiff's Complaint fails to comply with Rule 8's requirement to set out a short, plain statement of his claims. Plaintiff's allegations are conclusory and speculative as to the actions of individual Defendants and what those Defendants allegedly did to violate Plaintiff's rights. For instance, Plaintiff

> repeatedly asserts that many agencies and individuals denied him reasonable accommodations under the Americans with Disabilities Act and the Rehabilitation Act for his High-Functioning Autism Spectrum Disorder, but he does not explain what accommodations he needed, what accommodations he requested, how the accommodations he requested were related to his disability, who he requested such accommodations from, what the response to his request for accommodations was, or any details from which the Court or Defendants could conclude what actions they allegedly took that resulted in a violation of Plaintiff's rights. Moreover, Plaintiff includes many Defendants and subparts to individual counts without explaining how those Defendants and subparts are related to the section under which they are listed. In short, it is impossible to determine the factual or legal basis for Plaintiff's claims against the individual Defendants. Accordingly, Plaintiff's Complaint will be dismissed.

(Doc. 20 at 3.) The Court nonetheless granted Plaintiff leave to amend and stated:

> In amending his Complaint, Plaintiff should include one claim per count and must detail the factual allegations supporting his legal claim against each specific Defendant in each count. Moreover, Plaintiff purports to bring this action on behalf of himself and his minor children, but Plaintiff cannot assert claims on behalf of his minor children in his pro se capacity. *See, e.g.*, *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179 (9th Cir. 2024). Accordingly, if Plaintiff files an amended complaint without the assistance of counsel, Plaintiff must not attempt to assert any claims on behalf of his minor children.

(*Id.* at 4.)

**II.    Plaintiff's Objection to Portions of the Court's Order (Doc. 21)**

Plaintiff filed an "Objection," to the Court's Order, which the Court construes as a motion seeking reconsideration. Plaintiff asserts that the Court erred in stating he cannot bring claims on behalf of his minor children without an attorney and in not granting him injunctive relief in the form of phone calls with his children. Plaintiff also contends that the Court should have ordered the United States Marshal Service to serve his dismissed Complaint.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court. *Id.* If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. *Id.* No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order. *Id.*

Here, Plaintiff makes no showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Accordingly, his "Objection" will be denied.

### III. Amended Complaint

Plaintiff failed to correct any of the deficiencies identified by the Court in its previous Order, and Plaintiff ignored the instructions provided by the Court in that Order. Plaintiff again attempted to assert claims on behalf of his minor children and it is again impossible to determine the factual or legal basis for his claims against the individual Defendants. In addition, the facts Plaintiff does provide to the Court are patently frivolous and malicious. *See, e.g.*, *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (a complaint is frivolous and malicious when (1) it is based upon "an indisputably meritless legal theory," or (2) the claim is based upon "factual contentions [that] are clearly baseless.").

Accordingly, Plaintiff has not established that the Court has subject matter jurisdiction over his asserted claims. Because the Court has already granted Plaintiff leave to amend to establish the legal and factual basis for his claims and he has failed to do so, granting him further leave to amend would be futile. *See, e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (even where the filing fee has been paid, "[d]istrict courts have the authority to dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction."), *overruled on other grounds by Neitzke*, 490 U.S.

319; *Rivera v. Green*, 775 F.2d 1381, 1385 (9th Cir. 1985) (the court lacks subject matter jurisdiction over patently frivolous claims) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)). Accordingly, this action will be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) Plaintiff's "Objection" (Doc. 21) is **denied**.

(2) The Amended Complaint (Doc. 22) is **dismissed**.

(3) This action is **dismissed for lack of subject matter jurisdiction** and the Clerk of Court must enter judgment accordingly.

(4) The remaining pending Motions (Docs. 23-28) are **denied as moot**.

Dated this 3rd day of April, 2025.

Honorable Diane J. Humetewa
United States District Judge