## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**ANDREW JACOB-SANDMAN
SAYERS RULNICK,**

**A.R. , J.R. , & H.R.**

**Plaintiffs,**

v.

**U.S. GOVERNMENT, ARIZONA,
MARICOPA COUNTY &
DOJ, et al.**

**BREANNA RITCHY, NICOLE &
JOHN SMEDLEY**

**SHERI SHEPARD & COMPANY**

**Defendants.**

**CASE NO. 2:2024cv02611**

**Assigned to Honorable Humetewa**

**PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD
FOR PURPOSES OF APPEAL
AND TO ENSURE A COMPLETE
RECORD OF ONGOING
SYSTEMIC VIOLATIONS,
EGREGIOUS MISCONDUCT BY
STATE ACTORS, AND
PROFOUND PREJUDICE**

**(With Supporting Affidavits and
Exhibits)**

Plaintiff, Andrew Jacob Rulnick ("Plaintiff"), appearing pro se and In Forma
Pauperis (IFP status having been previously sought but not adjudicated by
this Court prior to dismissal), respectfully moves this Honorable Court to
supplement the record in the above-captioned matter. This motion is filed to
ensure a complete and accurate record for appellate review by the United
States Court of Appeals for the Ninth Circuit (Appeal No. 25-2267), and to
provide this Court with critical, newly available, or newly synthesized
evidence of ongoing, systemic constitutional and statutory rights violations,
egregious misconduct by state-appointed counsel in related Arizona
proceedings, and the profound, cumulative, and continuing prejudice

1  Plaintiff endures.
2
3  This evidence is not merely cumulative; it illuminates the impossible
4  circumstances under which Plaintiff was forced to litigate before this Court,
5  directly bears upon the propriety of the Court's prior dismissal of Plaintiff's
6  claims, and demonstrates the active, ongoing nature of the abuses Plaintiff
7  alleged, which continue to obstruct his access to justice and severely impact
8  his health, safety, and financial stability. Justice demands this evidence be
9  formally included in the record.
10
11  **A Note Regarding Exhibits and Accommodation:**
12
13  Plaintiff is submitting critical supplemental evidence with this Motion. Due
14  to documented disabilities, including High-Functioning Autism Spectrum
15  Disorder (HFASD), Post-Traumatic Stress Disorder (PTSD), and related
16  cognitive processing and executive functioning challenges (as attested in the
17  attached **Affidavit of Colin A. Myers, Ph.D., Exhibit A**), managing and
18  organizing an extensive number of exhibits while proceeding pro se under
19  extreme duress and financial devastation presents significant hurdles.
20  Plaintiff has made every effort to ensure all referenced exhibits are correctly
21  attached and identified. However, should the Court or the Clerk's Office find
22  that any exhibit cited or mentioned herein appears to be missing or
23  improperly attached, Plaintiff respectfully requests, as a necessary
24  reasonable accommodation under the Americans with Disabilities Act
25  (ADA), that the Clerk's Office promptly notify him via email
26  (Andrew@DESIGNA.xyz) or phone (480-527-7255) so that he may
27  immediately identify and provide the correct document. This request is made
28  to ensure the completeness of the record for this Court's review and for
29  eventual transmission to the Ninth Circuit Court of Appeals, and to prevent
30  prejudice that might arise from inadvertent organizational difficulties
31  stemming from Plaintiff's disabilities and the overwhelming nature of these
32  multi-front proceedings.
33

## I. INTRODUCTION & IMPERATIVE NEED FOR RECORD SUPPLEMENTATION

This Court dismissed Plaintiff's Complaint, which detailed nearly eight years of systemic civil rights violations, ADA non-compliance, and outrageous government conduct by the State of Arizona and its various agents. Since that dismissal, and in some instances contemporaneously with proceedings before this Court but not yet formally presented, critical developments and evidence have emerged or been fully documented that are not only relevant but **essential** for a just appellate review and for a complete understanding of the profound prejudice Plaintiff faced and continues to face.

Your Honor, this isn't just about *new* evidence! This is also about evidence Andrew Rulnick tried to get before this Court **MONTHS AGO!** Evidence attached to motions this Court swept aside, called 'moot,' or simply ignored! But that evidence didn't disappear! Its relevance didn't vanish just because the motion was improperly sidelined!

He filed motions trying to show you the truth! Motions with exhibits proving the ADA violations! Motions with exhibits detailing the harassment, the obstruction! And what happened? Those motions, and the CRUCIAL exhibits attached to them, were **effectively buried!** Declared 'moot' perhaps because of a dismissal that *itself* was premature and failed to consider the very evidence he was trying to submit!

This isn't just supplementing with what's new; this is about **RESURRECTING the truth this Court previously refused to see!** We are asking this Court now to recognize that those exhibits, attached to those prior 'mooted' or ignored motions, are VITAL for the Ninth Circuit to have a complete picture! They are part of the story of denied access, part of the story of prejudice! To leave them out of the appellate record now would be to perpetuate the error of ignoring them in the first place!

The supplemental evidence includes, inter alia:

1. **Damning Evidence of Hostile and Ineffective State-Appointed Counsel:** Irrefutable proof, in the form of email communications (**Exhibit B**) from Public Defender David Anderson (appointed in Plaintiff's related Mesa Municipal Court criminal matters), revealing overt hostility, bias, dismissal of Plaintiff's core ADA and legal arguments, unprofessional conduct, and a stated belief in Plaintiff's incompetence, thereby demonstrating the impossibility of Plaintiff receiving fair representation or process within the Arizona state system, a core allegation in Plaintiff's federal complaint.

2. **Expert Medical Evidence Confirming Trauma and Cognitive Impact:** The notarized Affidavit of Colin A. Myers, Ph.D. (**Exhibit A**), Plaintiff's treating Licensed Professional Clinical Counselor, formally diagnosing Plaintiff with chronic PTSD directly resulting from his experiences with Arizona state courts and police departments, and detailing the severe impact on Plaintiff's cognitive functioning and ability to perform essential duties.

3. **Corroborating Firsthand Witness Testimony of Systemic Abuse and Hardship:** The notarized Affidavit of Rebecca Donahue (**Exhibit C**), Plaintiff's mother, providing firsthand corroboration of Plaintiff's lifelong cognitive challenges, the intentional isolation and abusive treatment Plaintiff endured during Mesa arrests and detentions (including improper jailing in a state prison facility), the weaponization of Plaintiff's voluntary hospitalization by his ex-wife, the state-enabled parental alienation, her direct knowledge of the Mesa PD assault on Plaintiff, the eight-year history of universal ADA denial by Arizona courts, the interference Plaintiff faced in Ohio which impacted his Arizona litigation, and the "small fortune" her family has expended due to the damages inflicted upon Plaintiff.

4. **Plaintiff's Sworn Supplemental Testimony of Ongoing Systemic Failures and Devastating Personal Impact:** Plaintiff's own notarized Supplemental

Affidavit (**Exhibit D**) detailing critical updates, including the Mesa Court's continued obstruction of justice (undocketed motions, false statements in orders), ongoing ADA denials, denial of basic state support services (SNAP), the physical manifestations of chronic stress (scalp cysts, **see also Exhibit B to this affidavit**), bouts of suicidal ideation directly caused by these protracted abuses, and the forced adaptation to using AI assistive technology due to the hostile and unaccommodating legal systems.

5. **Documented Ongoing Procedural Abuses and ADA Denials in Mesa Municipal Court:** The Mesa Municipal Court's Order dated April 3, 2025 (**Exhibit E**), which falsely claims non-receipt of Plaintiff's ADA request, confesses failure of the ADA interactive process, orders a baseless Rule 11 evaluation, suppresses Plaintiff's filings, and demands unsafe in-person appearance. This is further compounded by subsequent Summonses dated June 3, 2025 (**Exhibit F – example**), reiterating the dangerous in-person demand without addressing any of Plaintiff's rights or accommodation needs, even after Plaintiff was informed by PD Anderson that the Rule 11 evaluation was supposedly "dropped."

This evidence collectively paints an undeniable picture of a pro se, disabled litigant being systematically crushed by state actors and judicial systems that not only fail to provide legally mandated protections and accommodations but actively engage in conduct that exacerbates trauma, obstructs justice, and creates an impossibly prejudicial environment. These are not mere allegations; they are supported by sworn testimony and official court documents.

Failure to include this evidence in the record would leave the Ninth Circuit with an incomplete and misleading picture, severely hampering its ability to conduct a meaningful review of this Court's dismissal and the underlying merits of Plaintiff's claims of profound and ongoing constitutional and statutory violations.

## II. ARGUMENT: THE UNDENIABLE RELEVANCE AND CRITICAL IMPORTANCE OF THE SUPPLEMENTAL EVIDENCE

The evidence Plaintiff now seeks to formally add to this record is not peripheral; it goes to the very heart of Plaintiff's claims, the fundamental fairness of the proceedings before this Court (and related state courts), and the profound, ongoing prejudice that made (and continues to make) effective litigation by Plaintiff a Herculean, if not impossible, task.

### A. Evidence of Hostile and Ineffective State-Appointed Counsel (Exhibit B – David Anderson Emails): Demonstrating Systemic Failure of Arizona's Duty to Provide Adequate Representation and Access to Justice.

1. Plaintiff's federal complaint alleged, inter alia, that Arizona's systems fail to provide meaningful access to justice for disabled individuals, including through the provision of adequate legal representation in critical state matters that intersect with federal rights. The email communications from Public Defender David Anderson, appointed in Plaintiff's related Mesa Municipal Court criminal matters (**Exhibit B**), provide shocking, direct evidence of this systemic failure.

2. These emails document Mr. Anderson's overt hostility towards Plaintiff; his dismissive attitude towards Plaintiff's documented disabilities (HFASD/PTSD) and related ADA arguments (which he characterized as "incoherent" and Plaintiff having "no idea" about); his unprofessional engagement in baseless psychiatric speculation (labeling Plaintiff "childish," "delusional," suffering from "mental illness," "paranoid," and "insane"); his explicit stated belief that Plaintiff is "incompetent"; and his admission that he functions more like a "judge and prosecutor" than an advocate for Plaintiff.

3. **Relevance:** This evidence is critically relevant because:

a. It substantiates Plaintiff's claims that the Arizona state system, even when providing counsel, fails to ensure effective, unbiased, and ADA-cognizant representation for disabled individuals, forcing them into untenable pro se situations under extreme duress.

b. It demonstrates the type of official misconduct and systemic bias Plaintiff faced, which directly impacted his ability to manage all his legal affairs, including the federal case before this Court.

c. It underscores the retaliatory nature of the Mesa Court's Rule 11 order, which appears to have been fueled by, or at least consistent with, such biased assessments from state-appointed counsel.

d. It provides crucial context for Plaintiff's decision and necessity to proceed pro se, highlighting that this was not a mere preference but a forced choice due to the unavailability of adequate, conflict-free, and non-abusive state representation.

**B. Expert Medical Evidence (Exhibit A – Affidavit of Colin A. Myers, Ph.D.): Confirming Trauma, Causation, and Cognitive Impact.**

1. The notarized Affidavit of Colin A. Myers, Ph.D. (**Exhibit A**), Plaintiff's treating Licensed Professional Clinical Counselor with 44 years of experience, provides indispensable expert medical evidence.

2. Dr. Myers formally diagnoses Plaintiff with chronic Post-Traumatic Stress Disorder (PTSD) and affirms that this PTSD is **"the result of his experiences with various courts and police departments"** – i.e., Arizona state actors. He details the debilitating symptoms, including severe anxiety, impaired concentration, exasperated cognitive processing difficulties, stress-induced physical manifestations (cysts), and depression, all of

which **"substantially impede his capacity to perform the essential duties of his profession, particularly in the demanding field of Artificial Intelligence, computer sciences, and business,"** as well as his ability to effectively litigate complex legal matters.

3. **Relevance:** This expert evidence is paramount because:

a. It provides objective, medical corroboration of the severe psychological trauma Plaintiff alleged was inflicted by state actors, a core component of his damages and his claims of outrageous government conduct.

b. It directly links this trauma to the actions of "courts and police departments," supporting Plaintiff's claims against Arizona state entities.

c. It explains the profound cognitive and functional impairments Plaintiff experiences, which directly bear upon his ability to meet deadlines, process voluminous legal paperwork without accommodation, and consistently perform at the level expected in federal litigation, especially pro se. This is critical for the Ninth Circuit to understand any perceived deficiencies in Plaintiff's pro se filings or timeliness.

d. It substantiates the need for significant ADA accommodations, which Plaintiff alleges were systematically denied.

**C. Corroborating Firsthand Witness Testimony (Exhibit C – Affidavit of Rebecca Donahue): Documenting Systemic Abuse, Parental Alienation, Financial Devastation, and ADA Denials.**

1. The notarized Affidavit of Rebecca Donahue (**Exhibit C**), Plaintiff's mother, provides extensive, firsthand corroboration of the decades-long pattern of abuse and systemic failure Plaintiff has endured.

2. Ms. Donahue attests to Plaintiff's lifelong cognitive differences (HFASD); the intentional isolation and abusive treatment during Mesa arrests

(including improper detention in Florence state prison); the weaponization of Plaintiff's voluntary hospitalization by his ex-wife; the devastating state-enabled parental alienation violating Bachus Orders; her direct knowledge of the Mesa PD assault on Plaintiff and his subsequent physical therapy; the **eight-year history of universal ADA denial by Arizona courts despite persistent requests**; the interference Plaintiff faced in Ohio which directly impacted his Arizona litigation efforts; and the **"small fortune" her family has expended** due to the damages inflicted upon Plaintiff and his company, DESIGNA, LLC, **underscoring his financial devastation. She also corroborates Plaintiff's inability to consistently work since November 2023 due to the constant stress and systemic barriers.**

3. **Relevance:** This affidavit is vital because:

a. It provides crucial third-party, non-litigant corroboration of many of Plaintiff's central factual allegations regarding historical events, systemic ADA failures, financial ruin, and the profound personal toll.

b. It details specific instances of state misconduct (e.g., inappropriate jailing, lack of notification during arrests) that support the "outrageous government conduct" claim.

c. It powerfully illustrates the multi-generational harm and extreme duress Plaintiff and his family have suffered.

d. It reinforces the argument that Plaintiff's financial inability to secure counsel or pay litigation costs is a direct result of the defendants' actions.

**D. Plaintiff's Sworn Supplemental Testimony (Exhibit D – Supplemental Affidavit of Andrew Rulnick): Documenting Ongoing Systemic Failures, Personal Impact, and the Forced Adaptation to Hostile Systems.**

1. Plaintiff's own notarized Supplemental Affidavit (**Exhibit D**, the AZ/Federal version) provides a crucial, contemporaneous account of the continuing systemic failures and their devastating personal impact, directly relevant to the conditions under which he was litigating before this Court and is attempting to appeal its dismissal.

2. This affidavit details, inter alia: the Mesa Municipal Court's continued obstruction of justice (undocketed Motion to Dismiss, false statements in orders); ongoing ADA denials; denial of SNAP benefits; physical manifestations of stress (scalp cysts); bouts of suicidal ideation; the necessity of using AI as a forced adaptation; patterns of failure across AZ and OH including bad faith by opposing counsel; and continued state-enabled parental alienation.

3. **Relevance:** Plaintiff's Supplemental Affidavit is critical because:

   a. It provides a sworn, detailed, and updated account of the **ongoing nature of the rights violations** and systemic barriers, demonstrating that the issues raised in his federal complaint were not isolated past events but part of a continuing pattern of abuse directly affecting his ability to litigate this appeal.

   b. It directly connects the systemic failures to his **deteriorating physical and mental health and financial ruin**, providing essential context for the Ninth Circuit regarding the extreme prejudice Plaintiff operates under.

   c. It explains and justifies his pro se status and reliance on AI as necessary adaptations to an impossibly hostile environment, countering any potential mischaracterizations by Appellees.

**E. Documented Ongoing Procedural Abuses and ADA Denials in Mesa Municipal Court (Exhibit E – Mesa Court April 3, 2025 Order; Exhibit F – Example of Mesa Court June 3, 2025 Summons): Evidencing**

**Continued Retaliation, Due Process Violations, and Bad Faith.**

1. The Mesa Municipal Court's Order dated April 3, 2025 (**Exhibit E**), and the subsequent Summonses dated June 3, 2025, compelling Plaintiff's appearance on August 7, 2025 (**Exhibit F – representative example**), are not merely related state court documents; they are **direct evidence of the ongoing pattern of outrageous government conduct, ADA denial, and due process violations** by Arizona state actors that Plaintiff sought to expose and remedy through his federal complaint before this Court.

2. The April 3, 2025, Order from the Mesa Court explicitly: falsely claims non-receipt of Plaintiff's January ADA request (despite Plaintiff's proof); confesses failure to engage in the ADA interactive process; orders a baseless Rule 11 competency evaluation (citing Plaintiff's correspondence and perceived AI "threat"); actively suppresses the record by ordering filings "held"; recklessly demands unsafe in-person appearance; and improperly appoints counsel over Plaintiff's *Faretta* objections.

3. The June 3, 2025, Summonses (**Exhibit F**) compound these violations by: reiterating the dangerous in-person appearance demand without accommodation; being issued and received by Plaintiff weeks late; and creating further confusion regarding the Rule 11 status.

4. **Relevance:** These Mesa Court documents are critically important for the record on appeal because:

   a. They provide **contemporaneous, official documentation of the ongoing systemic abuses and ADA violations** by Arizona state actors that were central to Plaintiff's federal complaint.

   b. They **directly refute any suggestion that the problems Plaintiff alleged have been resolved** or were exaggerated; to the contrary, they demonstrate an escalation of retaliatory and obstructive tactics by a state court.

   c. They illustrate the **extreme prejudice and impossible procedural bind** Plaintiff faces in Arizona, which directly impacts his ability to focus

1  on, prepare for, and fund his federal appeal. The Ninth Circuit must
2  understand that Plaintiff is simultaneously fighting for his liberty and basic
3  rights in a state court system that is actively hostile and non-compliant with
4  federal law.
5
6  d. They strongly support Plaintiff's claim that a fair trial or fair process is
7  impossible in the Arizona state system, a key justification for federal
8  intervention and for overturning this Court's dismissal.

9  The evidence Plaintiff seeks to add is not an attempt to re-litigate the merits
10  of his underlying claims at this juncture, but to ensure that the record
11  accurately reflects the egregious and ongoing circumstances that surrounded
12  the proceedings in this Court and which continue to fundamentally impact
13  his pursuit of justice.

14  In addition to the affidavits and recent state court documents,
15  communication with "Public Defense Lawyer" Plaintiff also moves to
16  ensure that critical exhibits previously submitted to this Court in connection
17  with prior motions – motions which were subsequently deemed moot by the
18  Court's dismissal order or were otherwise not ruled upon despite their
19  significance – are formally recognized and included as part of the record for
20  appellate review.

21  These prior motions contained vital evidentiary exhibits directly supporting
22  Plaintiff's claims of systemic ADA violations, governmental misconduct,
23  and ongoing prejudice. The Court's determination that such motions were
24  'moot' (often as a consequence of the overarching dismissal that failed to
25  consider these very issues) or its failure to rule upon them effectively
26  prevented this crucial evidence from being properly integrated into the
27  reviewable record at that time.

28  For example, Plaintiff filed key prior motion, e.g., "Plaintiff's Motion for
29  Preliminary Injunction to Mandate ADA Compliance" or "Plaintiff's Motion
30  to Compel Discovery Regarding ADA Failures dated" which included
31  exhibits such as ["correspondence detailing specific ADA request denials,"
32  "proof of inaccessible court facilities/websites," "evidence of obstruction by
33  specific state agencies" and "public admissions by Katie Hobbes"].

These exhibits remain critically relevant to the claims now before the Ninth Circuit Court of Appeals.

Failure to now formally acknowledge and include these previously tendered exhibits as part of the designated record on appeal would compound the initial error of disregarding them and would present the Ninth Circuit with an artificially incomplete evidentiary picture. Plaintiff asserts that these exhibits, which he diligently attempted to bring before this Court, are essential for a full and fair appellate review of the profound and ongoing constitutional and statutory violations he has endured. Plaintiff will identify these specific prior filings and their exhibits for the Clerk to ensure their inclusion in the record transmitted to the Ninth Circuit, and requests this Court's order affirming their inclusion

## III. LEGAL STANDARD FOR SUPPLEMENTATION OF THE RECORD

Federal Rule of Appellate Procedure 10(e) provides for the correction or modification of the record on appeal. While typically used for correcting inadvertent omissions or misstatements, the underlying principle is to ensure the appellate court has a record that accurately reflects what occurred and is necessary for a just determination. Courts also possess inherent equitable power to manage their dockets and records, particularly to prevent manifest injustice.

Given that the evidence Plaintiff seeks to add (such as the affidavits which were being secured around the time of dismissal or shortly thereafter, and the subsequent Mesa Court orders which demonstrate the continuation of the very conduct alleged) is so critically relevant to understanding the context of this Court's dismissal, the systemic nature of the violations, and the profound prejudice faced by a pro se, disabled, and indigent litigant, its inclusion is vital for a fair and informed appellate review. This evidence illuminates the practical impossibility of Plaintiff having had a fair

opportunity to litigate before this Court and directly supports his arguments on appeal that the dismissal was erroneous and unjust.

## IV. CONCLUSION: JUSTICE DEMANDS A COMPLETE RECORD OF THE ONGOING OUTRAGE

Your Honor, the supplemental evidence detailed herein – the shocking admissions and hostility of state-appointed counsel David Anderson (**Exhibit B**); the expert medical confirmation of state-inflicted PTSD and its debilitating cognitive impacts from Dr. Colin A. Myers (**Exhibit A**); the heartbreaking, firsthand corroboration of systemic abuse, financial ruin, and state-enabled parental alienation from Rebecca Donahue (**Exhibit C**); Plaintiff's own sworn account of the ongoing multi-front assault on his rights and well-being (**Exhibit D**); and the Mesa Municipal Court's own recent orders and summonses that document its continued campaign of ADA denial, record suppression, and coercive tactics (**Exhibits E & F**) – is not merely incidental. It is **FUNDAMENTAL** to a true understanding of this case.

This evidence paints an undeniable picture: Andrew Rulnick, a pro se litigant with documented disabilities, has been, and continues to be, subjected to a relentless barrage of outrageous government conduct, systemic ADA violations, obstruction of justice, and retaliatory actions across multiple Arizona state forums, including by actors directly or indirectly connected to the Defendants in this federal action. The failures are not isolated; they are **PATTERNS** of prejudice, of broken promises, of weaponized disability, and of a shocking lack of any coherent PLAN or READINESS by Arizona's judicial and prosecutorial systems to provide accessible justice.

The financial devastation, the severe psychological trauma detailed by Dr. Myers (including PTSD-induced cognitive dysfunction and suicidal ideation), the physical manifestations of stress like scalp cysts, and the profound interference with Plaintiff's ability to work, parent, and defend

himself are the direct, foreseeable consequences of this sustained abuse.

To deny the inclusion of this evidence in the record would be to allow the Ninth Circuit Court of Appeals to review this Court's dismissal through a keyhole, blind to the raging inferno of injustice that surrounded Plaintiff's attempts to litigate his meritorious civil rights claims. It would effectively sanitize a record that should scream outrage.

The integrity of the judicial process demands a complete and truthful record. The pursuit of justice for Andrew Rulnick, however delayed and obstructed, demands that this evidence see the light of day. This Court has an opportunity to facilitate that, at least in part, by ensuring these critical documents are formally included for appellate review.

**Argument is Two-Fold:** 1) The dismissal was wrong *because* it ignored/mooted these, and 2) The appellate court *needs* to see them now to understand that error and the full context.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrew Jacob Rulnick respectfully requests that this Honorable Court:

1. **GRANT** this Motion to Supplement the Record;

2. **ORDER** that the following documents be made part of the official record in Case No. 2:24-cv-02611-PHX-DJH for transmission to the Ninth Circuit Court of Appeals:

   o **Exhibit A:** Affidavit of Colin A. Myers, Ph.D., dated April 25, 2025.

   o **Exhibit B:** Email Communications from David Anderson, dated April 17 & 18, 2025.

   o **Exhibit C:** Affidavit of Rebecca Donahue, dated April 30, 2025.

   o **Exhibit D:** Supplemental Affidavit of Andrew Rulnick, dated April 28/29, 2025 (AZ/Federal version).

1
2      ○  **Exhibit E:** Order Re: Defendant's Continuous Communications &
Competency Evaluation, Mesa Municipal Court, dated April 3, 2025.

3
4      ○  **Exhibit F:** Representative Summons, Mesa Municipal Court, dated
June 3, 2025 (for August 7, 2025 appearance).

5
6      ○  **Exhibit G:** Plaintiff's January 24/25, 2025 ADA Request Submission
Proof (previously filed in Mesa).

7

8    **DIRECT** the Clerk of this Court to transmit these supplemental materials to
9    the Ninth Circuit Court of Appeals as part of the record on appeal in Appeal
10   No. 25-2267; and Grant such other and further relief as this Court deems just
11   and proper to ensure a complete and accurate record reflects the profound
12   and ongoing injustices faced by Plaintiff.

13

14   ORDER that specific exhibits attached to Plaintiff's previously filed motions
15   [all previously files motions to supplement with exhibits] which were
16   deemed moot or not adjudicated prior to dismissal, be included in the record
17   transmitted to the Ninth Circuit Court of Appeals, as these exhibits contain
18   evidence essential for appellate review of Plaintiff's claims.

19

20   Respectfully submitted,

21   June 20th 2025

22

23
24   Andrew Rulnick | 733 West Market Street | Akron, Ohio 44303
25   Andrew@DESIGNA.xyz | 480.527.7255

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that I've served the opposing parties / Defendants a true and correct copy of the foregoing by email. June 20th 2025

Plaintiff, Pro se

Andrew Rulnick | 733 West Market Street | Akron, Ohio 44303
Andrew@DESIGNA.xyz | 480.527.7255