IN THE MESA MUNICIPAL COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW RULNICK,<br><br>    Defendant | Case Number(s):<br><br>2022016986, 2022019573, 2022029793, 2022029794, 2022029795, 2022032832, 2022035051, 2022049681, 2022063607, 2022063610, 2022067212<br><br>ORDER RE: DEFENDANT'S CONTINUOUS COMMUNICATIONS & COMPETENCY EVALUATION |

**It is ordered that all communications received from Defendant shall be placed into one court folder and held for periodic review. Each communication shall be deemed received and filed upon receipt. No immediate court action shall be taken on Defendant's continuous communications with the Court until such time as Defendant presents himself in person before the Court or action is otherwise deemed appropriate, as determined by the Court.**

There are active bench warrants for Defendant's arrest in each of the above-listed cases.

Between Thursday, February 6, 2025, and Monday, February 10, 2025, it is estimated that Defendant communicated with the Court 72 times. That tally does not include voicemails left by the Defendant. As of today's date, court staff estimates that Defendant has sent 142 emails. The tally is ongoing as additional emails are processed.

A review of Defendant's emails shows them to be ongoing correspondence sent from the Defendant on a variety of topics and in varying tones. Some of the emails read as if they are one-sided conversations that Defendant is holding with the Court's auto-response email. The auto

response gives a timeframe in which an email may be processed. In bold letters, the auto-response informs a recipient, "**PLEASE DO NOT RESPOND TO THIS EMAIL**" The auto-generated emails close with, "The email account is not monitored for replies."

In the ongoing email chain, Defendant: threatens litigation, references pending litigation, threatens use of AI, makes complaint regarding absence of ADA accommodations, makes complaint to this Court regarding Defendant's interactions with others not associated with this court, makes complaint against the attorneys involved in the case, makes complaint against court staff, requests disclosure, requests a change of venue, makes statements that Defendant will not return to Arizona, seeks the aid of the Court regarding perceived threats made against Defendant, includes screenshots from social media, makes references to family court litigation, and accuses the courts of driving those with particular special needs to commit suicide. This list is not an exhaustive list of the topics covered in Defendant's ongoing submissions.

Throughout much of the correspondence are Defendant's ongoing complaints of multiple courts' perceived failure to honor Defendant's ADA requests. To date, this court has not received an actual ADA request from Defendant. The Defendant informs the Court of Defendant's autism and PTSD diagnoses. By definition, autism is a spectrum disorder. Additionally, PTSD encompasses a wide range of issues. The Court cannot ascertain Defendant's specific needs or requests from Defendant's diagnoses. The Court can only speculate as to what Defendant's particular needs might be. As previously ordered, the Defendant must submit a completed ADA request form for consideration. To date, Defendant has not complied. Also, as previously stated, if the Defendant needs assistance in completing the form, the Defendant only needs to ask and court staff will assist. **A blank ADA accommodation request form is enclosed with this order.**

In addition to the absence of the ADA accommodation request, the Court is concerned with the devolving vulgarity with which Defendant addresses the recipients of his correspondence. In addition to other profanity used throughout Defendant's communication with the Court, on March 17, 2025, Defendant used the "N" word in an email tirade directed at the Court and the Mesa City Prosecutor's Office. On April 3, 2025, in an email tirade directed at the Court, the Mesa City Prosecutor's Office, and the office of the Mesa City Attorney, Defendant referred to the recipients with an additional vulgar and socially unacceptable term. The Court will not tolerate the use of any further profanity.

**The Court hereby orders that:**

- **Defendant must submit for examination pursuant to Rule 11, Ariz R. Crim. P. 11(a)(1). The Court finds the ruling to be appropriate and in the interest of justice based on the totality of Defendant's correspondence to date. The nature of the ongoing correspondence gives this Court cause to believe that a mental examination is warranted. Ariz R. Crim. P. 11.2(a)(2).**

- **Apart from an ADA accommodation request, this Court will not consider any further correspondence from Defendant at this time.**

- **Absent a change in circumstances, the Court will also not consider any pleadings from the self-represented defendant until Defendant has submitted for a competency examination and a determination has been made. Counsel shall be made available. Ariz R. Crim. P. 11.1(c).**

- **The Court acknowledges receipt of Defendant's statement that he intends to proceed pro per. The Court cannot consider Defendant's waiver of counsel until a competency determination has been made. Counsel is appointed at this time. Ariz R. Crim. P. 6.1(b)(2), R. 6.1(c).**

- **It is further ordered that the Mesa City Prosecutor's Office is relieved of its duty, if any, to respond to Defendant's correspondence until and unless directed by court order.**

- **Defendant must appear in person to address the eleven (11) outstanding warrants for Defendant's arrest. The Mesa Municipal Court has walk-in hours available business days Monday – Thursday, 8am – 11am and 1pm – 5pm.**

Ordered: April 3, 2025

*/s/ David Allen*
Hon. David Allen
Mesa Municipal Court

Copies mailed/delivered/emailed_____, 20____ to:

Defendant
Attorney for Defendant
City Prosecutor's Office

By Clerk:_____

*Enclosed: Mesa Municipal Court Title II ADA Request for Accommodation*