# Exhibit A

Affidavit of Collin A. Myers, Ph.D.

State of Ohio

County of Summit, ss;

Before me, Diane K. Evans, Esq. personally appeared Collin A. Myers, Ph.D., who being duly sworn states the followings:

1. My name is Collin A. Myers, Ph.D. I reside at 117 Guise Pk. Dr., Munroe Falls Ohio 44262. I am 77 years old.

2. I am a Licensed Professional Clinical Counselor – Supervision (LPCC-S) in the State of Ohio, License # E637. I have 44 years of experience in counseling and significant expertise in the diagnosis and treatment of Mental and Emotional Disorders, trauma recovery including Post-Traumatic Stress Disorder (PTSD), and Autism Spectrum Disorders.

3. Andrew Rulnick has been under my professional care beginning August 18, 2022 and continues today.

4. I authored a letter dated April 25, 2025 which is attached hereto and incorporated herein. This letter contains my professional opinion regarding Mr. Andrew Rulnick.

**Further Affiant sayeth naught.**

*/s/ Collin A. Myers*
Collin A. Myers, Ph.D.

Sworn to before me and subscribed in my presence this 25TH day of April, 2025.

*/s/ Diane K. Evans*
Notary Public
My Commission has no expiration date.
OH Supr Ct Reg #0067935

DIANE K. EVANS, Attorney At Law
Notary Public - State of Ohio
My Commission has No Expiration Date
Section 147.03 R.C.

# Fairhaven Counseling Inc.

April 25, 2025

This letter provides my clinical opinion regarding Mr. Andrew Rulnick. He has been under my care beginning April 18, 2022 and continues today.

I am a Licensed Professional Clinical Counselor – Supervision with 44 years of experience in counseling. I was also a full-time professor in Special Education for 11 years. My areas of expertise include: Diagnosis and Treatment of Mental and Emotional Disorders, trauma recovery (PTSD), Autism Spectrum Disorders, ADHD, Anxiety, and depression, among others.

Based on my professional clinical assessment, I have diagnosed Mr. Rulnick with Post-Traumatic Stress Disorder, chronic (PTSD). His PTSD is the result of his experiences with various courts and police departments. This diagnosis is clinically supported and significantly impacts Mr. Rulnick's functional abilities. The symptoms of his PTSD include:

- Nausea
- Chest pain
- Nightmares
- Loss of sleep
- Loss of appetite
- Physical shakes
- Fatigue/Exhaustion
- Inability to focus
- Shortness of breath
- Irritability
  Memory gaps specifically about the traumatic event
- Negative beliefs about self/others/world ("I'm bad," "The world is dangerous")
- Persistent negative emotions (fear, guilt, shame, horror)
- Loss of interest in activities
- Feeling detached from others
- Inability to feel positive emotions

The PTSD has caused severe anxiety, impaired concentration, exasperated cognitive processing difficulties, stress induced cysts], and depression which substantially impede his capacity to perform the essential duties of his profession, particularly in the demanding field of Artificial Intelligence, computer sciences, and business.

117 Guise Pk. Dr.
Munroe Falls
Ohio, 44262

Furthermore, it is my professional opinion that there is no clinical basis for any assertion that Mr. Rulnick poses a threat to his children. To the contrary, based on my extensive professional interactions with Mr. Rulnick, I assess him to be a capable and dedicated father who is deeply concerned for his children's well-being. There is no indication, from a clinical perspective, that he is ill-equipped to be a loving and supportive parent.

Two of his Three children have ASD; his two sons. Who better to raise a child with ASD than someone who has ASD and understands their motivations, moods, and behaviors.

Beyond his personal challenges, Mr. Rulnick has demonstrated a remarkable capacity for growth and resilience. He has been a dedicated and engaged participant in therapy, actively seeking to understand and manage his condition. He is also a brilliant and innovative individual with a strong commitment to utilizing his expertise in Artificial Intelligence for the benefit of others. His intention to apply his AI skills to support individuals with HFASD, informed by his own experiences and his understanding of the field, is a testament to his character and his desire to contribute positively to society.

*Collin A. Myers* (signature)

_____
Collin A. Myers, Ph.D.
Licensed Professional Clinical Counselor-S
National Board of Certified Counselors
National Board of Forensic Counselors - Doctoral Addictions Counselor

117 Guise Pk. Dr.
Munroe Falls
Ohio, 44262

# Exhibit B

**AFFIDAVIT OF REBECCA DONAHUE**

I, **Rebecca Donahue**, being first duly sworn, depose and state upon my personal knowledge as follows:

1. I am the mother of Andrew Jacob-Sandman Sayers Rulnick ("Andrew"). I make this affidavit based on my personal knowledge of events I have witnessed, communications I have had with Andrew, and information I have learned directly regarding my son's experiences, his disabilities, his legal struggles, and the profound impact these events have had on him and our family.

2. **Lifelong Cognitive Disabilities & Educational Struggles:** I have known my son his entire life and am personally aware of his lifelong struggles with cognitive differences, now diagnosed as High-Functioning Autism Spectrum Disorder (HFASD). These challenges presented significant difficulties since early childhood, requiring **private tutors** during elementary and high school. Our family made the decision for Andrew to attend Saint Vincent Saint Mary High School, a highly acclaimed private school, recognizing his need for a supportive environment. Despite his high intelligence and our family's support, he **still barely managed to graduate** with average grades, underscoring the persistent impact of these challenges. College was similarly fraught with difficulty due to constant interruptions affecting his focus on complex work and research. This history demonstrates our family's long-standing awareness and commitment to providing support for Andrew's needs.

3. **Seeking Diagnosis & Dr. Myers:** Recognizing Andrew needed further professional understanding, particularly regarding trauma and navigating adult life complexities, I personally assisted him in locating Dr. Colin A. Myers in 2022, specifically sought for his world-renowned expertise (44+ years, Ph.D., Professor). This led to the formal diagnoses of HFASD and severe, chronic Post-Traumatic Stress Disorder (PTSD).

4. **Lack of Notice During Mesa Arrests & Intentional Isolation:** During Andrew's arrests and detentions related to the Mesa misdemeanor charges (which arose from his divorce proceedings), **neither his then-wife Breanna Rice nor any official from Mesa public services, the court, or law enforcement ever contacted me or my**

husband, **John DeCrescenzo.** This occurred despite Breanna knowing full well that Andrew had a loving, supportive family (myself and my husband) living nearby in Sedona who would have immediately provided support and assistance had we been notified. I strongly believe, based on subsequent events, this lack of notification was **intentional manipulation by Breanna Rice** designed to isolate Andrew from family support during a crisis, exploiting his known vulnerabilities. Consequently, my husband and I had to find out through other means and travel **from Sedona down to Mesa** to bail Andrew out of jail on two separate occasions. During those times, I observed significant delays in his release processing that appeared intentional and caused great distress. We were completely shut out from information regarding his well-being by official channels.

5. **Incorrect Detention Facility & Severity:** Furthermore, Andrew was not merely held in a local jail after one arrest; he was transported to and detained at the **Florence state prison facility.** This seemed an exceptionally harsh and inappropriate placement for someone facing only misdemeanor charges, particularly someone with known cognitive disabilities, indicating an excessive and potentially punitive approach by Mesa authorities from the outset.

6. **Voluntary Hospitalization Context & Breanna's Weaponization:** I know for a fact Andrew has **never been involuntarily hospitalized**. His single brief hospital stay was **completely voluntary**, undertaken because he was exhausted and severely distressed from the abuse endured within his marriage to Breanna Rice and the prejudice faced in Arizona courts. Breanna Rice was aware of his voluntary admission. A discharge plan was **agreed upon with hospital staff AND Breanna Rice**, involving her picking him up to return home to be with his children and continue therapy. However, Breanna **reneged on this agreed-upon plan**, seemingly after Andrew asserted his right to the 50/50 custody established by prior Bachus Orders. She then kicked him out of the home and, based on my observations of the subsequent legal filings and her actions, appeared to **weaponize** this voluntary hospitalization against him in court proceedings. This fit a pattern where Breanna systematically attempted to **alienate Andrew from his loving family support (myself and my husband)**, making him more emotionally dependent and vulnerable. Her actions seemed cunning and designed to dismantle him, leveraging her familiarity with the system from prior experiences.

7. **Denial of Contact with Grandchildren:** Due to the ongoing legal conflicts manufactured in Arizona, the resulting prejudice, and what I understand to be inaccurate police documentation, Andrew's ex-wives (Nicole Smedley and Breanna Ritchey) have unjustly prevented me and my husband from seeing our grandchildren (A.R., J.R., and H.R.) for extended periods, causing immense pain.

8. **Witness to Sedona Events & Context:** I have direct personal knowledge that during the period Andrew was trying to finalize his divorce from Breanna Rice, he was staying with **my husband and I at our house in Sedona.** I observed that his communications with Breanna focused on necessary logistics (like storage drop-offs) and were **not hostile,** yet Breanna appeared to weaponize them. I know Andrew called for a **civil standby** from law enforcement only because he wanted to safely attempt to say goodbye to his child (H.R.) before leaving Arizona. He was forced to leave because Breanna and relevant authorities were **completely ignoring the existing Superior Court Bachus Orders** regarding his 50/50 parenting time, rendering his parental rights unenforceable and creating a volatile situation. I also understand Breanna subsequently hired prominent legal counsel known to have close ties with Mesa Police and court personnel, further escalating the conflict.

9. **Witness to Injury & Ongoing ADA Failures:** I am aware Andrew suffered a **significant physical injury to his elbow (traumatic bursitis)** during an interaction with Mesa Police Department officers, requiring **six months of physical therapy** for partial recovery. I have also been aware, through years of constant communication, of his **persistent, documented, yet universally ignored requests for basic ADA accommodations** from all levels of the Arizona court system he encountered (Municipal, Superior, Appeals), causing immense frustration and prejudice.

10. **Witness to Ohio Interference and Harassment:** After Andrew relocated to Copley, Ohio in 2023, seeking refuge, I remained in frequent phone contact. I personally heard through our conversations about the **constant stress and interference** he endured at his Redwood Apartments residence. He described ongoing harassment from a neighbor via unfounded noise complaints; his distress when Copley Police repeatedly appeared, including disturbingly on the eve of Yom Hashoah; Redwood management's failure to address the harassment or his disability needs; and how this Ohio situation **severely interfered** with his ability to focus on his critical AI work and complex Arizona legal defense preparations. He was distraught and

overwhelmed, ultimately being forced out of that residence.

11. **Direct Witness to Denied Access and Lack of Accommodation:** Beyond specific incidents, I have been a direct witness, through years of communication and observation, to the **persistent difficulties and outright denials** Andrew faces accessing courts and public services in both Arizona and Ohio. I've heard his frustration after countless attempts to get simple accommodations (clarification, formats, time) were **ignored, dismissed, or met with bureaucratic runarounds** by court clerks and staff. More recently, regarding his Ohio litigation, it became apparent that **opposing lawyers (Redwood's counsel) were exploiting** his known disability and procedural complexities, with inadequate judicial intervention to stop it.

12. **PTSD Diagnosis & Impact on Work:** I know Andrew suffers from **severe PTSD**, diagnosed by Dr. Myers, stemming from the Arizona trauma and **exacerbated by the subsequent Ohio harassment**. While incredibly ambitious and intelligent, the constant stress and systemic barriers have rendered him **unable to consistently work** since approximately November 2023.

13. **Targeted Harassment Post-Divorce/Seeking Help:** It is clear he has been relentlessly harassed since his marriage dissolved, seemingly targeted *because* he sought professional help (Dr. Myers) for his disabilities and trauma.

14. **Federal Lawsuit & Financial Hardship:** I am aware of his federal civil rights lawsuit. I affirm I have personally provided **substantial financial support (a small fortune)** from my family's resources due to the damages inflicted on him and his company (DESIGNA, LLC). We seek recovery for this extraordinary hardship.

15. **Agreement with Dr. Myers & Health Concerns:** *(Renumbered)* Based on my lifelong observations, I concur with Dr. Myers' assessments. I am aware of the physical stress manifestations (cysts) and the family history of cancer, making his health an ongoing concern under this duress.

16. **Eight Years of Stress Fighting for Rights:** I have witnessed Andrew endure **eight years of constant stress fighting for his fundamental rights** across multiple court

systems, during which time he has **never received any meaningful accommodation** for his disabilities from any Arizona entity involved in these matters, despite his persistent efforts.

**Further Affiant sayeth naught.**

Rebecca Donahue, Affiant

*[signature: Rebecca Donahue]*

Sworn to and subscribed before me this ___30___ day of ___April___, 2025.

Notary Public

*[signature: Donna Herman]*

```
DONNA HERMAN
Notary Public - Arizona
Yavapai County
Commission # 652369
My Comm. Expires Jul 17, 2027
```

My Commission Expires: ___7/17/25___

(SEAL)

# Exhibit C

### SUPPLEMENTAL AFFIDAVIT OF ANDREW RULNICK

I, **Andrew Rulnick**, being first duly sworn according to law, depose and state that the following is true and correct based upon my personal knowledge and is sworn under penalty of perjury:

1. **Introduction & Purpose:** I am the Plaintiff/Appellant/Defendant (as applicable) appearing *pro se* in multiple interconnected legal matters spanning federal and state courts, including Ninth Circuit Appeal (derived from D. Ariz. No. 2:24-cv-02611-PHX-DJH - Appeal Pending), Summit County Ohio Court of Common Pleas (Case No. CV-2024-07-2888 and related CV-2024-10-4815), Barberton Court in Summit County, and Mesa Municipal Court (Case Nos. 2022016986, et al.). I submit this Supplemental Affidavit to update the relevant courts on critical developments and ongoing systemic failures affecting my ability to litigate these matters and vindicate my rights.

2. **Status of Mesa Motion to Dismiss & Continued Obstruction:** As of **April 29, 2025**, my substantive Motion to Dismiss with Prejudice, filed with the Mesa Municipal Court (Case Nos. 2022016986 et al.) on or about **April 21, 2025** (renewing arguments from a prior, also ignored, motion filed Jan/Feb 2025), **remains undocketed** by the Mesa City Court Clerk. This is despite my possessing proof of submission via email and fax confirmation. This follows the Court's April 3, 2025 Order confirming filings would be improperly "held" pending resolution of its baseless Rule 11 competency evaluation and unsafe in-person appearance demands. This **active suppression of the record** denies due process and obstructs my access to judicial review, despite prior informal assurances from court personnel that filing issues would be resolved – **promises which were broken.** The Mesa City Prosecutor remains uncompelled to respond. ADA requests / filings were made back in January 2025 but never acted on. The court merely deflected in an order, and sanctioned me with a rule 11 order instead.

3. **Hostile and Inadequate Appointed Counsel Interaction (David Anderson):** My rejection of appointed counsel David Anderson is absolute and necessitated by his documented misconduct (**Exhibit A**). Following his delayed contact (over one week post-appointment) and missed follow-up, his subsequent emails revealed overt hostility ("childish," "delusional," "mental illness," finding my pleas "very amusing"), unprofessionalism (baseless psychiatric speculation, grossly inappropriate

psychiatric inquiries), dismissal of core legal/ADA arguments ("incoherent," "no idea"), explicit stated belief I am "incompetent," and his admission ("not joking") of functioning more like a judge than an advocate. This proves the inadequacy and conflict justifying my *Faretta* waiver in the Matters in Mesa.

4. **Expert Medical Evidence Secured (Delayed by Circumstance):** The notarized **Affidavit of Colin A. Myers, Ph.D.**, affirming my PTSD diagnosis linked to state actors' actions, was obtained April 25, 2025, and is being filed approx. **April 29, 2025** (Summit Co. CV-2024-07-2888). Securing this earlier was significantly hampered by the **extreme duress impacting my own PTSD and cognitive functioning**, and the **delicate circumstances surrounding Dr. Myers' terminal heart failure**. We had to hire and pay for a notary out of pocket because the court denied accommodations to access court services such as a notary. The Judge frowned upon my motion with a dismissal in favor of the same people prejudicing me, Redwood and their Lawyers when I highlighted the injustice and civil rights violations that I was victim to.

5. **Physical Manifestations of Chronic Stress Persist:** The profound stress from this nearly eight-year ordeal continues to cause **physical harm**, including painful scalp cysts (**Exhibit B**), tangible proof of the toll taken by systemic abuse. With Doctor Myers (Psychologists Affidavit to both my cognitive disabilities Autism & PTSD)

6. **Pattern of Systemic Failure & Attorney Misconduct Across Jurisdictions (AZ & OH):** The procedural difficulties and denial of access are not confined to Arizona and are actively exacerbated by the misconduct of opposing counsel enabled by judicial inaction.

    - **Arizona Failures:** Plaintiff endured **eight years** of universal ADA accommodation denial across **all** involved AZ judicial levels (Mesa Municipal, Maricopa Superior (5+ appearances), AZ Appeals (2 appeals) despite consistent requests.

    - **Ohio C.P. Failures & Redwood Counsel Misconduct:** While the Summit County Court of Common Pleas (Ohio) issued an Accommodation Order (**Exhibit G**), practical implementation was thwarted by opposing counsel (Redwood/Powers Friedman Linn PLL, "PFL") who **refused to provide accessible formats.** Furthermore, informal **promises by that Court** to "work

through" procedural issues were **broken**, culminating in a procedural dismissal (April 23, 2025). This occurred despite clear evidence presented by Plaintiff of:

- **(a) Redwood's Breach of Quiet Enjoyment:** Plaintiff was subjected to constant harassment and disturbances during his tenancy, directly breaching the lease agreement, which opposing counsel and Redwood ignored. Police showing up on Yom Hashoa, police visiting frequently over unfounded alleged noise complaints, escalating tensions from staff of Redwood directed at me, subsequent breaches by Redwood staff, and their lawyers to promises of enjoyment of the rented / leased property premises, and video recorded harassment from neighbors of units, PTSD along with misrepresentations made by both the Redwood Management, and their Lawyers that the court relied on when making their determination.

- **(b) PFL's Bad Faith Breach of Consolidation Agreement:** Redwood's counsel (PFL) *made an **explicit promise on the record** before the Summit C.P. Magistrate to **consolidate** the related Barberton eviction case, but subsequently **reneged on this binding promise** (documented in Ohio filings), constituting **bad faith** and prolonging litigation.* Made it extremely difficult for an autistic pro se, attorney to navigate, and caused Barberton and Ohio Court of Common Pleas to prejudice my right to access with their rushed proceedings and more than excessive movements when you look at the sum total of the proceedings below in both Barberton, and two lawsuits in Summit County Court of Common Pleas.

- **Barberton Municipal Court Failures (Ohio):** That court failed entirely to provide accommodation, rushed proceedings, and allowed **PFL to mislead the court** regarding Plaintiff's rights. That there are and were in fact damages that are supported by facts of evidence, and reliable witness testimony.

- **Potential Appearance of Impropriety Ignored (Ohio):** Concerns persist that the Summit County Court potentially ignored PFL's documented misconduct due to a PFL attorney's status as a Pro Tem Judge, creating an appearance of institutional deference further prejudicing Plaintiff.

- **Conclusion:** This consistent failure across courts in both states demonstrates a pervasive, systemic problem.

7. **Continued Lack of State/Social Services:** As of **April 29, 2025**, despite applications and demonstrated need, I continue to be **denied essential state support services** within Ohio (SNAP), leaving me without a basic safety net.

8. **Continued Necessity of AI Assistive Technology:** Due to the **universal lack of effective reasonable accommodations** across all systems encountered (AZ & OH practicalities), I remain **compelled to utilize advanced AI tools** (Gemini 2.5 Pro models) for essential litigation functions.

9. **Mesa ADA Request Ignored & False Court Statement:** The Mesa Court's April 3 Order **falsely** claims non-receipt of an ADA request, despite proof of my **January 24/25, 2025 submission** via multiple methods (**Exhibits D, E, F**). The Court **ignored** this submission and confessed failure of the **mandatory ADA interactive process**.

10. **Violation of Disability Rights Statutes (AZ & Fed) Akin to Elder Abuse:** The systemic neglect, procedural abuse, exploitation of vulnerability (HFASD/PTSD), denial of access, and dismissal of competency evidenced across Arizona systems constitute flagrant violations of rights guaranteed under **A.R.S. § 36-551.01** and ADA Title II. This pattern is **functionally and morally equivalent to elder abuse**, condemned by protective statutes nationwide (incl. principles in **Ohio's ORC § 5101.60 et seq. & ORC § 5123.62**).

11. **Exploitation by Opposing Counsel & Prosecution Enabled by Court Inaction:** Opposing counsel (Redwood/PFL in Ohio) and the **Mesa City Prosecutor's Office** appear to engage in parallel misconduct, exploiting Defendant's disabilities through procedural gamesmanship, inaccessible formats, and failure to provide discovery. It appears the Prosecutor's rationale is to **improperly stack charges and exploit cognitive disabilities.** This exploitation is **enabled by court inaction**.

12. **State Liability Under *Tennessee v. Lane* & DOJ Notification:** The **State of Arizona, State of Ohio, and its subdivisions (like Mesa in Maricopa County, & Akron in Summit County,) ARE NOT IMMUNE** from suit for these systemic ADA Title II court access failures, per *Tennessee v. Lane*. These state-level failures have persisted despite Defendant providing **repeated notice and documentation to the United States Department of Justice.** As well as repeatedly attempting in good faith to move forward with accommodated proceedings; not rushed slop jobs that lack any interactive process as described by the ADA / Title II Mandate. My requests have been relatively straightforward, and yet still all promises to accommodate have been **BROKEN or met with silence**

13. **Context of Mesa Charges & Felony Threat:** These Mesa misdemeanor charges have been pending for **two years** amidst this denial of rights. Threats have been made suggestion conversion to **consecutive count felonies**, escalating the duress and appearance of retaliation.

14. **State-Enabled Parental Alienation & Harm to Children:** The systemic failures in Arizona have **enabled and exacerbated profound harm to my children (A.R., J.R., H.R.) through parental alienation.** My ex-wives have **completely severed all court-ordered contact** for over a year, **contemptuously violating** prior Superior Court orders (Bachus Orders). This alienation is facilitated by AZ courts failing to enforce orders and the State obstructing access to records needed to prove it, harming my children's best interests (violating A.R.S. § 25-403 principles).

15. **Cumulative Impact & Interference:** These ongoing issues – court stonewalling (Mesa), hostile appointed counsel (**Exhibit A**), potential prosecutorial misconduct, *documented failure of Ohio courts including broken judicial promises and opposing counsel's (PFL) bad faith breach of consolidation agreement and disregard for accommodation orders*, state-enabled parental alienation, lack of basic services, physical stress (**Exhibit B - cysts**), navigating multiple appeals – constitute a continuing **multi-front assault**. This severely exacerbates my diagnosed PTSD, has directly **caused bouts of suicidal ideation over the years**, drains all resources, and **materially interferes** with my ability to prosecute appeals, defend myself, seek contact with my children, or perform critical AI development work. This constitutes **ongoing, severe, incurable prejudice**.

16. **Current Mental/Physical State & Necessity of *Pro Se*/AI:** The cumulative impact continues to severely affect my functioning. The chronic PTSD requires constant management. The **state-inflicted physical trauma** (Mesa PD assault causing **traumatic bursitis**, 6 months therapy - **Exhibit C**) creates a **real and present danger** making in-person appearance in Mesa impossible. I remain competent (prior AZ findings exist, though records obstructed) but operate under extreme duress. My insistence on **proceeding *pro se*, augmented by necessary AI assistive technology,** is a **forced adaptation** to this hostile, incompetent, and unaccommodating system.

**Further Affiant sayeth naught.**

_____

Andrew Rulnick, Affiant

Sworn to and subscribed before me this 28th day of **April, 2025.**

_____

Notary Public

BRANDY GRANDBERRY
Notary Public
State of Ohio
My Comm. Expires
January 27, 2027

My Commission Expires: January 27, 2027

(SEAL)