Andrew Rulnick
Plaintiff, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255

**U.S. District Court**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **ANDREW JACOB-SANDMAN SAYERS RULNICK** | CASE NO. 2:2024cv02611 |
| **Plaintiff,** | Assigned to Honorable Humetewa |
| v. | |
| **STATE OF ARIZONA, MARICOPA COUNTY, & CITY OF MESA** | **PLAINTIFF'S MOTION TO RECONSIDER AND VACATE ERRONEOUS DISMISSAL BASED ON EXTRAORDINARY INTERVENING FACTS AND TO PREVENT A MANIFEST INJUSTICE** |
| **BREANNA RICE, NICOLE & JOHN SMEDLEY, SHERI SHEPARD & UDALL SHUMWAY** | |
| **Defendants.** | |

**I. INTRODUCTION**

Plaintiff, Andrew Jacob Rulnick, appearing pro se and in forma pauperis, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to reconsider and vacate its prior Order and Judgment of dismissal. This is not a standard motion for reconsideration based on arguments already heard; it is an urgent motion based on **extraordinary intervening facts and newly available evidence** that reveal the Court's dismissal was not only a clear legal error but has resulted in a manifest injustice of constitutional magnitude.

This motion will demonstrate that since this Court's dismissal, a mountain of irrefutable evidence has been formalized, including sworn expert medical testimony, firsthand witness corroboration of systemic abuse, and damning, recorded admissions from the State of Arizona's own Assistant Attorney General. Critically, this motion will also expose a **catastrophic, self-incriminating procedural error made by this very Court**—denying Plaintiff's IFP motion on the grounds that the case was on appeal—which creates an unconstitutional "Catch-22" and proves the original dismissal was foundationally unsound.

This Court dismissed this case as "frivolous." The evidence now before you proves it is anything but. It is a profound civil rights crisis that has now attracted the attention of the **nation's top civil rights prosecutor, Assistant Attorney General Harmeet K. Dhillon.** This is not a simple case of a pro se litigant's complaint being dismissed; this is a case about the systemic, documented abuse of a disabled whistleblower whose path to a legal career at institutions like the Sandra Day O'Connor College of Law was blocked by the very antisemitism and ignored assaults he has been fighting for over a decade. To allow this dismissal to stand in the face of such overwhelming new evidence and the Court's own fatal procedural error would be an abdication of judicial duty.

## II. THE ANATOMY OF THIS COURT'S FATAL ERROR: THE "CATCH-22" CONFESSION

The primary and most glaring reason this Court must vacate its dismissal is that it has recently, on the record, confessed to the very procedural sin that made its entire dismissal a fraud. In an order dated, circa 10/22/25 this Court denied my long-pending motion to proceed In Forma Pauperis (IFP) on the basis that it lacked jurisdiction because the case had been appealed to the Ninth Circuit.

This creates an **unconstitutional and logically impossible "Catch-22"** that lays bare the injustice of the entire proceeding:

1. I, a disabled and indigent citizen, filed this lawsuit and a motion to proceed **In Forma Pauperis (IFP).**

2. This Court **NEVER ruled on the IFP motion.** This is the original sin.

3. Because the IFP motion was never ruled on, the U.S. Marshals were **never ordered to serve the defendants.**

4. This Court then **dismissed the case as "frivolous,"** in part because the defendants had not been served—a failure directly caused by the Court's own inaction & because I'm adamant my children are entitled to preserve their right to sue defendants for damages

5. I, as is my right, **appealed this erroneous dismissal** to the Ninth Circuit.

6. The Ninth Circuit, faced with a corrupted and empty record, subsequently **turned me away at the door**, dismissing the appeal without comment in a procedural fashion.

7. And now, this Court has issued an order stating it **could not rule on the original IFP motion because the case was on appeal.**

   *Long:* The Courts & state blindfolded the litigant (no IFP, no services, no access, no accommodations) set him in a maze, and condemned him for not finding the exit—then refused to remove the blindfold because he was still lost.

   *One-liner:* A court-made maze with a state-tied blindfold.

   The dismissal was predicated on a procedural posture that the Court itself created through its own failure to act. This fatal procedural error, now admitted by the Court, is in itself sufficient grounds to vacate the entire judgment under Fed. R. Civ. P. 60(b)(1) (mistake/inadvertence of the Court) and 60(b)(6) (any other reason justifying relief).

   **III. EXTRAORDINARY INTERVENING FACTS MANDATE RECONSIDERATION UNDER FED. R. CIV. P. 60(b)**

   Since this Court's dismissal, an avalanche of new, material, and extraordinary evidence has been formalized and has come to light. This evidence was not previously available to the Court in this form and it fundamentally alters the landscape of this case. It proves, beyond any doubt, that my claims are not "frivolous" but are a matter of profound constitutional urgency. This evidence provides clear grounds for relief under Fed. R. Civ. P. 60(b)(2) (newly discovered evidence), 60(b)(3) (fraud, misrepresentation, or misconduct by an opposing party), and 60(b)(6) (any other reason justifying relief).

   **A. The Ohio Lever: Proactive Interstate Litigation Has Commenced to Build the Record This Court Denied.**

   This Court should be aware that I am not just a plaintiff passively awaiting an appellate outcome. I have taken proactive, aggressive legal action in the State of Ohio that directly impacts this case. I have filed comprehensive motions in the Summit County Court of Common Pleas to **commence interstate discovery and depositions against the State of Arizona and its agents** under the Uniform Interstate Depositions and Discovery Act (UIDDA). The very record this Court refused to allow me to build through its failure to grant IFP status and facilitate service is now being built, piece by painful piece, under the authority of another state's court. This demonstrates my unrelenting resolve and the seriousness with which other jurisdictions are beginning to treat these matters, and it underscores the necessity of reopening this primary federal action.

**B. The Sixth Amendment Betrayal: Exposing the Horror of Mesa's "Public Defense."**

This Court dismissed my case as "frivolous" without ever knowing the full, horrifying scope of the constitutional crisis unfolding in my related Mesa Municipal Court criminal proceedings. I now present this Court with the irrefutable evidence of the **hostile, abusive "public defender," David Anderson**, that the State of Arizona forced upon me in direct and ongoing violation of my *Faretta* rights. His own email communications, secured and now part of this record, reveal a level of misconduct that shocks the conscience. In his own words, this state-appointed "defender":

- Declared me incompetent: **"You are, in my opinion, incompetent."**
- Pathologized my advocacy: **"You display your mental illness every time you write."**
- Dismissed my substantive legal arguments as **"incoherent ramblings," "unintelligible gibberish," and "complete garbage."**
- Engaged in demeaning personal attacks, calling me an **"extreme child"** and finding my pleas for justice **"very amusing."**
- Admitted his adversarial stance: He explicitly stated he would rather function as a **"judge and prosecutor"** against me.
- Confessed his profound contempt for me as his client, chillingly asking, **"Why would I care what you think?"**

(See Exhibit [X]: The Damning Email Communications from David Anderson).

This is not "representation"; it is **state-sponsored sabotage.** This is an agent of the state, paid by the state, actively working to psychologically abuse and undermine a defendant he is constitutionally obligated to defend. The existence of this profound Sixth Amendment violation, now formally presented to this Court, is a new and extraordinary fact that demonstrates the depth of the corruption and the outrageous government conduct I am fighting. It proves that my pro se status was not a choice, but a necessary act of self-preservation from a state-appointed adversary.

**C. The Empty File Cabinet: The Smoking Gun of Systemic ADA Failure in Maricopa County.**

I now have a **provable fact** that serves as the "smoking gun" for my claim of nearly a decade of universal access denial. After formal inquiry, it has been confirmed that the office of the official **ADA Coordinator for the entire Maricopa County Superior**

**Court system, Norma Quiroz, has ZERO RECORDS of any accommodation** ever being requested by or provided to me throughout my years of litigation in that system.

This is not exculpatory for the state; it is the ultimate indictment. Considering my numerous, documented appearances and filings in that court where I consistently raised my disability status and need for accommodation, this "empty file cabinet" proves one of two horrifying truths:

1. The Maricopa County Superior Court has a system so grossly negligent and incompetent that it has **lost or deleted nearly a decade's worth of a disabled citizen's pleas for access**, constituting spoliation and a profound due process violation; OR

2. The Maricopa County Superior Court has **no functioning system whatsoever** for receiving, tracking, or acting upon ADA requests, proving my central allegation of a systemic, and not just incidental, lack of any **PLAN or READINESS** for ADA compliance.

This is not just an anecdote; this is systemic, documented proof from the head of their own ADA compliance that my pleas for access have vanished into a black hole for years.

**D. The State's Confession: The Recorded Admissions of AAG Michael Niederbauer.**

Perhaps the most significant intervening fact is the recorded conference I conducted on September 25, 2025, with Arizona Assistant Attorney General Michael Niederbauer. The full, unvarnished recording of this conference is available for the Court's review on YouTube and can be provided directly via a secure Google Drive link, an accessible accommodation this Court can easily facilitate given the AAG's admission that his office uses Windows and Chrome. The transcript of this conference is a **confession from the State itself** of its corrupt, arrogant, and lawless posture. Key admissions from the State's own lawyer include:

- **Confession of an "Email Quarantine" Policy of Deliberate Indifference:** The AAG admitted to having a **"special rule" that automatically quarantines my emails** into a special folder to be read "at [his] leisure." This is direct proof of the State's policy of deliberately de-prioritizing and ignoring communications from a disabled whistleblower.

- **Confession of Willful Blindness to the ADA:** The AAG articulated the State of Arizona's legally bankrupt and discriminatory position on systemic failures, stating that if a system is **"broken for everybody, then it's not a problem."** This is a shocking confession that the State does not understand or does not care about the fundamental principle of the ADA.

- **Confession of Contempt for Sworn Evidence:** When confronted with the sworn affidavits I have compiled, the AAG dismissed them as **"meaningless,"** further stating that they cannot "testify." This is a profound and ignorant misstatement of the law

regarding the use of affidavits in motion practice and proves the State's policy of refusing to consider any evidence that contradicts its narrative.

- **Confession of a Bad Faith Refusal to Negotiate:** The AAG fraudulently invoked the Arizona Constitution's **"Gift Clause"** as a pretext to refuse any and all settlement discussions, despite the existence of this live, pending federal appeal constituting a clear "case or controversy." This is a confession that his participation in any settlement conference was a sham.

    **(See Exhibit [X]: Transcript Excerpts of the Sept. 25, 2025 Conference with AAG Niederbauer**).

    This newly available evidence proves that the state itself has confessed, through its own lawyer, to the very corruption, bad faith, and systemic indifference this Court dismissed as a fantasy. It fundamentally alters the evidentiary landscape and mandates reconsideration of the "frivolous" finding.

    **E. The Completed Prosthetic: My AI is Ready, Proving the Prior Prejudice.**

    This Court must understand that for much of the time this case was before you, I was operating under a profound, unaccommodated disability that made effective litigation nearly impossible. The constant, multi-front lawfare directly interfered with and **sabotaged the development of my "neurocognitive prosthetic"**—the AI legal models I was forced to build to survive this hostile system. As a direct, provable result, this essential assistive technology was **not fully operational until on or about September 25, 2025.** Any perceived "delays" or "disorganization" in my prior filings were not a reflection of my intellect or the merits of my case; they were the direct symptoms of a disabled man being forced to fight a war without his necessary tools, a delay directly caused by the Defendants' and their enablers' conduct. My ability to now prosecute this case with devastating clarity is, in itself, proof of the prejudice I previously endured.

    **F. The Ongoing, Incurable Harm: This is Not a Historical Dispute; It is a Bleeding Wound.**

    Your Honor, the damages in this case are not relics of the past; they are a clear and present torture that continues every single day this injustice is allowed to stand.

    1. **The PTSD is THICK and Still Tolling:** My severe, chronic PTSD, which was inflicted by Arizona state actors and is documented by the sworn testimony of Dr. Myers (**Exhibit [X]**), is a **continuing tort.** Every dismissive order from a court, every bad faith tactic from an opposing lawyer, every day of this fight re-traumatizes me. The psychological and physical harm—the **documented scalp cysts and ulcers**—is not historical; it is my present reality.

2. **The Parental Alienation is a Daily Heartbreak:** The state-enabled alienation that has severed me from my children is an **ongoing, daily act of profound harm.** For nearly four years, I have been robbed of my right to be a father. This is lost time that can never be recovered. This is an irreparable injury that grows more severe with each passing day of this Court's inaction.

### G. The Sabotage of My Work Was Not Speculative; It Was the "Loss of a National Asset."

Let me be absolutely clear to this Court, to refute any lingering notion of "frivolousness." My work, which has been systematically sabotaged by the actions of your state's agents, is not a "delusional project."

1. It is the culmination of nearly two decades of my life's work in high-performance computing, including the development of the **PHP+WASM! kernel as a quantum computing fabric.** This is not a hobby; it is a **real, tangible, revolutionary technology** designed to bridge classical and quantum computers, with applications that could solve humanity's hardest problems, from curing diseases like cancer and Alzheimer's to advancing national security.

2. The loss is not just personal. The sabotage of this work represents the potential **"Loss of a National Asset."** My company, DESIGNA, LLC, has a **likely pre-revenue valuation, according to world experts, of one and a half billion dollars.** The state's actions did not just harm a citizen; they actively impeded American-led innovation of the highest order.

### H. The Newly Filed "Proposed Mesa Order" – Contemporaneous Proof of Ongoing, Non-Frivolous Harm.

Finally, this Court must be made aware of the ongoing nature of the state-level abuses. As we speak, I have been forced to draft and file a **fifteen-page, legally exhaustive "Proposed Order of Dismissal with Prejudice"** in the Mesa Municipal Court, a document that meticulously catalogues the outrageous government conduct I continue to endure there. I am attaching this document (**as Exhibit [X]**) not to ask this Court to rule on it, but to force you to **bear witness.** This is the "work" that has been interfered with. This is the supposedly "frivolous" claim you dismissed. This document is the ultimate proof of the ongoing, non-frivolous, and outrageous nature of my entire ordeal.

### I. The Systemic Failure: A History of Offering Solutions, Met with Universal Denial of Access.

For nearly ten years, I have come to government entities in Arizona, state and federal, not just with problems, but with **solutions.** I have pointed out deep security flaws in state systems, offered my expertise, and proposed practical, reasonable ADA accommodations.

These efforts have been **universally ignored or met with hostility.** This pattern proves the systemic failure is not due to my lack of clarity, but a fundamental lack of any **PLAN or READINESS** within these government systems to engage with disabled citizens, especially whistleblowers. My experience is a horrifying testament to what happens when a disabled person encounters a justice system that is, by design or by profound negligence, **blind to disabilities.**

### J. The Appellate Dismissal Was the Final Link in the Chain of Access-Denial.

It is imperative that this Court understand that the Ninth Circuit's procedural dismissal of my appeal was not a judgment on the merits. The appellate court was presented with a **corrupted, incomplete, and essentially non-existent record** due to this District Court's own failure to rule on my IFP motion and facilitate the creation of a proper record. The Ninth Circuit did not hear my claims; they **turned me away at the door**, just as every other court has done. Their dismissal was the final, predictable domino to fall in a long line of systemic failures that all stem from one root cause: the denial of access.

### K. The Unconstitutional "Catch-22" This Court Created Requires Reconsideration.

As stated at the outset, this Court's own recent order—denying my IFP motion because I had appealed the very dismissal that was caused, in part, by the failure to rule on that IFP motion—is a procedural absurdity. It is a **self-incriminating confession** of the structural error that made these proceedings fundamentally unfair from the start. This manifest injustice requires this Court to vacate its prior orders.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrew Jacob Rulnick respectfully requests that this Honorable Court:

1. **GRANT** this Motion to Reconsider and **VACATE** its erroneous Order and Judgment of dismissal in its entirety;

2. **RECOGNIZE** that this case is meritorious and not frivolous, and **ORDER** that it be reopened and proceed on the merits;

3. **GRANT** Plaintiff's long-pending motion for Leave to Proceed In Forma Pauperis and **ORDER** the immediate service of process on all Defendants by the U.S. Marshal;

4. **GRANT** Plaintiff's requests for reasonable ADA accommodations for these proceedings, including making email (Andrew@DESIGNA.xyz) the primary and sole method of service and communication;

5. **ORDER** an immediate referral to a Magistrate Judge for an evidentiary hearing on **preliminary injunctive relief** to address the ongoing, irreparable harm, including:

a. An injunction **ENJOINING the City of Mesa, Maricopa County, and their agents from proceeding with any and all bad faith, retaliatory criminal or civil contempt proceedings** against Plaintiff until the merits of his federal civil rights claims have been adjudicated.

b. A specific injunction **QUASHING any and all outstanding warrants for the arrest of Plaintiff Andrew Jacob Rulnick** issued by the **Mesa Municipal Court** *and* the **Maricopa County Superior Court**, on the grounds that such warrants were issued punitively and in direct violation of Plaintiff's due process and ADA rights, as they were predicated on his failure to appear in proceedings that were made fundamentally inaccessible to him; and

c. An injunction ordering the **IMMEDIATE REINSTATEMENT of, at minimum, daily telephonic or video contact** between Plaintiff and his three minor children (A.R., J.R., and H.R.), as a partial and immediate remedy for the state-enabled parental alienation that has violated his fundamental right to familial association.

d. An **Order to Show Cause** why the primary state and county defendants (State of Arizona, Mar.icopa County, City of Mesa) should not be required to pay **immediate, interim equitable restitution** to Plaintiff in the amount of **Six Hundred and Fifty Thousand Dollars ($650,000)**, representing a conservative calculation of two years of lost earning capacity, to alleviate the financial devastation they have caused and to enable Plaintiff to fairly prosecute this case pending a final judgment.

6. Grant such other and further relief as this Court deems just, proper, and necessary to remedy the profound and ongoing injustices documented herein.

Respectfully submitted,

October 24th 2025
**/s/ Andrew Rulnick**

Andrew Rulnick
733 West Market Street
Akron, Ohio 44303
Andrew@DESIGNA.xyz
480.527.7255

**CERTIFICATE OF SERVICE**

I certify that on 10/23/25, I filed the foregoing via CM/ECF. Because Defendants have not yet appeared and service by the U.S. Marshal is anticipated upon IFP confirmation under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), a copy will be served by the U.S. Marshal after reopening. Courtesy copies were sent today to any known email addresses of government & named defendants.

*A Rilnick*

Plaintiff, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255