Andrew Jacob Rulnick
Plaintiff, Pro Se
733 West Market St Apt #1008
Akron, Ohio 44303
480.527.7255 • Andrew@DESIGNA.xyz


September 29, 2025


# ARIZONA PUBLIC RECORDS REQUEST (A.R.S. § 39-121) — ARIZONA ATTORNEY GENERAL'S OFFICE


To: Public Records Coordinator, Arizona Attorney General's Office

Delivery: Email/Web Form (if available) and Certified Mail to 2005 N. Central Ave, Phoenix, AZ 85004-2926


Subject: Request for Administrative Records re: Andrew Jacob Rulnick — ADA/Access; Non-Ministerial Ex Parte; Interagency Communications (Non-Commercial)


Pursuant to **A.R.S. § 39-121 et seq.**, I request access to and copies of public records held by the Arizona Attorney General's Office (AAGO) as described below. Please produce electronically. If any portion is withheld, provide the specific legal basis and release all reasonably segregable portions.


Timeframe: January 1, 2019 to present.


Records Requested:

• All communications to/from **Assistant Attorney General Michael Niederbaumer** that reference **Andrew Jacob Rulnick**, ADA accommodations/effective communication, filing/portal access, or handling of Mr. Rulnick's matters; include any references to "quarantine" or "special rule" for his emails.

• All communications between AAGO personnel and the **Judicial Branch in Maricopa County (Superior Court)**, **Mesa Municipal Court**, **City of Mesa Prosecutor**, **Mesa Police Department**, or **Maricopa County Attorney's Office** referencing Mr. Rulnick and ADA/access or filing/portal matters.
• Internal AAGO communications discussing whether Mr. Rulnick "has the right" to ADA accommodations/effective communication or any policy regarding how his communications should be handled.
• Helpdesk/ticket records or routing logs reflecting filtering/quarantine/forwarding rules that impacted emails from Mr. Rulnick or his domains (designa.xyz); include incident IDs, timestamps, and technician notes.
• Any litigation holds applied by AAGO that reference Mr. Rulnick; relevant retention schedules/policies for the above systems.

Format: Please produce **native files with metadata** where practicable (PST/EML/MSG; CSV for logs; WAV/MP3 for voicemail). If production in native format is not feasible, provide a reasonable alternative and a description of any omitted metadata.

Fees: This request is for **non-commercial** purposes. Please advise of any copying charges in advance if they exceed a nominal amount; electronic delivery to **Andrew@DESIGNA.xyz** is preferred.

Thank you for your prompt attention.

Respectfully,

/s/ Andrew Jacob Rulnick

Andrew Jacob Rulnick, Plaintiff, Pro Se

| Revised   2/18 | **ARIZONA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br># POLICY & PROCEDURE | NO.   ISS-1 |
|---|---|---|
| SUPERSEDES   10/15 | | SHEET   1   of   7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:   Information Services<br>As item:   ISS-1 |

I. PURPOSE

This Policy governs the official and personal use of the Internet and email systems and discusses the preservation, disclosure, and disposition of the records that result from the use of these systems. This Policy supersedes prior policies issued by the Attorney General's Office (AGO or Office) concerning Internet and email use.

II. DEFINITIONS

    A. **Electronic mail (email)** is communication transmitted by any type of computer (including, for example, BlackBerries and iPhones) among members of this Office's staff, other State agencies, and any other person.

    B. **Encrypted email** is email that is secure from unauthorized access by third parties. The content of the email (that is, the message body and attachments) is protected by encoding it with a mathematical algorithm so that it can be viewed only by the sender and the addressees. The email address (to, from, and cc) and the subject line of an encrypted email are not secure. Email encryption occurs automatically when it is sent to certain recipients and manually by typing ENCRYPT in the subject line of the email.

    C. **External email** is email that is transmitted to or from outside parties (including other State agencies) via the Internet. External email may not be secure and could be intercepted by unauthorized third parties. Information contained in an external email message may be subject to disclosure under the State's public records law. *See* A.R.S. §§ 39-101 to 121.03.

    D. **Internal email** is email transmitted within the Office's closed system that is not accessible by the public. Internal email messages may be subject to disclosure under the State's public records law.

    E. **Personal email** is email that is not received or created in the course of State business and does not have a substantial nexus with the State's activities. Examples of personal email are unsolicited email advertisements, commonly called "SPAM," messages concerning non-State-business lunches, and messages concerning vacation travel arrangements.

    F. **Record email** is email of any kind that is transmitted or received pertaining to public business, which must be preserved as a record of official action or policy (*i.e.*, evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the government). Examples of formal email include substantive email concerning a case, such as a recommendation not to appeal an adverse decision; an email containing substantiation for the expenditure of State funds; and an email setting forth a Section's policy for notifying the Section Chief Counsel about absences.

| Revised 2/18 | ARIZONA<br>OFFICE OF THE ATTORNEY GENERAL<br>POLICY & PROCEDURE | NO.   ISS-1 |
|---|---|---|
| SUPERSEDES  10/15 | | SHEET  2  of  7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:   Information Services<br>As item:   ISS-1 |

    Record email shall be professional in content and appearance. Users shall utilize fonts that portray a lawyerly demeanor and avoid using graphics that don't add business value. Branding seals or graphics (e.g. Lady of Justice, State Seal, section symbol, etc…) can be used to add authenticity to email correspondence or when citing statute. Users need to keep in mind that the use of graphics within email creates transmission overhead, uses additional disk space, and can create technical challenges for users of older email systems to open and view the messages. Users shall not send emails with borders, backgrounds, or exotic fonts. The use of color fonts and font characteristics (e.g. bold, italic, strike-through, etc…) is permissible when utilized to accent hyper-links, highlighted text, or denote comments/edits.

    G.    **Transitory email** is email that is used to facilitate routine matters, such as scheduling meetings and conference calls; notification that particular legal or policy issues will be resolved in another communication; and notification of employees' whereabouts (for example, vacations, conferences, out-of-office work). In addition, publications, promotional material from vendors, and similar materials that are publicly available to anyone are not public records unless specifically incorporated into other documents. For example, email discussion group messages and files copied or downloaded from Internet sites are not public records. However, for example, if you justify the purchase of equipment by incorporating the reviews that you received via an email discussion group in your proposal to your supervisor, the records become official records and must be retained in accordance with the retention schedule for purchasing records.

    H.    **User** is anyone who the Office allows to access the Office's computer system, including employees, temporary employees, contractors, volunteers, and student interns

III.    POLICY

    A.    Users of the AGO Internet and email systems must comply with all applicable federal and state laws and regulations (including A.R.S. § 38-448) and must adhere to Office policies, procedures, and guidelines. Violation of this Policy may result in limiting or revoking Internet and email use, including access to the Web and electronic mail, and may be cause for discipline or dismissal. *See also* discussion in paragraph VI of this Policy.

    B.    Users shall not use any service or take any action through the Internet for which the Office may be charged a fee without prior approval by Section Chief Counsel. Costs incurred for unauthorized use will be billed directly to the user and may result in termination of Internet access or other disciplinary action.

    C.    Users shall take reasonable precautions to ensure that emails containing confidential and privileged information (for example, attorney-client privileged communications, privileged work product, executive privilege communications, and information that is confidential pursuant to statute) are not intercepted by or disclosed to unauthorized persons. *See* Arizona State Bar Formal Ethics Opinion 97-04 (email is not a "sealed"

| Revised 2/18 | ARIZONA<br>OFFICE OF THE ATTORNEY GENERAL<br>POLICY & PROCEDURE | NO. ISS-1 |
|---|---|---|
| SUPERSEDES 10/15 | | SHEET 3 of 7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section: Information Services<br>As item: ISS-1 |

mode of transmission and precautions to safeguard confidentiality shall be taken). These precautions include the following:

1. If a user is sending or receiving a confidential or privileged email when he or she is not in the Office, the user should use the Microsoft Outlook system instead of a personal email address.

2. Because encryption of privileged and confidential communication provides a safer means of transmission, emails to or from the Office and the Department of Economic Security, Department of Health Services, Department of Revenue, and Arizona Health Care Cost Containment System are automatically encrypted. ***However, the subject line of the email is not encrypted.*** Users shall also use encryption when sending confidential emails to any other client if the Office and the client have agreed that encryption should be used for the transmission of confidential email.

3. ***Either the subject line or the first line of the body of each confidential email transmission shall indicate that it is a confidential and/or privileged communication.*** Users should also consider whether to indicate in the first line of the email why the user considers the message confidential – for example, attorney-client privileged or protected from disclosure by A.R.S § 8-807. The client should also be advised to similarly identify its privileged or confidential emails. *See* Ethics Opinion 97-04 ("At a minimum, e-mail transmissions to clients should include a cautionary statement either in the "re" line or beginning of the communication, indicating that the transmission is "confidential" "Attorney/Client Privileged," similar to the cautionary language currently used on facsimile transmittals.").

4. The Division or Section Chief Counsel shall determine whether it is necessary to obtain the written consent of the appropriate client agency head before approving transmissions of unencrypted, privileged communications to that agency. In making that determination, the Division or Section Chief should consider whether the client has been advised that it should not send highly sensitive materials by email, that email records may be discoverable, and that emails may be intercepted by third parties. *See id.* ("Lawyers may also want to caution clients about transmitting highly sensitive information via e-mail if the e-mail is not encrypted or otherwise secure from unwanted interception."). The Division or Section Chief shall maintain a list of all clients who have consented to receive privileged information via email that is not encrypted. The list should be reviewed annually to ensure that the current head of the client agency is aware that the agency has agreed to receive confidential email and agrees with the consent.

D. When a public record, discovery, or other request is made regarding any email, the Office may assert any applicable privilege or other legal objection to disclosure. Such

| Revised   2/18 | ARIZONA<br>OFFICE OF THE ATTORNEY GENERAL<br>**POLICY & PROCEDURE** | NO.   ISS-1 |
|---|---|---|
| SUPERSEDES   10/15 | | SHEET   4   of   7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:   Information Services<br>As item:   ISS-1 |

assertions of privilege and other objections to disclosure may be made only by the Office in consultation with its client agencies, and not by an individual user.

E.   Office-wide internal email is an efficient, effective way of communicating with the entire Office. Because it can consume valuable employee time, however, office-wide email may be used only if the information legitimately concerns the entire Office. You should inform your Office Administrator of the content of a proposed office-wide email before circulating it. If you have any questions about the propriety of sending an office-wide email, you should consult with your Section Chief Counsel. Inappropriate office-wide email may be grounds for discipline or termination of use or both.

IV.   GUIDELINES ON PERSONAL USE OF THE INTERNET AND EMAIL.

Authorized personal use of the Internet and email is a policy decision that recognizes the reality of the workplace. Users have a legitimate need at times to contact family and friends and take care of a certain amount of personal business during the workday. Limited use of the Internet and email for personal reasons is therefore permissible.

Personal use of State computers to access and use the Internet or to send and use email is permissible if the use complies with this policy. If there is any doubt about whether the use complies with the Policy, consult your immediate supervisor or Section Chief Counsel.

Users shall comply with the following guidelines for personal Internet and email use:

A.   Users may only use the Internet and email for personal reasons during personal time (*i.e.*, before or after a user's scheduled work hours or during a break) and shall limit such incidental use to a reasonable duration.

B.   If a user receives a personal email from anyone that he or she considers inappropriate or unwelcome, the user shall ask that person to refrain from sending him or her similar emails in the future. If a user receives such a request, he or she shall not send the requester such emails.

C.   Personal use of the Internet must not result in any additional expense to the State.

D.   Users shall not conduct any commercial (for profit) business through the Internet or Office email (for example, conducting the sale of a vehicle or otherwise soliciting others to participate in any commercial activity is not acceptable, but making personal travel arrangements during personal time or breaks is permitted).

E.   Personal use of the Internet and email must not interfere with State business.

F.   To avoid establishment of religion concerns, if a user sends an email containing a religious message, symbol, or greeting, the user shall notify the recipient that the email is personal and does not reflect the opinion of the State of Arizona.

| Revised 2/18 | ARIZONA<br>OFFICE OF THE ATTORNEY GENERAL<br>**POLICY & PROCEDURE** | NO.   ISS-1 |
|---|---|---|
| SUPERSEDES  10/15 | | SHEET  5  of  7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:   Information Services<br>As item:   ISS-1 |

    G.    Because users are identified as State employees, users shall not use email to further political activities (for example, using email to further one's own or someone else's partisan or nonpartisan political campaign).

    H.    Users shall not claim to represent the views or position of the State, and shall not make unauthorized commitments or promises of any kind purporting to bind the State.

V.    RETENTION AND DISPOSITION OF INFORMATION TRANSMITTED OR RECEIVED VIA THE INTERNET OR EMAIL.

Email communications will be preserved pursuant to this Policy and the Department of Library, Archives and Public Records' Retention Schedule for Electronic Communications and Social Networking Records.

Users who transmit email shall determine whether to preserve or delete the email communication as follows:

    A.    Record email transmitted inside or outside the Office or received from anyone outside the Office through the email system or the Internet shall be preserved, including the message with any attachments, the name of the senders and recipients, and the date sent or received.  If you send a record email from home using a personal email account or receive an email on your personal email account, you must send a copy of the record email to your Microsoft Outlook account.  You should not retain multiple copies of the same record email.  If you send a record email, you are responsible for retaining it.  If you send record emails to a "distribution list" (a specified list of individuals), you must also keep a copy of the members of the list for as long as you are required to keep the list or document itself.  The receipt data for email that is sent from the Office must be preserved only when necessary for a State business purpose – for example, when filing a pleading with a court by email.

         Record email shall be preserved by:  (1) printing and preserving in permanent paper format and placing in the appropriate paper file; (2) preserving unedited in the AGO document management system and associating with the appropriate retention schedule; or (3) archiving unedited in the Microsoft Outlook system if the record email does not pertain to a paper file or the document cannot be associated with a retention schedule in the AGO document management system.[1]  Record emails will be disposed of pursuant to the Department of Library, Archives and Public Records' Retention Schedule for Electronic Communications and Social Networking Records.  Once communications have been preserved as documents in the appropriate paper file, the AGO document

---

[1]  The Tobacco Unit of the Consumer Protection and Advocacy Section retains emails concerning tobacco companies' compliance with the Master Settlement Agreement and the Tobacco Settlement Working Group of the National Association of Attorneys General in an electronic working file; therefore, retention of those emails is not governed by this provision of the Policy.

Case 2:24-cv-02611-DJH--ASB   Document 38-6   Filed 10/24/25   Page 8 of 14

| Revised    2/18 | **ARIZONA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>**POLICY & PROCEDURE** | NO.    ISS-1 |
|---|---|---|
| SUPERSEDES   10/15 | | SHEET   6   of   7 |
| **SUBJECT:**<br><br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:   Information Services<br>As item:   ISS-1 |

        management system, or archived in the Microsoft Outlook system, they may be deleted from the email system.

    B.    Communications subject to an existing public records request, court-ordered retention, or formal discovery in ongoing litigation, or communication that may be relevant in any anticipated litigation will be preserved in the appropriate paper file or word processing or Microsoft Outlook system.

    C.    Transitory email may be deleted after being read and any required action is taken, subject to the limitations set forth in V.B.

    D.    Personal email that is not received or created in the course of State business may be deleted immediately because it is not a public record.

    E.    Email that has *not* been deleted will be backed up on tape nightly.  Email will automatically be deleted from both the AGO sender's and AGO receiver's mailboxes after 60 days.  The email backup tape will be reused and recorded over every four weeks by ISS pursuant to the Department of Library, Archives and Public Records' approved [Records Disposition Schedule for the Attorney General's Office](). The email system's backup will be retained in the Office for four weeks and destroyed.  Office-wide directories and distribution lists will be maintained online and modified daily.

VI.    TERMINATION OF ACCESS / DISCIPLINE / TRAINING.

    A.    The Office may terminate access without notice or cause for any reason, including inappropriate use of the email system or use of unacceptable Internet sites.  Users in doubt about accessing particular areas of the Internet or appropriate email use should seek policy clarification from Section Chief or ISS before continuing research.

    B.    ***Violators of this Policy will be subject to discipline.***

    C.    Division Chief Counsels shall periodically review the Policy and determine if users need additional training regarding Internet and email policies and use.

    D.    New users shall not be granted access to the Internet or email system until they have read this Policy and acknowledged that they understand and will comply with the Policy. New users must receive training on this Policy and email and Internet use within 60 days of employment.

    E.    Exceptions to this Policy are permitted only by written authorization of the Attorney General.  *See [Access to Restricted Web Sites and Information]().*

    F.    Users shall acknowledge annually that they are in compliance with this Policy by agreeing to the *[IT Appropriate Use Agreement]()*.  Supervisors may access email and Internet use at any time to ensure compliance with this Policy.

| Revised    2/18 | **ARIZONA**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>POLICY & PROCEDURE | NO.    ISS-1 |
|---|---|---|
| SUPERSEDES    10/15 | | SHEET    7    of    7 |
| **SUBJECT:**<br>INTERNET AND EMAIL | | FILING INSTRUCTIONS<br>(Guidelines & Procedures Manual)<br>Section:    Information Services<br>As item:    ISS-1 |

- G. Monitoring: AGO has the capability and is authorized to monitor, track, audit and log all computer usage, including intra-agency, inter-agency, and Internet e-mail, internet-based application usage, and Internet sites visited. This also includes personal e-mail, websites etc. that are accessed using AGO computing resources. Requests for monitoring will be submitted to the Director of Operations who will work with the Chief Deputy.

- H. When an employee separates from the Office, whether it is due to resignation, retirement, or termination, the Section Chief Counsel shall review the employee's Microsoft Outlook account, including archived emails, to determine which email messages should be retained as records, where the records should be maintained, and the appropriate retention period.

| Issued: 8/12/2015<br>Effective: 8/12/2015<br>Revised: 8/12/2015 | ARIZONA<br>OFFICE OF THE ATTORNEY GENERAL<br>POLICY & PROCEDURE | NO.   OP-16 |
|---|---|---|
| SUPERSEDES   10/2014 | | SHEET   1   of   6 |
| **SUBJECT:**<br><br>**RECORDS RETENTION** | | FILING INSTRUCTIONS<br>(Policies & Procedures Manual)<br>Section:   Facilities Management<br>As item:   OP-16 |

*All AG employees are required to electronically sign each new and updated guideline and procedure issued, acknowledging that they have read and understand each policy.*

**I. PURPOSE**

The purpose of this guideline is to outline the Records Retention Policy for employees at the Attorney General's Office (AGO).

**II. SCOPE**

This policy applies to all AGO employees.

**III. AUTHORITY**

Pursuant to A.R.S. 41-151.13.2, the State Records Center is the only authorized records center for inactive state agency records. Please click to review additional Arizona Revised Statutes pertaining to public records.

**IV. DEFINITIONS**

| | |
|---|---|
| Disposition | Once a record is no longer needed for an administrative, legal or fiscal reason, that record has reached the end of its useful life and it can be destroyed. |
| Electronic Imaging | E-records are those that reside in electronic computer systems or other electronic media. Those records created in an electronic/digital environment are referred to as "born digital" and may spend their entire life-cycle in this form. E-records are a documentary product of e-government, or digital government. |
| Historical Records | Records are deemed historically significant when they document a controversial issue; document a program, project, event or issue that results in a significant change that affects local community, city, county or state; document a program, project, event or issue that involves prominent people, places or events; document a program, project, event or issue that resulted in media attention locally, statewide or nationally. |
| Interfiles | Interfiles are individual records which are sent to the Records Center for placement in a box already in storage. Unlike refiles, interfiles have never been filed in the Records Center before. |
| Records | As defined in the Arizona Revised Statutes A.R.S. §41-151.18 records are: all books, papers, maps, photographs or other documentary materials, regardless of physical form or characteristics, including prints or copies of such items produced or reproduced on film or electronic media pursuant to section 41-151.16, made or received by any governmental agency in pursuance of law or in connection with the transaction of public business and preserved or appropriate for preservation |

| Issued: 8/12/2015 Effective: 8/12/2015 Revised: 8/12/2015 | ARIZONA OFFICE OF THE ATTORNEY GENERAL POLICY & PROCEDURE | NO.   OP-16 |
|---|---|---|
| SUPERSEDES   10/2014 | | SHEET   2   of   6 |
| **SUBJECT:**  RECORDS RETENTION | | FILING INSTRUCTIONS (Policies & Procedures Manual) Section:   Facilities Management As item:   OP-16 |

| | |
|---|---|
| | by the agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the government, or because of the informational and historical value of data contained in the record, and includes records that are made confidential by statute. |
| Records Retention | Records retention is the maintenance of documents for further use. |
| Records Management Center | The Records Management Center administers the management of public records throughout state and local government in Arizona. Records Management is responsible for establishing standards, procedures and techniques for effective management of the public records of Arizona state and local government. |
| Records Officer | Pursuant to A.R.S. §41.151.14 the head of each agency shall appoint a Records Management Liaison Officer who shall act as liaison to the Arizona State Library, Archives & Public Records. Officer is the Director of Operations , Leslie Welch. |
| Refiles | Refiles are records that were previously archived with the Records Center per their applicable retention schedule, were retrieved by the Agency for review reasons etc., and then are returned back to the Records Center. |

## V.  POLICY – RECORDS RETENTION

| | |
|---|---|
| Retention Schedules | 1. General Retention Schedules for State Agencies, Boards, and Commissions<br>2. Attorney General Retention Schedules (Browse results by agency name) |

## VI.  PROCEDURE

- **Archiving of Records**

| | |
|---|---|
| Office Administrator or Designee | 1. Review the Records Center Use and Procedures.<br>2. Review and complete the Records Center Checklist<br>   a.   Complete Boxed Records Data Form<br>   b.   Complete Transfer Manifest Form<br>3. Scan and email your completed records center checklist, box record data form(s) and transfer manifest to FacilitiesManagement@azag.gov upon completion. |
| Facilities Management | 1. Facilities will review the scanned documents from step #3 above and send to Records Management for review. |
| Records Management | 1. Records Management will review completed Records Center Checklist, Box Record Data Form(s) and Transfer Manifest.<br>2. Records Management will contact the name listed on Transfer Manifest Form to schedule a pick-up. |

| Issued: 8/12/2015 Effective: 8/12/2015 Revised: 8/12/2015 | **ARIZONA OFFICE OF THE ATTORNEY GENERAL** **POLICY & PROCEDURE** | NO.   OP-16 |
|---|---|---|
| SUPERSEDES   10/2014 | | SHEET   3   of   6 |
| **SUBJECT:** **RECORDS RETENTION** | | FILING INSTRUCTIONS (Policies & Procedures Manual) Section:   Facilities Management As item:   OP-16 |

| Office Administrator or Designee | 1. Be available to assist the Records Management representative on pick-up day and provide original Records Center Checklist, Box Record Data Form(s) and Transfer Manifest. 2. Make copy of completed Records Center Checklist, Box Record Data Form(s) and Transfer Manifest with Records Management signature confirming pick-up for your records. 3. Notify FacilitiesManagement@azag.gov to confirm records have been picked-up. |
|---|---|

- **Destruction of Electronic Media**

| Office Administrator or Designee | If your Division has items such as CD's, DVD's, video tapes, etc., not included on a normal retention schedule please contact FacilitiesManagement@azag.gov for instructions on proper destruction. If you have questions on other electronic materials and their destruction, please notify Facilities Management. |
|---|---|
| Facilities Management | Facilities to review request with Records Officer and Records Management. |

- **Disposition of Records**

| Records Officer | Records Officer to receive Pre-disposition Authorization Release Forms from Records Management for each retention schedule and will coordinate with Facilities Management to distribute to Divisions for review and approval. **Agency has 30 days to review these records for disposition or records will be returned to Agency for a fee.** |
|---|---|
| Office Administrator or Designee | 1. Office Administrator/Section Chief to review pre-disposition forms. 2. Office Administrator to notify FacilitiesManagement@azag.gov of review completion. If records are to be excluded from disposition, notes should be included on form including valid reasons for exclusion (i.e. pending litigation, audit, or retention change). A revised disposition date must be provided. 3. If Sections have records that have not been sent to Records Management and are past their designated retention schedule, please complete the Certificate of Records Destruction Form. |
| Facilities Management | Facilities to coordinate the approval of Pre-disposition Authorization Release Forms or Certificate of Records Destruction Forms. |
| Records Officer | Records Officer to sign Pre-disposition Authorization Release Forms or Certificate of Records Destruction Forms and return to Records Management for action. |

- **Electronic Imaging**

| Issued: 8/12/2015　Effective: 8/12/2015　Revised: 8/12/2015 | ARIZONA　OFFICE OF THE ATTORNEY GENERAL　POLICY & PROCEDURE | NO.　　OP-16 |
|---|---|---|
| SUPERSEDES　10/2014 | | SHEET　4　of　6 |
| **SUBJECT:**　　**RECORDS RETENTION** | | FILING INSTRUCTIONS　(Policies & Procedures Manual)　Section:　Facilities Management　As item:　OP-16 |

| Office Administrator or Designee | For information on electronic imaging, please contact FacilitiesManagement@azag.gov |
|---|---|
| Facilities Management | Facilities to review request with Records Officer and Records Management. |

- **Interfiles**

| Office Administrator or Designee | 1. Request to retrieve box see "Records Retrieval/Refiling of Retrieved Records."<br>2. Review the Records Center Use and Procedures. Procedures for packing records are located on page 10 of this document.<br>3. Upon receipt of box from Facilities Management complete Interfile Transfer Cover Sheet for each interfile.<br>4. To return retrieved box see "Records Retrieval/Refiling of Retrieved Records" with completed interfile cover sheets. |
|---|---|

- **Inventory Reports**

| Office Administrator or Designee | Requests for current inventory reports should be sent to FacilitiesManagement@azag.gov. |
|---|---|
| Facilities Management | Facilities to review request and obtain inventory reports as needed. |

- **Invoices**

| Accounting Office | Accounting Office to process payment after inventory reports and invoices are reviewed for accuracy. |
|---|---|

- **Label Requests**

| Office Administrator or Designee | 1. Box label requests should be sent to FacilitiesManagement@azag.gov<br>2. Requests should include quantity needed and account code. Labels are tracked by Records Management upon issuance. Account codes are required. |
|---|---|
| Facilities Management | Facilities to request labels from Records Management. Agency Courier to deliver to requestor upon availability. |

- **Retention Schedule Review**

| Issued: 8/12/2015 Effective: 8/12/2015 Revised: 8/12/2015 | ARIZONA OFFICE OF THE ATTORNEY GENERAL POLICY & PROCEDURE | NO.   OP-16 |
|---|---|---|
| SUPERSEDES   10/2014 | | SHEET   5   of   6 |
| **SUBJECT:** **RECORDS RETENTION** | | FILING INSTRUCTIONS (Policies & Procedures Manual) Section:   Facilities Management As item:   OP-16 |

| Office Administrator or Designee | Email FacilitiesManagement@azag.gov any updates needed to current retention schedules. |
|---|---|
| Facilities Management | Facilities Management is to notify the Records Officer of review requests received and will coordinate any updated with Records Management. |

- **Records Retrieval/Refiling of Retrieved Records**

| AGO Staff | Email FacilitiesManagement@azag.gov to request records retrieval. If this is a permanent withdrawal, please include this information with the original request. |
|---|---|
| Facilities Management | 1. Facilities Management to notify Records Management upon receipt of request. 2. Facilities Management to notify designated courier of records retrieval request. 3. Records Management to pull request within 24 hours if request is received prior to 12pm. For requests received after 12pm, request can take up to 48 hours depending on volume of requests. |
| Office Administrator or Designee | 1. Retrieved records should be returned to Agency mail room for refiling at Records Management. OA or designee should verify that instructions for refile are included with the files/boxes being returned. *Note – Mailroom staff can be requested to pick-up records from Section with prior notification. Please email mailroom@azag.gov to schedule a pick-up. Include location of pick-up and total number of boxes. |

## VII. RELATED FORMS

Boxed Records Data Form
Certificate of Records Destruction Form
Interfile Transfer Cover Sheet
Records Center Checklist
Records Services Prices List
Transfer Manifest Form

## VIII.   CORRESPONDING POLICIES

Attorney General Agency Handbook (Chapter 6)
Internet and Email Policy (Section II, F)
Records Center Use and Procedures