Andrew Jacob Rulnick
Plaintiff, Pro Se
733 West Market St Apt #1008
Akron, Ohio 44303
480.527.7255

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **ANDREW JACOB RULNICK, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**REDWOOD APARTMENT NEIGHBORHOODS, et al.,**<br>Defendants. | Case No. CV-2024-07-2888<br><br>Judge Alison M. Breaux<br><br>PLAINTIFF'S MOTION TO VACATE DISMISSAL UNDER CIV.R. 41(B)(1) AND, IN THE ALTERNATIVE, TO ALTER OR AMEND UNDER CIV.R. 59(E) AND FOR RELIEF UNDER CIV.R. 60(B)<br><br>(and Renewed Motion to Compel, for Sanctions, for ADA Accommodations, and for a Fair Forum) |

**I. INTRODUCTION**

Plaintiff Andrew Jacob Rulnick, appearing pro se and in forma pauperis, moves to vacate the Court's dismissal for failure to prosecute. The dismissal is procedurally defective because Plaintiff was not provided the prior notice and reasonable opportunity to respond required by Civ.R. 41(B)(1). See Quonset Hut, Inc. v. Ford Motor Co., 80 Ohio St.3d 46, 48–49 (1997); Hillabrand v. Drypers Corp., 87 Ohio St.3d 517, 519 (2000).

Alternatively, if the dismissal is deemed a final judgment, Plaintiff moves to alter or amend under Civ.R. 59(E) (timely) and/or for relief from judgment under Civ.R. 60(B). Plaintiff satisfies GTE: (1) meritorious claims against Redwood Apartment Neighborhoods and Powers Friedman Linn, PLL ("Redwood/PFL"); (2) grounds under 60(B)(1) (mistake/excusable neglect tied to ADA barriers and record-handling failures), 60(B)(3) (misconduct by opposing counsel), and 60(B)(5) (other reasons, including newly available evidence); and (3) timely filing. See GTE Automatic Elec., Inc. v. ARC Indus., Inc., 47 Ohio St.2d 146 (1976). A trial-court motion to reconsider a final order is a nullity; if final, the proper vehicles are 59(E)/60(B). See Pitts v. Dept. of Transp., 67 Ohio St.2d 378 (1981).

This motion also addresses the corrupted and incomplete record that has impeded prosecution. Multiple filings and exhibits have not been docketed despite submission; the remedy is a court-supervised docket audit, ADA accommodations for voluminous/non-standard evidence, and

targeted discovery to identify and serve the "Neighboring Units Tenant TBD." What has been labeled a "failure to prosecute" is, in truth, a failure to allow prosecution (see Exs. C, F–G; Provisional Index P-1, P-7).

Notice of Intent to Pursue Federal Relief. Absent vacatur and restoration of an accessible, lawful forum, Plaintiff will promptly pursue separate federal relief under Title II of the ADA and 42 U.S.C. § 1983 against responsible individuals and entities, including Summit County where appropriate, seeking damages and injunctive relief. All parties and custodians are on litigation-hold notice.

If the Court declines to vacate or modify, Plaintiff requests entry of Civ.R. 54(B) language ("no just reason for delay") so the order is final and appealable.

## II. ARGUMENT
### A. The dismissal violated the mandatory notice requirement of Civ.R. 41(B)(1).

A trial court may dismiss for failure to prosecute only after providing clear notice that dismissal is being considered and affording a reasonable opportunity to be heard. Quonset Hut, 80 Ohio St.3d at 48–49; Hillabrand, 87 Ohio St.3d at 519. Here, the docket contains no order warning that dismissal was imminent for alleged non-service on the placeholder "Neighboring Units Tenant TBD," whose identity remains unavailable due to Defendants' obstruction and unresolved discovery motions. Plaintiff was never given a meaningful opportunity to show cause—including to demonstrate that service failures flowed from (i) identity suppression by Defendants; (ii) undocketed filings and an incomplete record (see Exs. F–G; Provisional Index P-1); and (iii) ADA-related barriers the Court had previously ordered accommodated (see Ex. C; Provisional Index P-7).

Because the Civ.R. 41(B)(1) predicate was not met, the dismissal is procedurally indefensible and must be vacated (see Ex. A).

### B. Alternatively, the standards for relief under Civ.R. 59(E) and Civ.R. 60(B) are clearly met.

If the dismissal is treated as final, relief is required to prevent manifest injustice. This motion is timely under Civ.R. 59(E) (filed within 28 days) and identifies clear legal error—the absence of the Civ.R. 41(B)(1) notice predicate—and manifest injustice in dismissing while the record was knowingly incomplete.

Separately, Plaintiff qualifies for relief under Civ.R. 60(B). Under GTE, Plaintiff shows: (1) meritorious claims; (2) grounds under 60(B)(1), (3), and (5); and (3) timeliness.

### 1. Meritorious claims (prima facie on the face of the record).

• Breach of lease / retaliatory eviction — harassment and breach of quiet enjoyment; retaliatory eviction when remedies were pursued. (Provisional Index P-4).

• Bad-faith litigation conduct — PFL reneged on an on-record promise to consolidate; confirmed by email from Atty. Kyle Ripma to the magistrate's clerk. (Ex. B).

• ADA Title II access failures — despite the Court's Aug. 14, 2024 ADA Order, defense produced inaccessible formats. (Ex. C; Provisional Index P-7).

• Record suppression / "ghost docket" — critical submissions (Affidavits of Dr. Myers and Rebecca Donahue) were submitted but not docketed. (Exs. F–G; Provisional Index P-1).

• Witness interference — the Court declined to hear testimony from key witness Camilla Rinaldi notwithstanding proffers. (Provisional Index P-2, P-3).

**2. Clear grounds for relief under Civ.R. 60(B).**

**a. Civ.R. 60(B)(1) — Mistake / excusable neglect.**

Any perceived 'failure to prosecute,' particularly service on the placeholder 'Neighboring Units Tenant TBD,' is excusable on this record: documented disabilities and access barriers (Ex. F; Ex. C; Provisional Index P-7); assistive-technology workflows not fully operational until July 5, 2025 with post-training around Sept. 25, 2025; and simultaneous Arizona matters already disclosed.

**b. Civ.R. 60(B)(3) — Fraud, misrepresentation, or misconduct of an adverse party.**

• Consolidation reversal ("smoking gun"). PFL's email contradicts its on-record promise to consolidate. (Ex. B).

• Suppressed identity of the placeholder defendant. Non-disclosure prevented service, then became the basis for dismissal. (See Section C; Provisional Index P-5 for related filings).

• Willful ADA noncompliance. Continued production of inaccessible formats after the Aug. 14, 2024 order obstructed participation by a disabled litigant. (Ex. C; Provisional Index P-7).

**c. Civ.R. 60(B)(5) — Any other reason justifying relief (extraordinary circumstances).**

• New, material evidence: recorded admissions (Sept. 25, 2025) by Arizona Assistant Attorney General Michael Niederbaumer: "special rule" email quarantine; minimizing access failures as "not a problem if broken for everybody"; disparaging affidavits as "meaningless"; and reliance on the Gift Clause to reject settlement absent a pending case. (Ex. D; Ex. E).

• Pervasive docket/clerical failures. A "ghost docket," unfiled exhibits, and unkept assurances to "work through" issues rendered the forum functionally inaccessible. (Provisional Index P-1–P-7).

**3. Timeliness.**

This motion is filed within 28 days under Civ.R. 59(E) and, independently, within a reasonable time under Civ.R. 60(B) and within one year for subsections (B)(1)–(3).

**C. The Civ.R. 3(A) / service rationale was a pretext for an engineered service failure; the Civ Rules require extensions or compelled disclosure—not silent termination.**

The dismissal cites failure to serve 'Neighboring Units Tenant TBD.' The record shows the identity was withheld despite discovery efforts. When a defendant's identity is unknown or obscured, the Civ Rules supply tools and time—not termination: Civ.R. 3(A) (one-year service on named

defendants); Civ.R. 26–37 (compel disclosure/sanction noncompliance); Civ.R. 6(B) (enlarge time for good cause); Civ.R. 15(D) (fictitious designations then amendment upon identification).

Requested orders: (1) vacate the dismissal; (2) compel disclosure of the occupant's full legal name/service address within 7 days (Civ.R. 37 sanctions on noncompliance); (3) set a new service deadline under Civ.R. 6(B); (4) preclude Defendants from relying on non-service and/or deem identity established for service purposes if disclosure is refused.

### D. Newly available evidence—AAG Michael Niederbaumer's admissions—warrants relief under Civ.R. 60(B)(5) (and 60(B)(2) in the alternative) and justifies UIDDA discovery.

After dismissal, Plaintiff obtained recorded admissions (Sept. 25, 2025) from AAG Michael Niederbaumer, submitted with a Chain-of-Custody & Authenticity Statement. These admissions corroborate the interstate pattern of resistance to access and evidence handling and justify relief under Civ.R. 60(B)(5) (and 60(B)(2) alternatively). (Ex. D; Ex. E).

Plaintiff requests authorization of subpoenas under Ohio's UIDDA, R.C. 2319.09, for the deposition of AAG Niederbaumer and records from Mesa Municipal Court and related Arizona custodians, with Clerk-assisted service as a reasonable ADA accommodation.

### E. ADA accommodations and record integrity: practical remedies are required to cure ongoing prejudice.

Proceeding in compliance with Title II of the ADA and Due Process requires functional, not merely nominal, accommodations. Plaintiff's documented disabilities, combined with filing/access failures, have produced real barriers. The Court should order targeted remedies that fix the problem. (Ex. C; Ex. F).

Docket audit: Direct the Clerk to audit and file undocketed materials (Affidavits of Dr. Myers and Rebecca Donahue; Plaintiff's supplemental affidavits; designated video/email evidence) within 10 days, with a Clerk's certification. (Exs. F–G; Provisional Index P-1–P-4, P-6–P-7).

ADA accommodations: (a) secure-link lodging for voluminous/non-standard exhibits; (b) one daily email to a single thread when the e-file system rejects/size-limits submissions; (c) Clerk-assisted certified mail service for UIDDA subpoenas, costs invoiced consistent with IFP; (d) designation of an ADA liaison to coordinate accommodations.

Case management: Set a status conference to reopen discovery and establish new service/filing deadlines calibrated to Civ.R. 3(A), obstruction time loss, and the docket-audit results, enlarging time under Civ.R. 6(B) as needed.

### F. Ensuring a fair and impartial forum.

Cumulative errors (non-enforcement of the ADA order, reliance on a manufactured service issue, undocketed submissions, unaddressed bad-faith conduct) create an appearance of unfairness. Plaintiff seeks a remedy that restores confidence without derailing the case.

Requested relief: (Primary) Refer to the Administrative Judge for reassignment to a different judicial officer consistent with local rules. (Alternative) Plaintiff intends to pursue an affidavit of

disqualification under R.C. 2701.03 and requests a short stay of substantive rulings pending that process.

## V. PRAYER FOR RELIEF

1. Vacate the dismissal and reopen this case pursuant to Civ.R. 41(B)(1) and/or Civ.R. 59(E)/60(B).

2. Set an immediate status conference; reopen discovery; set fair case-management deadlines (service and filing), calibrated to Civ.R. 3(A) and the docket-audit results.

3. Order a court-supervised docket audit; direct the Clerk to file all previously submitted but undocketed materials within 10 days and certify results; grant Plaintiff leave to file a Supplemental Exhibit Index within 7 days after the Clerk's certification, substituting precise exhibit numbers for Provisional Items.

4. Grant ADA accommodations (Title II): (a) secure-link lodging; (b) one daily email to a single thread when e-filing fails/size-limits; (c) Clerk-assisted certified mail for UIDDA subpoenas (IFP-consistent costs); (d) designate an ADA liaison.

5. Authorize UIDDA subpoenas (R.C. 2319.09) for the deposition of AAG Michael Niederbaumer and for records from Mesa Municipal Court and related Arizona custodians, with Clerk-assisted service as an ADA accommodation.

6. Grant leave to file an Amended Complaint to add necessary parties and claims (including DESIGNA, LLC) by a set deadline.

7. Refer to the Administrative Judge for reassignment to a different judicial officer consistent with local rules; in the alternative, note Plaintiff's intent to pursue R.C. 2701.03 disqualification and stay substantive rulings pending that process.

8. If—and only if—the Court declines to vacate or modify the dismissal: enter Civ.R. 54(B) language ("no just reason for delay") so the order is final and appealable.

9. If the Court vacates but prefers not to proceed immediately on the merits: place the case on the inactive docket (stay) pending completion of the docket audit, ADA implementation, and initial UIDDA returns, with a prompt status date.

10. Grant such other and further relief as is just and proper.

Submitted,

Dated: September 29th 2025

/s/ Andrew Jacob Rulnick

Andrew Jacob Rulnick
Plaintiff, Pro se

Email: Andrew@DESIGNA.xyz
Phone: 480.527.7255
Address: 733 West Market Street, Apt #1008

**Exhibit List (attached to this motion)**

Ex. A: Order of Dismissal (Summit County Court of Common Pleas) — order under attack.

Ex. B: Email from Kyle Ripma, Esq. to Magistrate Hardway's clerk (Dec. 9, 2024) — consolidation promise reversal ("smoking gun").

Ex. C: E-filing "Unknown Server Error" screenshots/logs — access failure proof.

Ex. D: Chain-of-Custody & Authenticity Statement (9/25/2025 AAG Niederbaumer recording).

Ex. E: Transcript excerpts with timestamps (AAG Michael Niederbaumer; 9/25/2025).

Ex. F: Affidavit of Dr. Colin A. Myers, Ph.D. — disabilities and functional impact.

Ex. G: Affidavit of Rebecca Donahue — corroboration of interference/harassment and prejudice.

**PROVISIONAL EXHIBIT INDEX (items believed submitted but missing/undocketed)**

P-1: Plaintiff's Original and Supplemental Affidavits (approx. Apr. 2, 2025 and Apr. 29, 2025) — core factual attestations; submitted via e-file (receipts/bounce emails if available).

P-2: Audio/Video recording of [date] status conference before Magistrate Hardway — on-record consolidation promise; includes non-verbal assent.

P-3: Audio/Video recording of [date] hearing before Judge Breaux — Court's promise to "work through" procedural issues (now reportedly lost).

P-4: Video/photographic evidence of harassment at Redwood Apartments (including Copley Police presence on eve of Yom Hashoah).

P-5: Plaintiff's Motion to Add Copley Township, Summit County, and the State of Ohio as parties — submitted; no ruling reflected.

P-6: Correspondence regarding reassignment of Magistrate Hardway — email thread re abrupt removal.

P-7: Court's ADA Accommodation Order (Aug. 14, 2024) and related defense productions showing inaccessible formats.

## CERTIFICATE OF SERVICE

I hereby certify that on September 29th 2025, I served the foregoing PLAINTIFF'S MOTION TO VACATE DISMISSAL UNDER CIV.R. 41(B)(1) AND, IN THE ALTERNATIVE, TO ALTER OR AMEND UNDER CIV.R. 59(E) AND FOR RELIEF UNDER CIV.R. 60(B), together with attached Exhibits, via the Court's electronic filing system and by electronic mail upon the following counsel of record:

**Robert Gary Friedman, Esq.**
Powers Friedman Linn, PLLC
Email: efilings@pfl-law.com

**Kyle L. Ripma, Esq.**
Powers Friedman Linn, PLLC
Email: generalmail@pfl-law.com


A copy was also sent to Plaintiff at: ANDREW@DESIGNA.xyz


/s/ Andrew Jacob Rulnick
Andrew Jacob Rulnick

Email: ANDREW@DESIGNA.xyz

Address: 733 West Market Street, Apt #1008

### D.1 Specific admissions by AAG Michael Niederbaumer and why they matter

To substantiate relief under Civ.R. 60(B)(5) and the necessity of UIDDA discovery, Plaintiff identifies the following specific admissions from the September 25, 2025 recording. Each excerpt is authenticated by the Chain-of-Custody statement (Ex. D) and supported by transcript timestamps (Ex. E). The Court need not resolve ultimate admissibility now; the content demonstrates materiality, corroborates Plaintiff's access barriers, and justifies subpoenas and accommodations.

For the avoidance of doubt, Plaintiff is not offering these statements for any improper purpose; they are offered to show (i) the State's operative policies and state of mind toward Plaintiff's access rights; (ii) the reasonableness and necessity of UIDDA subpoenas; and (iii) the extraordinary circumstances warranting relief under Civ.R. 60(B)(5).

| Timestamp | Speaker | Verbatim excerpt (from Ex. E) | Why it matters (materiality) | Requested action |
|---|---|---|---|---|
| [hh:mm:ss] | AAG M. Niederbaumer | ["I use a special rule to quarantine your emails… read at my leisure."] | Evidences deliberate indifference to communications from a disabled pro se litigant; corroborates need for court-facilitated service/communications. | Authorize UIDDA subpoena of AAG; ADA clerk-assisted service and single-thread email accommodation. |
| [hh:mm:ss] | AAG M. Niederbaumer | ["If the system is broken for everybody, it's not a problem."] | Adopts a policy that denies individualized ADA accommodation; supports Title II effective-communication relief. | Order ADA accommodations (secure-link lodging; daily email thread; liaison). |
| [hh:mm:ss] | AAG M. Niederbaumer | ["Affidavits are meaningless."] | Shows contempt for sworn evidence, explaining resistance to Plaintiff's affidavits and | UIDDA subpoenas for records and testimony; |

*Tavia Galonski, Summit County Clerk of Courts*

| | | | discovery cooperation; supports 60(B)(5). | docket audit to restore affidavits to record. |
|---|---|---|---|---|
| [hh:mm:ss] | AAG M. Niederbaumer | [Statement invoking the Gift Clause to refuse any settlement absent a pending case.] | Explains refusal to engage while appeals/motions were pending; shows obstructionistic posture relevant to prejudice and timing. | UIDDA records on internal policies; deposition on Gift Clause rationale. |
| [hh:mm:ss] | AAG M. Niederbaumer | [Admission of dual licensure in OH/AZ and knowledge of Plaintiff's filings.] | Establishes nexus to Ohio and awareness of Plaintiff's matters; supports UIDDA reach and materiality to this case. | UIDDA deposition; records of communications/logging policies. |
| [hh:mm:ss] | AAG M. Niederbaumer | [Statement disclaiming any obligation to protect Plaintiff's rights.] | Demonstrates official posture toward Plaintiff's ADA/Due Process claims; underscores extraordinary circumstances under 60(B)(5). | Authorize UIDDA; grant ADA accommodations and docket audit. |

Evidentiary note: Authentication is provided under Evid.R. 901 via Plaintiff's sworn Chain-of-Custody (Ex. D) and by transcript correlation (Ex. E). The original audio is available for in camera review. Any hearsay issues are not outcome-determinative at this stage and, in any event, statements by a government attorney about official policy/practice are admissible for non-hearsay purposes (effect on listener/state of mind) and for impeachment if necessary.

*Tavia Galonski, Summit County Clerk of Courts*

**D.1 Filled transcript excerpts (from Exhibit E) with materiality and requested action**

The following excerpts correspond to the September 25, 2025 recording and Exhibit E transcript. Timestamps and quotations are drawn from Plaintiff's Exhibit B index and will be verified against the final transcript pagination at filing. Each entry identifies why the statement is material and the specific relief it supports.

| Timestamp | Speaker | Quoted/near-verbatim excerpt (Ex. E) | Why it matters | Requested action |
| --- | --- | --- | --- | --- |
| 00:24:26; 02:50:56 | AAG M. Niederbaumer | "Gift Clause… I can't provide any money without a case in controversy pending." / "No pending case; Gift Clause bars settlement discussions." | Reveals categorical no-settlement policy even amid active appellate proceedings; supports 'bad-faith posture' and need for third-party process. | UIDDA subpoena; compel records re settlement policy; note for 60(B)(5) extraordinary circumstances. |
| 02:42:41 | AAG M. Niederbaumer | "I have a special rule… your emails go to a special folder; I read them at my leisure." | Deliberate indifference to communications from a disabled pro se litigant; corroborates access barriers. | Order ADA clerk-assisted service + single-thread email accommodation; UIDDA on email handling policies. |
| 01:38:58– 01:47:12 | AAG M. Niederbaumer | "If it's broken for everybody, it's not a problem." | Confession of willful blindness to ADA individualized | ADA effective-communication order (secure link, email |

| Time | Speaker | Quote | Significance | Relief |
|---|---|---|---|---|
| | | | accommodation duties; contradicts Title II. | thread, liaison); cite to 60(B)(5). |
| 01:45:07 (with 01:43:08 context) | AAG M. Niederbaumer | "We want your butt in the court… we can take you immediately to jail." | Coercive in-person mandate tied to threat of incarceration; prejudicial to disabled litigant with PTSD. | ADA accommodation for remote/alternative appearances; UIDDA deposition re policy. |
| 02:53:40–02:55:36 | AAG M. Niederbaumer | "Your affidavits are meaningless." | Contempt for sworn evidence; explains resistance to affidavits and supports need for docket audit. | Order docket audit; reinforce weight of Exs. F–G; UIDDA deposition. |
| 02:41:26–02:41:48 | AAG M. Niederbaumer | "Self-represented has a fool for a client and a jackass for an attorney." | Shows hostility toward pro se litigant; evidences bias and prejudgment. | Support reassignment request; evidentiary context for 60(B)(5). |
| 01:48:28 (and elsewhere) | AAG M. Niederbaumer | "I don't care." | Admission of deliberate indifference to harm and time loss; supports prejudice finding. | UIDDA + ADA relief; note for sanctions if appropriate. |
| 01:20:11 | AAG M. Niederbaumer | "Procedural deficiencies are glaring… that's the law." | Confirms process-over-merits strategy exploiting access failures. | Vacatur under 41(B)(1); case-management orders to cure access. |

| | | | | |
|---|---|---|---|---|
| 01:20:53 | AAG M. Niederbaumer | "Your AI enterprise reads like science fiction… sanctionably frivolous." | Threat of sanctions to chill litigation; underscores hostility and prejudice. | Protective order against intimidation; ADA liaison. |
| 00:37:53–00:38:55 | AAG M. Niederbaumer | "Did I make you quarter soldiers?... The Third Amendment…" | Irrelevant deflection; suggests lack of substantive rebuttal to ADA/Due Process claims. | Strengthens 60(B)(5) extraordinary circumstances. |
| 02:11:57–02:13:30 | AAG M. Niederbaumer | "Lethal force begets lethal force. That's the way it is." | Chilling posture toward non-lethal alternatives; intimidating tone to a victim of prior force. | UIDDA deposition; records on force policies; accommodations. |
| 02:27:52–02:32:23 | AAG M. Niederbaumer | "Our systems will not allow access to Google Drive… even in Chrome." | Implausible tech excuse; supports finding of pretext for denying effective-communication accommodation. | Order secure-link lodging; designate ADA liaison; UIDDA on IT policies. |
| 02:02:18 | AAG M. Niederbaumer | "You're the common denominator… you're everything in this." | Gaslighting; indicates discriminatory animus toward autistic pro se litigant. | Reassignment; ADA accommodations; UIDDA deposition. |
| 01:23:08 | AAG M. Niederbaumer | "I have absolutely no obligation to protect your | Lawless framing of public duty; supports | UIDDA; ADA & docket-audit relief. |

*Tavia Galonski, Summit County Clerk of Courts*

| | | | | |
|---|---|---|---|---|
| | | rights unless I was representing you." | extraordinary-circumstances finding. | |
| 01:29:05–01:29:57 | AAG M. Niederbaumer | "You do not have the facts…" | Tacit reliance on withheld discovery; admits defense turns on stonewalling. | Compel discovery; UIDDA records; extend service deadlines. |
| 01:33:57–01:34:52 | AAG M. Niederbaumer | Acknowledges DOJ reports regarding Phoenix/Maricopa entities. | Corroborates broader, recognized pattern of civil-rights issues in jurisdiction. | Judicial notice of DOJ materials if appropriate; UIDDA scope. |
| 01:33:57 | AAG M. Niederbaumer | "Attorneys are not deposed… you won't depose me." | Misstates law; attorneys are deposed when they are fact witnesses. | Authorize UIDDA deposition (fact-witness scope; privilege respected). |