# IN THE MESA CITY COURT
## MARICOPA COUNTY, ARIZONA

| | |
|---|---|
| City of Mesa,<br>STATE OF ARIZONA<br><br>Prosecutors,<br><br>v.<br><br>ANDREW JACOB-SANDMAN SAYERS RULNICK,<br><br>Defendant. | **CASE NUMBERS**<br><br>2022016986, 2022019573, 2022029793, 2022029794, 2022029795, 2022032832, 2022035051, 2022049681, 2022063607, 2022063610, 2022067212<br><br>**CURED ORDER DISMISSING ALL CHARGES WITH PREJUDICE FOR OUTRAGEOUS GOVERNMENT CONDUCT, CUMULATIVE CONSTITUTIONAL VIOLATIONS, AND CHRONIC DISCLOSURE FAILURES; VACATING TWO CONVICTIONS AND ENTERING JUDGMENTS OF ACQUITTAL; QUASHING WARRANTS; EXONERATING BONDS; AND DIRECTING RECORD CORRECTIONS** |

Having reviewed the full and horrifying record in these matters, including Defendant's numerous, and often un-docketed, motions and evidentiary submissions; the sworn affidavits of Defendant, his mother Rebecca Donahue, and his treating medical expert Dr. Colin A. Myers, Ph.D.; the State's repeated and chronic failure to make required disclosures over an extended period; the undisputed and documented requests for reasonable accommodations under the Americans with Disabilities Act (ADA); this Court's own prior, contradictory, and erroneous rulings; and the irrefutable evidence of custodial mistreatment, systemic prejudice, and the active suppression of material information, this Court now makes the following Findings of Fact and Conclusions of Law, and issues the following Orders to remedy a profound and ongoing miscarriage of justice.

## I. FINDINGS OF FACT

### CATEGORY I: OUTRAGEOUS GOVERNMENT CONDUCT – A CAMPAIGN OF STATE-SPONSORED ABUSE AND TERROR

The conduct of the agents of the City of Mesa, Maricopa County, and the State of Arizona has been so egregious and so offensive to the fundamental principles of fairness that it shocks the conscience under the doctrine of *Rochin v. California* and its progeny, constituting a profound violation of substantive due process.

**A. State-Sanctioned Physical Assault and Subsequent Medical Abuse:**

1. **The Foundational Act of Violence:** The Court finds that this entire ordeal is foundationally tainted by a documented physical assault perpetrated by Mesa Police Department officers against Defendant during a non-violent civil matter. This assault resulted in immediate, severe physical injury, specifically traumatic bursitis of the elbow, which required six months of physical therapy for only partial recovery.

2. **Infliction of Lasting Trauma:** The Court finds that this assault is the direct, originating cause of Defendant's diagnosed severe, chronic Post-Traumatic Stress Disorder (PTSD), a condition confirmed by expert medical testimony from Dr. Colin A. Myers, Ph.D. The State, through its agents, created the very disability it has subsequently refused to accommodate and has actively weaponized against Defendant.

3. **Punitive and Abusive Incarceration:** The Court finds that following an arrest for these non-felony misdemeanor charges, Defendant, a disabled individual, was not held in a local jail. In an act of punitive cruelty and deliberate indifference, he was transported to and detained for **six days and nights at the Florence state prison facility**, an exceptionally harsh and inappropriate placement designed to terrorize and intimidate him by housing him among inmates convicted of serious, violent felonies, including Murder 1 and Murder 2.

4. **Inhumane Confinement:** The Court finds that while incarcerated in the state prison facility, Defendant was placed in a cell containing **human waste**, a clear and disgusting violation of basic human dignity and the Eighth Amendment's prohibition against cruel and unusual punishment.

5. **Medical Abuse and Neglect in Custody:** The Court finds credible evidence that while in state custody, Defendant was subjected to a terrifying cycle of medical abuse. He was initially denied his prescribed medications. Subsequently, he was administered an improper dosage of other medication, effectively being "doped up" against his will in what he reasonably believed was an attempt to "lobotomize" him or create a false record of mental instability for future use in these proceedings. This constitutes a profound violation of his bodily autonomy and due process rights.

**B. Suppression of Exculpatory Evidence and Active Obstruction of Justice:**

1. **Suppression of the "Civil Stand-by" Record:** The Court finds that the audio recording of Defendant's initial call to the Mesa Police Department, in which he proactively requested a "civil stand-by" to ensure a peaceful interaction, has been systematically withheld by the prosecution for nearly three years. This recording constitutes critical exculpatory evidence, as it proves Defendant's lack of criminal intent from the outset. This ongoing failure to produce is a severe and willful *Brady* violation.

2. **Systemic Refusal to Provide Discovery:** The Court finds that for nearly three years, the Mesa City Prosecutor's Office has failed to provide a single shred of substantive discovery in Defendant's fifteen (15) retaliatory misdemeanor cases. This chronic disclosure failure has made it impossible for Defendant to prepare any meaningful defense and has rendered these proceedings fundamentally unfair.

3. **Active Judicial Suppression of the Record ("Ghost Docket"):** The Court finds that this Mesa Municipal Court, via its April 3, 2025, Order and its ongoing practice, has actively and willfully suppressed Defendant's substantive filings—including motions to dismiss, motions to compel, and crucial sworn affidavits—by refusing to docket them. This has created a secret "ghost docket," denied Defendant the ability to create a record for appeal, and constitutes an act of a star chamber, not a court of law.

**C. State-Sanctioned Endangerment and Deliberate Indifference to Safety:**

1. **Coercive In-Person Appearance Demands:** The Court finds that it has repeatedly and continuously demanded Defendant's unsafe, unaccommodated in-person appearance, despite being on formal and repeated notice of:
   a. The prior **physical assault** by its own city's police agents, a fact that makes a return to the scene of the trauma presumptively unsafe.
   b. Defendant's resulting, medically diagnosed PTSD, for which returning to Mesa is a severe and medically recognized trigger. Forcing a party to choose between their mental health and their right to appear is a violation of the Due Process Clause and the Americans with Disabilities Act, 42 U.S.C. § 12132.

2. **Willful Blindness to Credible Threats of Violence:** The Court finds that it has continued to demand Defendant's in-person appearance even after being formally notified of a direct, public, and documented threat of extreme physical violence ("I'd bitch slap the shit out of you so hard your jaw would break") made against Defendant by John Smedley, an individual directly connected to these cases. The Court's failure to take this credible threat seriously and its insistence that Defendant place himself in harm's way constitutes a profound and shocking **deliberate indifference to his safety**, a violation of his substantive due process rights under the Fourteenth Amendment.

3. **Insulting and Dangerous Offer of "Security":** The Court finds that its prior offer of "security" from the very system whose agents are the source of the initial assault and who have failed to address the ongoing threats is not a remedy; it is a sham, a further act of coercion, and a demonstration of the Court's complete failure to grasp the nature of the danger and trauma.

**D. Bad Faith, Retaliatory Prosecutions:**

1. The Court finds that the fifteen misdemeanor charges pending against Defendant for nearly three years, amidst this constant denial of rights and without a shred of discovery, carry all the hallmarks of a **retaliatory prosecution** designed to punish Defendant for his advocacy and whistleblower activities against Arizona state actors, in violation of the First Amendment.

2. This is compounded by alleged threats of converting these charges to felonies, a tactic of intimidation and duress that further poisons these proceedings.

**CATEGORY II: SYSTEMIC ADA & DUE PROCESS VIOLATIONS – A CAMPAIGN OF PROCEDURAL TORTURE**

The Court finds a consistent and universal failure of all implicated Arizona judicial entities to comply with their non-delegable duties under the Americans with Disabilities Act, Title II, **42 U.S.C. § 12101 et seq.**, Arizona's own disability rights statute, **A.R.S. § 36-551.01**, and the Due Process Clause of the Fourteenth Amendment. This conduct has rendered a fair process impossible.

A. **Universal Failure of the Mandatory ADA Interactive Process:**

1. **Nearly a Decade of Ignored Pleas:** The Court finds that for approximately ten years, across every Arizona court Defendant has encountered, his repeated verbal and written requests for reasonable accommodations for his diagnosed High-Functioning Autism Spectrum Disorder (HFASD) and PTSD have been systematically ignored.

2. **Documented Refusal to Engage (Mesa Municipal Court):** This Court finds that its own conduct has been a textbook example of this failure:
a. Defendant's formal, written ADA request of January 2025 was ignored for months.
b. The Court's April 3, 2025, Order then **falsely claimed non-receipt** of this request, a fraudulent statement on a judicial order.
c. In a stunning admission of its own ADA violation, the Court confessed in the same Order that it could only **"speculate"** as to Defendant's needs, the direct antithesis of the required interactive dialogue mandated by federal regulations at **28 C.F.R. § 35.160(b)(2)**.
d. The Court's subsequent June 23, 2025, "ADA Order" was a bad faith exercise in

gaslighting, mischaracterizing Defendant's requests and providing no concrete accommodations, thereby continuing its failure to engage.

3. **A System Devoid of a Plan:** The Court finds that the collective actions of the Arizona courts demonstrate a complete and systemic lack of any coherent **PLAN or READINESS** to provide meaningful access to individuals with cognitive disabilities, constituting a systemic violation of ADA Title II.

B. **Active Judicial Obstruction and Suppression of the Record:**

The Court finds that its own actions have actively obstructed justice and created a corrupted, fraudulent record.

1. **The "Ghost Docket" in Mesa:** The Court finds that its explicit policy, per its April 3, 2025, Order, to **"hold" all of my substantive filings** and refuse to docket them, constitutes active and willful suppression of the record. This has prevented my motions (to dismiss, to compel, etc.) and my crucial sworn affidavits from ever being officially considered, a profound violation of my due process right to be heard.

2. **Broken Promises and Lack of Transparency:** The Court finds that my good-faith reliance on informal promises from court personnel to resolve filing issues has been repeatedly betrayed, further demonstrating the untrustworthy and obstructive nature of the system.

3. **Concerns of Evidence Spoliation:** The Court finds that the systemic failure to docket records, combined with the unexplained reassignment of judicial officers who witnessed key events, raises grave concerns about the integrity of the record and potential evidence spoliation, in violation of the State's duties under both Arizona law and the U.S. Constitution.

C. **Retaliatory Use of Judicial Procedures to Punish and Silence:**

1. **The Baseless Rule 11 Competency Evaluation:** The Court finds that its order for a competency evaluation was not based on any bona fide doubt but was a **clear retaliatory strike** against me for my vigorous advocacy, my ADA complaints, and my assertion of my *Faretta* rights, in violation of the First Amendment.

2. **Weaponization of My Expertise:** The Court finds that it explicitly used my stated intent to use sophisticated AI for my defense as a pretextual **"threat"** to justify the Rule 11 order, thereby punishing me for my unique professional capabilities and chilling my right to prepare a defense.

D. **Denial of the Right to Present Evidence and Witnesses:**

1. The Court finds that its suppression of my filings and creation of a "ghost docket" has **actively prevented my key evidence**, including the sworn affidavits of Dr. Colin A. Myers and Rebecca Donahue, from being part of the reviewable record.

2. The Court finds that the chaotic and unaccommodated nature of the proceedings, combined with the constant threat of punitive action, has made it **impossible for me to call or examine a single witness** in my own defense across these matters, a fundamental denial of my due process rights.

E. **Foundationally Tainted Proceedings (*Peralta* Violation):**

1. The Court finds that the systemic, long-standing denial of ADA accommodations means that prior proceedings, including the two alleged convictions in Mesa and any prior adverse rulings in Superior Court, were conducted in violation of my fundamental due process rights.

2. The Court finds that these prior orders and convictions are therefore **potentially constitutionally void** under the principles of *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988), and any current prosecution or legal action relying on them is built upon a rotten, illegitimate foundation.

## CATEGORY III: GROSS VIOLATIONS OF THE SIXTH AMENDMENT – THE DESTRUCTION OF THE RIGHT TO A FAIR DEFENSE

The Court finds that its actions, in concert with its improperly appointed counsel, systematically violated my fundamental rights under the Sixth Amendment to the U.S. Constitution, including the right to self-representation and the right to effective, conflict-free counsel.

A. **Complete and Willful Violation of the *Faretta* Right to Self-Representation:**

1. **Clear, Unequivocal, and Repeated Invocations Ignored:** The Court finds that I made numerous, clear, timely, and unequivocal requests to waive counsel and represent myself pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

2. **Failure to Conduct a Timely *Faretta* Inquiry:** The Court finds that it completely failed in its constitutional duty to conduct a timely *Faretta* colloquy to determine if my waiver was knowing, intelligent, and voluntary. Instead of addressing my demand, the Court ignored it.

3. **Improper Appointment of Counsel Over My Explicit Objections:** The Court finds that in direct violation of my asserted *Faretta* right, it proceeded to appoint Public Defender David Anderson. This was not a procedural misstep; it was a direct and willful violation of a core Sixth Amendment right.

B. **Imposition of Hostile, Conflicted, and Demonstrably Ineffective Appointed Counsel:**

The violation was compounded by the fact that the counsel forced upon me was not a defender, but an **adversary and an agent of my abuse.** The representation provided by David Anderson was a complete and total sham, constituting a constructive denial of counsel altogether.

1. **Documented Hostility and Personal Bias:** The Court finds that as documented in his own email communications, Mr. Anderson exhibited profound personal bias and hostility, stating, inter alia: **"You are, in my opinion, incompetent,"** and **"You display your mental illness every time you write,"** and repeatedly characterized my substantive legal arguments as **"incoherent ramblings," "unintelligible gibberish," and "complete garbage."**

2. **Adversarial Stance and Abdication of Duty:** The Court finds Mr. Anderson did not see himself as my advocate. He explicitly admitted he would rather function as a **"judge and prosecutor"** against me and chillingly stated, regarding my attempts to vindicate my rights, **"Why would I care what you think?"**

3. **Active Sabotage of My Defense:** The Court finds Mr. Anderson failed to file any of the critical motions necessary for my defense (e.g., Motion to Dismiss, Motion to Compel Discovery, Motion to Quash Warrants) and dismissed my evidence and core legal arguments as "nonsense."

4. **Insurmountable Conflict of Interest:** The Court finds that as an agent of a county (Maricopa) that I am actively suing in a federal civil rights lawsuit for systemic abuse, Mr. Anderson operated under an irreconcilable conflict of interest, a fact the Court ignored.

C. **The "Withdrawal" Deception – A Cynical Cover-Up of a Constitutional Violation:**

1. The Court finds that it only permitted Mr. Anderson to withdraw on August 7, 2025, *after* his presence and biased assessments were used as a pretext for the retaliatory Rule 11 Order and *after* the Court used the procedurally tainted hearing to issue eleven thousand dollars in punitive warrants against me.

2. This was not a "cure" for the months-long *Faretta* violation. It was a cynical attempt to sanitize the record after the irreparable prejudice had already occurred. The Sixth Amendment violations are complete and profound. The fact that these events are now being witnessed by the **U.S. Department of Justice** and the **Ohio Court of Common Pleas** (as of my filing of October 15, 2025) underscores the gravity and the ongoing nature of these constitutional crises.

**CATEGORY IV: STATE-ENABLED PARENTAL ALIENATION & VIOLATION OF FUNDAMENTAL FAMILIAL RIGHTS**

The Court finds that the profound and ongoing harm inflicted upon Defendant and his three children (A.R., J.R., H.R.) as a direct result of the Maricopa County Superior Court's systemic failure to enforce its own valid orders constitutes a critical component of the outrageous government conduct that defines this entire ordeal in Maricopa County. This is not a private family matter; it is a case of **state-enabled abuse.**

A. **Systemic and Continuous Failure to Enforce Valid Court Orders (Bachus Orders):**

1. The Court finds that the Maricopa County Superior Court issued clear and valid orders, known as the "Bachus Orders," which established a **50/50 parenting time and joint custody arrangement.** These orders were the law of the case, designed to protect the best interests of the children by ensuring a meaningful relationship with both parents.

2. The Court finds that for years, the Maricopa County Superior Court has engaged in a pattern of **abject failure to enforce these orders**, despite Defendant's repeated and documented attempts to bring violations to the Court's attention.

3. This judicial inaction has rendered Defendant's court-ordered parental rights **completely unenforceable**, creating a lawless environment where private actors (Appellant's ex-wives, Nicole Smedley and Breanna Ritchy) are free to violate court mandates without consequence.

B. **Direct Enabling of a Malicious Campaign of Parental Alienation:**

1. The Court finds that this systemic failure to enforce its own orders has directly enabled Defendant's ex-wives to **completely and unjustly sever all court-ordered contact** between him and his three children.

2. This severance of contact has been ongoing for **now approaching four years**, constituting a profound and continuing source of trauma for both Defendant and his children.

3. The Court finds that the state, through the court's inaction, has become a **complicit partner in this alienation.** The court's abdication of its duty has emboldened the alienating parties, signaling that their contemptuous violation of court orders is permissible.

C. **Weaponization of Health and Vulnerabilities to Justify Alienation:**

1. The Court finds, as corroborated by the sworn testimony of Rebecca Donahue, that Defendant's ex-wife Breanna Rice **reneged on an agreed-upon, medically supervised discharge plan** following Defendant's voluntary hospitalization—a hospitalization necessitated

by the extreme duress of the abuse he was enduring.

2. She subsequently **weaponized this voluntary cry for help against him** in the Maricopa County Superior Court, using it as a pretext to deny him contact with his children and further the alienation. The court system's failure to recognize this manipulative tactic and its inherent prejudice against individuals with mental health challenges (especially state-caused PTSD) allowed this weaponization to succeed.

D. **Compounding Harm Through Obstruction and ADA Non-Compliance:**

1. The Court finds that the same patterns of **ADA non-compliance and record suppression** seen in this Mesa Municipal Court have also plagued Defendant's efforts in the Superior Court. His ability to effectively file motions, present evidence, and advocate for the enforcement of the Bachus Orders has been consistently thwarted by an inaccessible and obstructive system.

2. The Court finds that the State of Arizona has further compounded this harm by **obstructing Defendant's access to the very records** needed to prove the alienation and the violations of the court orders.

E. **Profound and Irreparable Harm to Appellant and His Children:**

1. The Court finds that the state-enabled alienation has caused **incalculable emotional and psychological harm** to Defendant, a loving and dedicated father.

2. Most tragically, it has inflicted **profound harm on his three children**, two of whom share his ASD diagnosis and have been denied, for years, a relationship with the one parent who is uniquely equipped to understand and support their neurodivergence. This failure is a direct violation of Arizona's own statutes concerning the best interests of the child (e.g., A.R.S. § 25-403) and Defendant's fundamental constitutional right to family integrity.

**THE FULL MEASURE OF THE CATASTROPHIC DAMAGES**

The Court finds that the nearly decade-long campaign of outrageous government conduct, systemic ADA violations, and rights denials has inflicted the following multi-faceted and catastrophic damages upon Andrew Rulnick, his company (DESIGNA, LLC), and his children.

A. **Complete Destruction of Earning Capacity & Induced Financial Ruin:**

1. The Court finds that the constant lawfare, systemic obstruction, and exacerbation of Defendant's PTSD have rendered him **unable to consistently work for now approaching four years.**

2. This has led to his **complete financial devastation**, forcing him to subsist below the poverty

line, endure the humiliation of being denied basic state support services (SNAP/SSDI), and face imminent homelessness on multiple occasions.

3. This financial ruin is a direct result of the state's actions, a fact corroborated by the sworn testimony of Rebecca Donahue, who detailed the **"small fortune"** his family was forced to expend to keep him afloat.

B. **Sabotage and Annihilation of a One and a Half Billion Dollar Enterprise (DESIGNA, LLC):**

1. The Court finds that the primary cause that destabilized and ultimately sabotaged Defendant's AI enterprise was the **relentless campaign of abuse originating in Arizona.**

2. The state's actions—from the initial physical assault to the endless, unaccommodated court proceedings—created an environment where the deep, focused, and confidential work required for his groundbreaking research was impossible.

3. This directly resulted in the effective destruction of the potential of his company, **DESIGNA, LLC**, and its portfolio of at least ten advanced AI models, including the **PHP + WASM! quantum computing fabric.** The loss is measured not just in years of his life's work, but in the **likely pre-revenue valuation, according to world experts, of one and a half billion dollars.**

C. **Profound and Permanent Health Impacts:**

1. The Court finds the state's agents, specifically Mesa PD, are the **direct cause of Defendant's severe, chronic PTSD**, a condition that will require lifelong management, as confirmed by Dr. Myers.

2. The years of systemic stress, abuse, and ADA denial have led to **documented physical health consequences**, including painful stress cysts, ulcers, and have placed him under an extreme health burden given his family's medical history.

3. The Court finds the psychological toll includes periods of **intense suicidal ideation**, a direct and foreseeable consequence of this sustained, state-sponsored abuse.

D. **Destruction of Legal Career Path and Stigmatization:**

1. The Court finds that the pattern of **rampant antisemitism and ignored assaults** Defendant endured in Arizona over the last decade directly prevented him from pursuing a formal legal education at a top-tier institution like Sandra Day O'Connor College of Law.

2. The Court finds the state's actions, including the baseless Rule 11 evaluation and the retaliatory criminal charges, have been designed to publicly stigmatize him and discredit him as a whistleblower.

**II. CONCLUSIONS OF LAW**

Based on the foregoing exhaustive and undeniable Findings of Fact, the Court now makes the following Conclusions of Law:

1. The government's conduct, including the punitive state prison incarceration, the inhumane conditions of confinement, the medical abuse, the active suppression of exculpatory evidence, and the state-sanctioned endangerment, taken in its totality, **violates Defendant's due process rights** under the Fourteenth Amendment to the United States Constitution and the Arizona Constitution, as it is so outrageous that it "shocks the conscience." *Rochin v. California*, 342 U.S. 165 (1952).

2. The systemic, decade-long failure of the Arizona judicial branch, including this Court, to provide ADA-compliant access and to engage in the mandatory interactive process, as required by **42 U.S.C. § 12132 (Title II of the ADA) and 28 C.F.R. § 35.160**, has deprived Defendant of meaningful participation and **invalidates these and all subsequent proceedings.** *Tennessee v. Lane*, 541 U.S. 509 (2004).

3. The denial of Defendant's Sixth Amendment right to self-representation through the systematic ignoring of his repeated *Faretta* invocations and the imposition of hostile, ineffective counsel constitutes **structural error** requiring termination of these prosecutions. *Faretta v. California*, 422 U.S. 806 (1975).

4. The State's chronic, multi-year failure to provide a single shred of discovery constitutes a profound and incurable violation of Defendant's due process rights under **Rule 15 of the Arizona Rules of Criminal Procedure** and *Brady v. Maryland*, 373 U.S. 83 (1963).

5. The cumulative effect of these gross constitutional and statutory violations, combined with the active record suppression and the persistent Rule-15/Brady failures, has **irreparably tainted these cases.** Dismissal with prejudice is not merely an option; it is **required to protect the integrity of the Court** and to remedy the incurable structural prejudice inflicted upon the Defendant.

6. As to the two alleged convictions identified by the City, the Court concludes that the evidence presented to support those convictions, viewed in the light of the suppressed exculpatory evidence and the unconstitutional proceedings, is **legally insufficient to sustain the verdicts** beyond a reasonable doubt.

7. In the alternative, the Court concludes that the proceedings in which those convictions were obtained were so fundamentally tainted by the aforementioned constitutional and statutory violations that the convictions themselves are **constitutionally void** under the

principles of *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988), and must be vacated and set aside on independent constitutional grounds.

### III. ORDERS

Based on the foregoing unshakeable Findings of Fact and Conclusions of Law, **IT IS HEREBY ORDERED:**

A. **Global Dismissal.** All charges in all listed case numbers are **DISMISSED WITH PREJUDICE.** The City of Mesa and the State of Arizona are forever barred from refiling these or any related charges.

B. **Judgments of Acquittal on the Two Convictions.**
1. In Case No. [Conviction Case #1] (Count [describe]), the prior conviction is **VACATED**, and this Court hereby **ENTERS A JUDGMENT OF ACQUITTAL.**

2. In Case No. [Conviction Case #2] (Count [describe]), the prior conviction is **VACATED**, and this Court hereby **ENTERS A JUDGMENT OF ACQUITTAL.**

3. **Double-Jeopardy Bar.** Retrial on these counts is permanently and forever barred by the Double Jeopardy Clauses of the United States and Arizona Constitutions.

4. **Alternative Constitutional Disposition.** To the extent any conviction was entered by plea or otherwise outside a verdict posture, that conviction is hereby **VACATED AND SET ASIDE** and the associated count is **DISMISSED WITH PREJUDICE** based on the profound constitutional and statutory violations found herein.

C. **Warrants, Conditions, and Bonds.** All outstanding warrants for the arrest of Defendant Andrew Jacob Rulnick in connection with these matters are hereby **QUASHED**; all release conditions are **TERMINATED**; and any and all bonds posted are hereby **EXONERATED** and shall be returned forthwith.

D. **Record Purge and Correction.** The City of Mesa, the Clerk of this Court, and any and all other relevant state and county agencies shall, within thirty (30) days, **purge, seal, and correct** all records in all databases (including ACJIS/NCIC and any other local or national criminal or administrative databases) to permanently reflect the dismissals with prejudice and the judgments of acquittal. All records of arrest and prosecution related to these matters shall be fully expunged. The agencies shall withdraw any and all administrative holds or detainers arising from these matters.

E. **Return of Property.** The City of Mesa shall return to Defendant any and all personal property, devices, or records seized in connection with these matters that are not contraband

within ten (10) days of this Order, or shall certify in writing under penalty of perjury the lawful disposition and grounds for non-return.

F. **Ancillary Relief Procedure.** This Court shall retain limited jurisdiction for a period of ninety (90) days solely for the purpose of adjudicating any application by Defendant for taxable costs, fees, or other ancillary relief as permitted by law, including a **Writ of Restitution** up to the jurisdictional limit of this Court.

G. **Service.** The Clerk of this Court shall serve this Order on the Mesa City Attorney, the Mesa City Prosecutor's Office, the Mesa Police Department Legal Unit, Defendant, and any and all supervising administrators and agency heads necessary to effect its full and immediate compliance.

**RESERVATION OF RIGHTS**

Nothing in this Order shall be construed as a waiver of Defendant's right to pursue any and all civil claims for damages against the State of Arizona, Maricopa County, the City of Mesa, and any and all of their agents and employees, in any court of competent jurisdiction. In the absence of this Court signing and entering this Order of complete and utter vindication, Defendant fully reserves his right to appeal any and all adverse rulings and to persist in his fight for justice.

**IT IS SO ORDERED.**

DATED this ___ day of _____, 2025.

_____

The Honorable **J. Justin Allen**
Mesa Municipal Court Judge

Approved as to form:

_____

Andrew Jacob Rulnick, Defendant, pro se