U.S. District Court
## DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW JACOB-SANDMAN SAYERS RULNICK**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF ARIZONA, MARICOPA COUNTY, & CITY OF MESA**<br><br>**BREANNA RICE, NICOLE & JOHN SMEDLEY, SHERI SHEPARD & UDALL SHUMWAY**<br><br>**Defendants.** | CASE NO. 2:2024cv02611<br><br>Assigned to Honorable Humetewa<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER; VACATING DISMISSAL; CONFIRMING IFP; DIRECTING USMS SERVICE;**<br><br>**ADA ACCOMMODATIONS, PRELIMINARY RELIEF; AND SETTING INITIAL CASE MANAGEMENT** |

This matter came before the Court on Plaintiff's Motion to Reconsider and Vacate Erroneous Dismissal Based on Extraordinary Intervening Facts and to Prevent a Manifest Injustice. The Court, having reviewed the motion, the attached exhibits—including sworn affidavits, official state court records, and the transcript and authenticated recording of a conference with counsel for the State of Arizona—and the entire record of this case, **FINDS AND ORDERS** as follows:

### I. FINDINGS

1. **Reconsideration/Vacatur Standard.** Relief is warranted under **Fed. R. Civ. P. 59(e)** (manifest error; newly discovered evidence; manifest injustice) and **Fed. R. Civ. P. 60(b)** (court mistake/inadvertence (60(b)(1); newly discovered evidence (60(b)(2); and extraordinary circumstances (60(b)(6). See *Allstate Ins. Co. v. Herron*, 634 F.3d 1101,

1111 (9th Cir. 2011);

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993);
*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008);
*Lemoge v. United States*, 587 F.3d 1188, 1192–96 (9th Cir. 2009).

2. **Court-Created Catch-22.** The Court's prior refusal to adjudicate Plaintiff's timely IFP motion, followed by a later IFP denial citing the pending appeal of that very dismissal, created a procedural Catch-22 that impeded service and record-building and constitutes court mistake and extraordinary circumstances requiring vacatur and reopening. See **Fed. R. Civ. P. 60(b)(1), (6)**.

3. **Specific Findings Regarding Dismissal and Intervening Evidence.**
    a. The prior dismissal was predicated, in part, on the Court's failure to adjudicate Plaintiff's IFP.

    b. Extraordinary intervening facts and newly available evidence raise substantial questions regarding the merits and the fundamental fairness of the proceedings to date, including: (i) sworn medical testimony; (ii) firsthand corroboration of systemic access denial; and (iii) recorded admissions by Assistant Attorney General Michael Niederbaumer, including the use of a "special rule" to quarantine Plaintiff's emails, non-recording of complaints, an expressly non-ADA standard ("if it's broken for everybody, it's not a problem"), and refusal to engage on relief.

    c. Allowing the dismissal to stand in the face of this record, and the Court's admitted procedural error, would constitute a manifest injustice.

4. **ADA Title II Applies; Effective Communication Required.** State courts are subject to Title II. See *Tennessee v. Lane*, 541 U.S. 509, 527–34 (2004). Public entities must ensure communications with individuals with disabilities are as effective as with others. **28 C.F.R. § 35.160(a)(1)–(2)**. Entities must designate a Title II coordinator and adopt grievance procedures. **28 C.F.R. § 35.107(a)–(b)**. Failure to engage in the interactive process and provide effective aids can constitute deliberate indifference.

    *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139–41 (9th Cir. 2001).

5. **Federal Intervention & Preliminary Relief Authority.** To the extent any relief intersects with ongoing state proceedings, **42 U.S.C. § 1983** is an exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). **Younger** abstention does not apply where proceedings are brought in bad faith, for harassment, or under a flagrantly unconstitutional policy. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975).

Preliminary relief is governed by *Winter v. NRDC*, 555 U.S. 7, 20 (2008), and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Courts may set security at zero under **Fed. R. Civ. P. 65(c)** for indigent civil-rights litigants. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

6. **Service on Reopening for IFP Litigants.** Upon IFP status, the Court orders service by the U.S. Marshal. **Fed. R. Civ. P. 4(c)(3)**; **28 U.S.C. § 1915(d)**.

---

## II. ORDERS

1. **Motion Granted; Dismissal Vacated; Case Reopened.** Plaintiff's Motion to Reconsider is GRANTED. The prior Order and Judgment of dismissal are VACATED in their entirety. The Clerk is directed to REOPEN this case.

2. **In Forma Pauperis and USMS Service.** Plaintiff's motion to proceed in forma pauperis is GRANTED. Pursuant to **Fed. R. Civ. P. 4(c)(3)** and **28 U.S.C. § 1915(d)**, the United States Marshal shall serve the summons and complaint on all named Defendants upon Plaintiff's provision of service addresses and USMS forms.

3. **ADA Accommodations (Effective Communication).**

    a. **Email Service & Communication (Rule 5(b)(2)(E)).** As a reasonable accommodation, the Court authorizes and Plaintiff consents to service and communications by email at **Andrew@DESIGNA.xyz** as the primary method. Physical mailing shall be used only if required by federal rule or further order.

    b. **Digital Lodging of Exhibits/Media.** As a further accommodation, Plaintiff is authorized to submit voluminous or non-standard exhibits (including audio/video files) via secure cloud link (e.g., Google Drive) provided to the Clerk and opposing counsel, or by conventional lodging of digital media.

    c. **Clerk Notice for Missing/Corrupted Exhibits.** If any cited exhibit is missing or corrupted, the Clerk shall notify Plaintiff by email so he may promptly cure.

    d. **Remote/Hybrid Appearances.** On request, the Court will consider remote or hybrid appearances consistent with effective communication and case needs.

4. **Preservation/ESI.** The parties shall take reasonable steps to preserve ESI potentially relevant to this action. Remedies under **Fed. R. Civ. P. 37(e)** remain available for failure to preserve.

5. **Referral & Preliminary-Injunction Hearing.** This matter is REFERRED to a United States Magistrate Judge for an expedited evidentiary hearing on Plaintiff's request for a Preliminary Injunction and other equitable relief.

6. **Immediate, Narrow Interim Relief Pending Hearing.** Based on the preliminary record demonstrating ongoing, irreparable harm and systemic access denial, and under **Mitchum/Younger** exceptions and **Winter/Alliance**, the Court enters the following narrowly tailored temporary measures to prevent further harm and ensure meaningful access to this Court:

a. **Temporary Stay of Specified State Proceedings.** The City of Mesa, the Maricopa County Attorney's Office, and their agents are PRELIMINARILY ENJOINED from taking further action to prosecute or proceed in Mesa Municipal Court criminal matters identified as **Case Nos. 2022016986, 2022019573, 2022029793, 2022029794, 2022029795, 2022032832, 2022035051, 2022049681, 2022063607, 2022063610, and 2022067212**, or any related actions in City of Mesa Arizona, pending the evidentiary hearing and further order of this Court.

b. **Quash of Outstanding Warrants (Related Matters).** All outstanding warrants for the arrest of Plaintiff Andrew Jacob-Sandman Sayers Rulnick (also referenced as Andrew Jacob Rulnick in state materials) issued by the Mesa Municipal Court or the Maricopa County Superior Court in connection with the matters or at issue are **QUASHED pending the evidentiary hearing and further order.**

c. **Minimal, Restorative Parent-Child Contact.** To begin remedying irreparable harm from state-enabled parental alienation, the legal custodians of Plaintiff's minor children (A.R., J.R., H.R.), Nicole Smedley and Breanna Ritchey, **shall immediately facilitate, at minimum, daily telephonic and/or video contact between Plaintiff and each child, at a mutually reasonable time**. This provisional measure preserves the parent-child relationship pending the evidentiary hearing and further order.

d. **Order to Show Cause re Interim Equitable Restitution.** The State of Arizona, Maricopa County, and the City of Mesa shall SHOW CAUSE within 14 days why they should not be required, jointly and severally, to pay interim equitable restitution in the amount of **$650,000** to prevent further irreparable harm to access-to-courts and to ensure Plaintiff can meaningfully prosecute this action. This is not a final damages award; it is a preliminary mandatory injunction / equitable stipend subject to adjustment at or after the evidentiary hearing.

7. **Rule 65(c) Security.** In light of Plaintiff's indigence and the public interest in ADA and constitutional compliance, **security is set at $0** under **Fed. R. Civ. P. 65(c)**.

8. **Case Management.** The parties shall conduct a **Rule 26(f)** conference and file a joint case-management plan within 21 days of this Order. The Court will set an initial case-management conference thereafter.

**IT IS SO ORDERED.**

Dated: _____, 2025

---

**The Honorable Diane J. Humetewa**
United States District Judge

**Approved as to form:**

/s/ Andrew Jacob Rulnick
Andrew Jacob Rulnick, Plaintiff, Pro Se