Andrew Rulnick
Plaintiff, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255

U.S. District Court
DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW JACOB-SANDMAN SAYERS RULNICK**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF ARIZONA,<br>MARICOPA COUNTY,<br>& CITY OF MESA**<br><br>**BREANNA RITCHEY, NICOLE & JOHN SMEDLEY, SHERI SHEPARD & UDALL SHUMWAY**<br><br>**Defendants.** | CASE NO. 2:2024cv02611<br><br>Assigned to Honorable Humetewa<br><br>**Motion for Leave to File Sworn Evidence Quantifying the Ongoing Harm and the Necessary Interim Equitable Remedy (Access-Preserving Cure)** |

Plaintiff, pro se and in forma pauperis, moves for leave to file the accompanying Supplemental Declaration (28 U.S.C. § 1746), Interim Equitable Remedy Worksheet, and Preliminary 12-Year Damages Framework in further support of the pending Motion to Reconsider and Vacate Erroneous Dismissal and Plaintiff's request for immediate interim relief.

1 **Introduction — The bill for a harm once called "frivolous"**

2 The Court previously characterized this action as "frivolous." The attached sworn
3 accounting sets forth the first two years' conservative capacity-based loss—two million

three hundred forty thousand dollars ($2,340,000)—and a detailed interim equitable remedy (access & company-preserving cure) necessary to keep Plaintiff able to litigate at all. This is not a new claim; it is sworn arithmetic converting narrative injury into numbers the Court can act on now.

**Good cause to accept the sworn materials now**

1. The declaration, worksheet, and framework consolidate and clarify economic-harm and ADA access-cost facts already of record, presented in words and numerals for clarity.

2. They supply the evidentiary foundation for the requested interim equitable remedy (access-preserving cure) alongside reconsideration, informing the standards under Rule 59(e)/60(b) and the preliminary-injunction factors (likelihood, irreparable harm, equities, public interest).

3. Acceptance now prevents prejudice to meaningful access by stabilizing participation while the Rule 59(e)/60(b) motion is under submission.

4. In addition, the materials clarify that a **portion of the interim equitable remedy will reimburse documented family advances provided by Plaintiff's parents** that preserved housing, medical care, and litigation access—an element of the access-preserving cure sought here.

**No prejudice to Defendants**

Defendants have not appeared; service by U.S. Marshal is anticipated upon IFP confirmation under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). This filing adds no claims and does not alter requested relief; it simply quantifies the antidote required to survive to adjudication. Plaintiff will transmit courtesy copies by email consistent with his consent under Rule 5(b)(2)(E).

**Service readiness (USMS-285)**

Plaintiff is completing a USMS-285 form for each named Defendant and will transmit the packet to the U.S. Marshal immediately upon entry of an order granting IFP and directing service.

**In support of submitted motions "Legal Standard / Argument"**

- **Title II / Primary Consideration.** "Under **28 C.F.R. § 35.160(a)(1), (b)(2)**, public entities must ensure effective communication and give **primary consideration** to the individual's requested auxiliary aids. The email-only service and secure cloud lodging Plaintiff requests are textbook auxiliary aids. See also **Duvall**, 260 F.3d at 1136–39."

- **Abrogation/Waiver.** "Access to courts sits at the center of **Tennessee v. Lane**, 541 U.S. 509 (2004), which confirms Congress's valid abrogation of state immunity under Title II

in this context. Independently, **42 U.S.C. § 2000d-7** waives immunity for §504 claims where, as here, defendants accept federal funds."

- **Mandatory relief standard satisfied.** "This is a **mandatory** injunction preserving the status quo **ante** and preventing ongoing harm. The Ninth Circuit permits such relief where the **facts and law clearly favor** the movant. **Dahl**, 7 F.3d at 1403; **Chalk**, 840 F.2d at 709–10; **M.R. v. Dreyfus**, 697 F.3d at 725–26."

- **Irreparable harm.** "Ongoing denial of ADA accommodations and access-to-courts constitutes irreparable harm. **Elrod**, 427 U.S. at 373; **Lane**, 541 U.S. at 531–34."

- **Bond.** "The Court should **waive Rule 65(c) security** given Plaintiff's indigence and the strong public interest in ADA/constitutional compliance. See **Barahona-Gomez**, 167 F.3d at 1237; **Save Our Sonoran**, 408 F.3d at 1126."

- **Spoliation safeguards.** "Given years of **retention failures** and pending holds, Plaintiff specifically invokes **Fed. R. Civ. P. 37(e)** and the Court's inherent powers, **Chambers**, 501 U.S. at 44–46, and requests a standing directive to preserve, and adverse-inference eligibility upon any showing of intent-to-deprive."

**In reconsideration**

- "Reconsideration is warranted under **Rule 59(e)** (**Allstate v. Herron**) and **Rule 60(b)(1),(2),(3),(6)** (**ACandS**), given the Court's admitted IFP/Marshal-service error, the newly lodged state admissions, and the extraordinary intervening facts."

**In support of relief**

- "Consistent with **Monell**, the **City of Mesa** and **Maricopa County** face direct municipal liability on policy/custom theories; **Title II/§504** claims lie against the **State** via abrogation/waiver (**Lane; 42 U.S.C. § 2000d-7**)."

**Requested relief**

Plaintiff respectfully asks the Court to:

(1) grant leave to file the Supplemental Declaration, Interim Equitable Remedy Worksheet, and Preliminary 12-Year Damages Framework;

(2) deem them part of the record on the pending Motion to Reconsider and interim-relief request; and

(3) recognize them as the sworn evidentiary basis for an immediate interim equitable remedy (access-preserving cure) of one million three hundred thousand dollars ($1,300,000), to be disbursed directly to DESIGNA LLC forthwith.

DATED October 27, 2025

Respectfully submitted,

/s/ Andrew Jacob-Sandman Sayers Rulnick

Andrew Jacob-Sandman Sayers Rulnick
733 W. Market St., Apt. 1008, Akron, OH 44303
Email: Andrew@DESIGNA.xyz | Tel: 480.527.7255

**Attachments:**
1. **Supplemental Declaration of Andrew Jacob-Sandman Sayers Rulnick (28 U.S.C. § 1746)**
2. **Interim Equitable Remedy (Access & Company-Preserving Cure) Worksheet — Updated Amounts**
3. **Preliminary 12-Year Damages Framework (Conservative, Capacity-Based)**

**CERTIFICATE OF SERVICE**

I certify that on 10/27/25, I filed the foregoing via CM/ECF. Because Defendants have not yet appeared and service by the U.S. Marshal is anticipated upon IFP confirmation under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), a copy will be served by the U.S. Marshal after reopening. Courtesy copies were sent today to any known email addresses of government & named defendants.

/s/ Andrew Jacob-Sandman Sayers Rulnick