**Attachment 2 — Declaration of Economic Harm and Access Costs**
28 U.S.C. § 1746 Declaration (Updated Amounts)

I, **Andrew Jacob-Sandman Sayers Rulnick** (also referenced in certain state materials as **Andrew Jacob Rulnick**), declare:

1. I am the Plaintiff. I have personal knowledge of these facts and could testify competently to them.

2. I am a senior technologist/founder in high-performance computing and AI. Due to Defendants' conduct and systemic ADA failures, I have been unable to work consistently in a paid capacity since 2022. In prior years, health injuries and access barriers forced partial/contract leadership work and interrupted performance, depressing realized income well below capability.

3. My extremely conservative gut wrenchingly-low capacity-based cash value is one million one hundred seventy thousand dollars ($1,170,000) per year; over two years, two million three hundred forty thousand dollars ($2,340,000) in conservative capacity-based loss (excluding equity and IP value).

4. To participate effectively with HFASD/PTSD, I require ADA auxiliary aids and stabilization, including my neurocognitive prosthetic stack, clinical care, stable housing, and minimal enterprise/family support.

   As set out in Attachment 1, the monthly preservative cost is twenty-five thousand dollars ($25,000) (i.e., three hundred thousand dollars ($300,000) per year). Income that I would have easily earned if my life and work hadn't been torn apart.

5. **Immediate business reconstitution cure.** To restore DESIGNA LLC to operational status necessary for my prosthetic and litigation workloads, I require one million dollars ($1,000,000) as itemized in Attachment 1(A).

6. **Dr. Colin Myers** has provided PTSD treatment pro bono since 2022; the budget covers ongoing therapy/medications and reasonable hard-cost reimbursement.

**Family advances requiring prompt reimbursement.** My parents have paid a substantial portion of my living and medical costs over multiple years because my earning capacity was eradicated by health injuries and access barriers caused by Defendants. A portion of the interim equitable remedy will be used to **reimburse those documented advances now**, as they were necessary to preserve housing, treatment, and my ability to participate in litigation. This reimbursement is part of the **access-preserving cure** for harms directly attributable to

Defendants and begins to **repair the damage suffered by family supporters who functioned as de facto investors** in stabilizing me personally and DESIGNA.

I prepared Attachment 1 (Interim Equitable Remedy Worksheet) and Attachment 3 (Preliminary 12-Year Damages Framework). I incorporate them by reference and attest that they are true and correct to the best of my knowledge, information, and belief as of October 27, 2025.

**Interim equitable remedy (access & company preserving cure).** I request a temporary, access-preserving, company preserving, interim equitable remedy of one million three hundred thousand dollars ($1,300,000), to be **disbursed directly to DESIGNA LLC within seven (7) days** of the Court's order. I will provide wire/ACH instructions under seal within one (1) business day.

**This is not a final damages request…**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2025, at Akron, Ohio.

/s/ Andrew Jacob-Sandman Sayers Rulnick

Andrew Jacob-Sandman Sayers Rulnick
Email: Andrew@DESIGNA.xyz • Tel: 480-527-7255