U.S. District Court
DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW JACOB-SANDMAN SAYERS RULNICK**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF ARIZONA,**<br>**MARICOPA COUNTY,**<br>**& CITY OF MESA**<br><br>**BREANNA RITCHEY, NICOLE & JOHN SMEDLEY, SHERI SHEPARD & UDALL SHUMWAY**<br><br>**Defendants.** | CASE NO. 2:2024cv02611<br><br>Assigned to Honorable Humetewa<br><br>[Proposed] Order Granting Motion for Leave to File Sworn Evidence |

Upon review of Plaintiff's Motion for Leave and for good cause shown, IT IS ORDERED:

1. The Motion for Leave is GRANTED.

2. The Supplemental Declaration (28 U.S.C. § 1746), Interim Equitable Remedy Worksheet, and Preliminary 12-Year Damages Framework are accepted for filing and shall be considered part of the record supporting Plaintiff's pending Motion to Reconsider and Vacate Erroneous Dismissal and request for interim relief.

3. If requested by chambers, Plaintiff may lodge large media by secure link or on physical digital media.

4. Service readiness: The Court notes Plaintiff's representation that **USMS-285 forms are complete** for each Defendant and will be transmitted immediately upon any IFP grant and service directive under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Dated: _____, 2025

---

**The Honorable Diane J. Humetewa**
United States District Judge

**Approved as to form:**

/s/  Andrew Jacob-Sandman Sayers Rulnick

Andrew Jacob-Sandman Sayers Rulnick, Plaintiff, Pro Se

**Authorities Addendum**

**ADA / Access to Courts**

- **Tennessee v. Lane**, 541 U.S. 509 (2004) (Title II validly abrogates state immunity for access-to-courts claims; courts must accommodate).

- **Duvall v. County of Kitsap**, 260 F.3d 1124, 1136–39 (9th Cir. 2001) (Title II/§504; "deliberate indifference" standard; failure to engage in the interactive process).

- **Updike v. Multnomah County**, 870 F.3d 939, 950–53 (9th Cir. 2017) (damages available under Title II on deliberate indifference).

- **28 C.F.R. § 35.160(a)(1), (b)(2)** (public entities must ensure **effective communication** and give **primary consideration** to the individual's requested auxiliary aids—e.g., email-only service, cloud lodging).

- **28 C.F.R. § 35.107** (ADA coordinator and grievance procedures required for entities with ≥50 employees).

**Preliminary injunction (Ninth Circuit)**

- **Winter v. NRDC**, 555 U.S. 7 (2008) (four-factor test).

- **Alliance for the Wild Rockies v. Cottrell**, 632 F.3d 1127 (9th Cir. 2011) (serious-questions sliding scale).

- **Chalk v. U.S. Dist. Ct.**, 840 F.2d 701, 709–10 (9th Cir. 1988) (mandatory relief to restore access; ongoing professional exclusion is irreparable).

- **M.R. v. Dreyfus**, 697 F.3d 706, 725–26 (9th Cir. 2012) (mandatory injunction appropriate to prevent severe, ongoing harm in disability-benefits context).

- **Dahl v. HEM Pharms. Corp.**, 7 F.3d 1399, 1403 (9th Cir. 1993) (mandatory injunction permitted where "facts and law clearly favor" the movant).

- **Elrod v. Burns**, 427 U.S. 347, 373 (1976) (loss of constitutional rights is irreparable harm).

**Reconsideration & IFP/Service**

- **Allstate Ins. Co. v. Herron**, 634 F.3d 1101, 1111 (9th Cir. 2011) (Rule 59(e) purposes).

- **School Dist. No. 1J v. ACandS**, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (Rule 60(b) grounds).

- **28 U.S.C. § 1915(d)** & **Fed. R. Civ. P. 4(c)(3)** (U.S. Marshal service for IFP litigants).
- **Puett v. Blandford**, 912 F.2d 270, 275 (9th Cir. 1990) (IFP plaintiff is entitled to marshal service upon providing identifying info).

**Bond waiver**

- **Barahona-Gomez v. Reno**, 167 F.3d 1228, 1237 (9th Cir. 1999) (bond may be waived in public-interest cases/for indigent plaintiffs).
- **Save Our Sonoran, Inc. v. Flowers**, 408 F.3d 1113, 1126 (9th Cir. 2005) (nominal/no bond within court's discretion).

**Immunity / Defendants**

- **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658 (1978) (municipal liability on policy/custom).
- **42 U.S.C. § 2000d-7** (state waiver of Eleventh Amendment immunity for §504 Rehab Act claims by accepting federal funds).
- **Lane** (again) covers **Title II abrogation** for access-to-courts.

**Spoliation / Inherent power**

- **Fed. R. Civ. P. 37(e)** (ESI spoliation—curative/adverse inference on intent to deprive).
- **Chambers v. NASCO**, 501 U.S. 32, 44–46 (1991) (inherent power to address bad-faith litigation conduct).
- **Glover v. BIC Corp.**, 6 F.3d 1318, 1329 (9th Cir. 1993) (adverse inference for spoliation).

**Pro se construction**

- **Haines v. Kerner**, 404 U.S. 519 (1972); **Erickson v. Pardus**, 551 U.S. 89 (2007) (liberal construction of pro se pleadings).