Andrew Jacob Rulnick
Plaintiff, Pro Se
733 West Market St Apt #1008
Akron, Ohio 44303
480.527.7255

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Andrew Jacob-sandman Sayers Rulnick**<br><br>**Plaintiff,**<br><br>v.<br><br>**State of Arizona, Maricopa County, & City of Mesa**<br><br>**Breanna Ritchey, Nicole & John Smedley, Sheri Shepard & Udall Shumway**<br><br>**Defendants,** | Case No. 2:2024-cv-02611<br><br>Assigned to Honorable Humetewa<br><br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; REQUEST FOR PRO SE/LIBERAL CONSTRUCTION AND MODEST ACCESS ACCOMMODATIONS** |

Plaintiff **Andrew Jacob Rulnick**, pro se, moves under **Fed. R. Civ. P. 15(a)(2)** for leave to file a **Second Amended Complaint (SAC)**. "The court should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); see *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (policy of "extreme liberality"). Pro se pleadings are **liberally construed**. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**Good Cause and Context**

Earlier iterations were prepared amid documented access barriers: **parallel proceedings** in multiple courts; **denials/delays of effective-communication accommodations**; and episodic **e-filing/system errors**. Plaintiff is autistic and experiences PTSD-related executive-function impacts during litigation stressors. Out of necessity, he developed an **assistive drafting/organization system** (a "**neurocognitive prosthetic**") that reached stable, production-ready form on **September 25, 2025**. Using that auxiliary aid, Plaintiff can now present a clear, well-organized complaint that satisfies **Rule 8** and **Twombly/Iqbal**, as **liberally construed for a pro se litigant**. *Hebbe*, 627 F.3d at 342.

From **2022 through 2025**, Plaintiff simultaneously navigated matters in **Mesa Municipal Court**, **Maricopa County Superior Court**, the **U.S. District Court for the District of Arizona**, and the **U.S. Court of Appeals for the Ninth Circuit**, while also litigating in **Ohio** (Barberton Municipal Court, **Summit County Court of Common Pleas**, and the **Ninth District Court of Appeals**). These overlapping obligations would challenge even well-resourced counsel and directly bear on the time reasonably necessary to assemble a complete, accurate pleading.

**Foman Factors**

There is **no undue delay** or bad faith; Plaintiff moved promptly once his auxiliary aid stabilized and evidence was organized. Defendants suffer **no undue prejudice** at the pleading stage. This is not a repeated failure to cure; prior constraints were the very access issues at the heart of the case. Amendment is **not futile**; the SAC will plead specific facts tying actors, dates, policies, and harms to each claim (constitutional claims under **42 U.S.C. § 1983**; **ADA Title II**; **Section 504**; **42 U.S.C. §§ 1985/1986** where applicable; and related state-law claims), with **prospective injunctive relief** against appropriate officials under **Ex parte Young**.

**Access-Oriented Procedural Accommodations**

Consistent with the Court's inherent authority and **Rule 1**, Plaintiff requests modest, content-neutral measures to ensure filings are **as effective** for a pro se, disabled litigant as for represented parties: (i) permission to lodge oversized/exhibit-heavy materials by **secure electronic link** with **email confirmation of receipt**; and (ii) use of **text-based PDFs** where feasible; if image-only PDFs are unavoidable, **OCR** should be applied so documents are text-searchable. See **28 C.F.R. § 35.160** (effective communication).

**Local Practice re Proposed Pleading & Timing**

To the extent any local rule would ordinarily require attaching a proposed amended pleading, Plaintiff respectfully requests an accommodation to **file the SAC within forty-five (45) days** of an order granting leave (or such other date the Court sets). The **volume of evidence**, **number of defendants**, and the **complexity of pleading** a decade of constitutional and statutory violations—under the access constraints described—constitute **good cause** under **Rule 6(b)(1)(B)** and a **reasonable accommodation** to ensure the SAC is clear and complete.

LRCiv 15.1. Plaintiff acknowledges that LRCiv 15.1(a) ordinarily requires attaching a proposed amended pleading indicating changes. In light of Plaintiff's disabilities, the volume of defendants and exhibits, and parallel proceedings, Plaintiff respectfully requests a **temporary waiver** and leave to file the SAC within forty-five (45) days as a reasonable accommodation. Alternatively, if the Court prefers strict compliance with

LRCiv 15.1(a), Plaintiff will promptly lodge a short-form proposed SAC and a redline against the current pleading.

**Relief Requested**

Plaintiff asks the Court to: (1) **grant leave** to file a Second Amended Complaint; (2) authorize Plaintiff to **file the SAC within forty-five (45) days** of the Order (in lieu of attaching the full proposed pleading now); and (3) adopt the **access accommodations** described above.

Respectfully submitted,

Dated November 7th, 2025

/s/ Andrew Rulnick

Andrew Rulnick
733 West Market Street
Akron, Ohio 44303
Andrew@DESIGNA.xyz
480.527.7255

**CERTIFICATE OF SERVICE**

I certify that on November 7th, 2025, I submitted the foregoing filing [**the motion for leave to amend & all exhibits/attachments, including the Declaration of Andrew Jacob Rulnick**] to the Court. For parties registered on CM/ECF, service will occur through the Court's electronic system upon docketing. For any party not registered on CM/ECF, I transmitted **courtesy copies by email** where addresses are known.

I **do not represent** that formal service has been completed by this filing alone. To the extent **formal service** of this motion or related papers is required under **Fed. R. Civ. P. 5**, I respectfully **request Clerk assistance**—both in light of my **in forma pauperis** status (requested/anticipated) and as an **accessibility accommodation** given the volume of materials—to effect service on any non-ECF parties **at the Court's discretion** either:

- **by certified mail** sent by the Clerk, or
- **through the U.S. Marshals Service**, pursuant to **Fed. R. Civ. P. 4(c)(3)** and **28 U.S.C. § 1915(d)** (upon grant of IFP).

These measures will ensure filings are as effective as those of represented parties and avoid prejudice arising from the paperwork burden.

Dated November 7th, 2025

*/s/ A Rulnick*

Plaintiff, Pro se
733 W Market Street Unit 1008
Akron Ohio, 44303
Andrew@DESIGNA.xyz
480.527.7255